# EXHIBIT A

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE TRANSDATA, INC. SMART METER PATENT LITIGATION** | **MDL Docket No. _____** |

**MOTION TO TRANSFER FOR COORDINATED
PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

For the reasons set forth in the accompanying Brief in Support, pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Plaintiff TransData, Inc. respectfully moves the Panel for an order (a) transferring to the Eastern District of Texas four civil actions *TransData, Inc. v. Alabama Power Co.*, No. 2:11-cv-00635 (M.D. Ala.); *TransData, Inc. v. Georgia Power Co.*, No. 5:11-cv-00305 (M.D. Ga.); *TransData, Inc. v. Mississippi Power Co.*, No. 3:11-cv-00499 (S.D. Miss.); and *TransData, Inc. v. Oklahoma Gas & Electric Co.*, No. 5:11-cv-01032 (W.D. Okla.) and (b) consolidating those actions for coordinated pretrial proceedings with the three related actions, *TransData, Inc. v. CenterPoint Energy Houston Electric, LLC, et al.*, No. 6:10-cv-00557 (E.D. Tex.); *TransData, Inc. v. Tri-County Electric Cooperative, Inc.*, No. 6:11-cv-00046 (E.D. Tex.);

and *TransData, Inc. v. Denton County Electric Cooperative, Inc., d/b/a CoServ Electric*, No. 6:11-cv-00113 (E.D. Tex.), which are already pending in the Eastern District of Texas.

Dated: October 5, 2011

Respectfully Submitted,

/s/ Paul R. Steadman

Paul R. Steadman
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
312.862.2000 (Telephone)
312.862.2200 (Fax)
psteadman@kirkland.com

*Attorney for TransData, Inc.*

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE TRANSDATA, INC. SMART METER PATENT LITIGATION** | **MDL Docket No. _____** |

**BRIEF IN SUPPORT OF MOTION TO TRANSFER FOR COORDINATED
PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

## **TABLE OF CONTENTS**

I.     INTRODUCTION .........................................................................................................1

II.    BACKGROUND ..........................................................................................................2

    A.    The Parties, Patents, And Allegations....................................................2

    B.    The First Texas Action.............................................................................4

    C.    The Second And Third Texas Actions.....................................................5

    D.    The Alabama, Georgia, Mississippi, And Oklahoma Actions................6

III.    SUMMARY OF THE ARGUMENT ...........................................................................7

IV.    ARGUMENT ...............................................................................................................8

    A.    The Applicable Standard..........................................................................8

    B.    TransData's Seven Actions Involve Multiple Common Questions Of Fact And Law.............................................................................................9

    C.    Consolidation Will Promote A Just And Efficient Resolution Of TransData's Actions And Will Serve The Convenience Of The Parties And Witnesses. .......................................................................................12

    D.    Coordinated Pretrial Proceedings Should Proceed In The United States District Court For The Eastern District Of Texas.................................14

        1.    The Eastern District Of Texas Is Near Key Documents And Witnesses. ..................................................................................15

        2.    The Eastern District Of Texas Is Conveniently Located. ..........16

        3.    The Eastern District Of Texas Has The First-Filed And Most Advanced Actions. ....................................................................17

        4.    The Eastern District Of Texas Has A Judge With Substantial Patent and Complex Litigation Experience. ...............................18

V.    CONCLUSION..........................................................................................................20

## **TABLE OF AUTHORITIES**

**Cases**

*EON Corp. IP Holdings, LLC v. Landis+Gyr Inc. et al.*,
No. 6:11-cv-00317 (E.D. Tex.) ........................................................................ 20

*EON Corp. IP Holdings, LLC v. Sensus Metering Sys., Inc.*,
No. 6:09-cv-00116 (E.D. Tex.) ........................................................................ 19

*Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank.*,
527 U.S. 627 (1999) ......................................................................................... 12

*ICH Intellectual Capital Holdings, Inc. v. Badger Meter, Inc. et al.*,
No. 6:11-cv-00468 (E.D. Tex.) ........................................................................ 19

*In re Bill Of Lading Transmission and Processing System Patent Litig.*,
626 F. Supp. 2d 1341 (J.P.M.L. 2009) ............................................................. 19

*In re ClassicStar Mare Lease Litig.*,
528 F.Supp. 2d 1345 (J.P.M.L. 2007) .............................................................. 11

*In re Columbia University Patent Litig.*,
313 F. Supp. 2d 1383 (J.P.M.L. 2004) ............................................................. 16

*In re Cruciferous Sprout Patent Litig.*,
MDL No. 1388, 2001 WL 34834424 (J.P.M.L. Feb. 7, 2001) ........................ 16

*In re Desloratadine Patent Litig.*,
502 F. Supp. 2d 1354 (J.P.M.L. 2007) ....................................................... 12, 14

*In re Electronic Data Systems Corp. Securities & "ERISA" Litig.*,
254 F. Supp. 2d 1375 (J.P.M.L. 2003) ............................................................. 18

*In re Gabapentin Patent Litig.*,
MDL No. 1384, 2001 WL 34834423 (J.P.M.L. Feb. 5, 2001) ........................ 18

*In re Inter-Op Hip Prosthesis Prods. Liab. Litig.*,
149 F. Supp. 2d 931 (J.P.M.L. 2001) ............................................................... 14

*In re Katz Interactive Call Proc. Patent Litig.*,
481 F. Supp. 2d 1353 (J.P.M.L. 2007) ............................................................... 9

*In re M3Power Razor Sys. Mktg. & Sales Practices Litig.*,
398 F. Supp. 2d 1363 (J.P.M.L. 2005) ............................................................. 14

*In re Method of Processing Ethanol Byproducts and Related Subsystems*,
730 F. Supp. 2d 1379 (J.P.M.L. 2010) ............................................................. 11

*In re Mirtazapine Patent Litig.*,
    199 F. Supp. 2d 1380 (J.P.M.L. 2002).................................................... 14, 16, 18

*In re Omeprazole Patent Litig.*,
    MDL No. 1291, 1999 U.S. Dist. LEXIS 12589 (J.P.M.L. Aug. 12, 1999) ..................... 10

*In re Papst Licensing Digital Camera Patent Litig.*,
    528 F. Supp. 2d 1357 (J.P.M.L. 2007).................................................... 14, 16

*In re Phoenix Licensing, L.L.C., Patent Litig.*,
    536 F. Supp. 2d 1373 (J.P.M.L. 2008).................................................... 9, 16

*In re Rivastigmine Patent Litig.*,
    360 F. Supp. 2d 1361 (J.P.M.L. 2005).................................................... 13

*In re Silica Products Liab. Litig.*,
    280 F. Supp. 2d 1381 (J.P.M.L. 2003).................................................... 11

*In re VTRAN Media Techs., LLC, Patent Litig.*,
    559 F. Supp. 2d 1409 (J.P.M.L. 2008).................................................... 10

*Innovative Global Sys. LLC v. Tpk. Global Techs. L.L.C.*,
    No. 6:09-cv-157, 2009 WL 3754886 (E.D. Tex. Oct. 20, 2009)........................ 4

*IP Co. v. Ingersoll-Rand Co. et. al*,
    No. 6:11-cv-00439 (E.D. Tex.)............................................................ 20

*Markman v. Westview Instrs., Inc.*,
    517 U.S. 370 (1996)..................................................................... 13

*PacID Group, LLC v. Cisco Systems, Inc., et al.*,
    No. 6:10-cv-00324 (E.D. Tex. Mar. 16, 2011) ........................................... 18

*Parallel Networks LLC v. Aeo, Inc., et al.*,
    No. 6:10-cv-00111 (E.D. Tex. Mar. 15, 2011) ........................................... 18

*SIPCO, LLC v. Datamatic, Ltd. et al.*,
    No. 6:09-cv-00532 (E.D. Tex.)........................................................... 19

*SIPCO, LLC v. Energate, Inc. et al.*,
    No. 6:10-cv-00533 (E.D. Tex.)........................................................... 19

## Statutes

28 U.S.C. § 1407.............................................................................. 9

## I.    INTRODUCTION

Plaintiff TransData, Inc. ("TransData") is suing ten defendants for infringing three related United States patents in seven cases now pending in five courts.  TransData respectfully asks the Judicial Panel on Multidistrict Litigation for an order (a) transferring the four civil actions pending in Alabama, Georgia, Mississippi, and Oklahoma to the Eastern District of Texas and (b) consolidating those actions for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407 with three earlier-filed actions, which are already pending in the Eastern District of Texas.[1]

Transfer and consolidation in this manner are warranted because the seven actions involve entirely common questions of fact and law.  Issues related to claim construction, validity, and enforceability of TransData's three asserted patents[2] are identical in all seven actions, and the issues of infringement will be nearly identical.  Consolidation will promote the convenience of the parties and witnesses and the just and efficient conduct of the actions.  Consolidation will also avoid inconsistent rulings and duplicative *Markman* claim construction hearings, discovery requests, depositions, and other pretrial proceedings.

The Eastern District of Texas is the most appropriate jurisdiction for the proposed MDL. Seven of the eleven parties, key third parties, and many important documents and witnesses are located in and around that District; three of the seven actions are already pending there, including the most advanced cases; and the presiding judge has experience with MDL proceedings as well as complex patent litigation (including large, multi-party patent cases and cases involving technologies similar to that at issue here).

---

[1] The names of all parties to the pending actions and the assigned judges are set out in the Schedule of Actions attached to TransData's motion.

[2] United States Patent Nos. 6,181,294; 6,462,713; and 6,903,699.

## II. BACKGROUND

This multidistrict litigation concerns a patent dispute between TransData, a family-owned company and manufacturer of electric meters based in Texas, and ten electric utilities that serve markets in five different states. TransData is suing a majority of the defendants in the Eastern District of Texas because they are companies based in Texas and are operating in that District. The first-filed and most advanced actions are also pending there.

### A. The Parties, Patents, And Allegations.

TransData is a family-owned, Texas-based company that has designed, manufactured and sold metering products for over 40 years. Founded in Ohio in 1969, TransData relocated to Tyler, Texas in 1987, and moved to its current location in suburban Dallas in 1990. Since its founding, TransData has provided electric meters and related products and services to over 2,000 customers in 25 countries, including all of the 50 largest electric utility companies in the United States. TransData also has a significant presence in eastern Texas; for example, it supplied Oncor Electric Delivery Company LLC ("Oncor") with the utility-grade electric meters used in the new Cowboys Stadium in Arlington and a significant quantity of wireless "smart meters" used by Oncor at large customers including Walmart, Sam's Club, Costco, and the City of Plano.

TransData is the assignee of United States Patent Nos. 6,181,294; 6,462,713; and 6,903,699 (collectively, "the TransData Patents"). Under the brand name MARK-V, TransData sells "smart meters" covered by the TransData Patents throughout the United States. Electric utilities use the smart meters to measure their customers' energy consumption and to collect those measurements over a wireless communication network.

Defendants Oncor, CenterPoint Energy Houston Electricity, LLC, ("CenterPoint"), Denton County Electric Cooperative, Inc. ("Coserv"), Denton Municipal Electric ("DME"), Texas-New Mexico Power Company ("TNMP"), and Tri-County Electric Cooperative, Inc.

2

("Tri-County") are electric utilities operating in the Eastern District of Texas. Coserv, Denton, Oncor, TNMP, and Tri-County are based in the larger Dallas metropolitan area, while CenterPoint is based in Houston. Similarly, defendants Alabama Power Company, Georgia Power Company, Mississippi Power Company, and Oklahoma Gas & Electric Company are electric utilities operating in Alabama, Georgia, Mississippi, and Oklahoma, respectively.

These defendants, which include some of the largest utilities in the country, have praised smart-meter technology's efficacy and cost savings.[3] Each defendant uses smart meters such as the General Electric kV2c electric meter, the General Electric I-210 electric meter, the Landis+Gyr Focus AX, the Sensus iCon electric meter, or the Itron OpenWay electric meter. *See, e.g.*, Complaint ¶¶ 21, 26, 30, 35, *TransData, Inc. v. CenterPoint et al.*, No. 6:10-cv-00557 (E.D. Tex. Oct. 21, 2010) (Doc. No. 1); Complaint ¶ 14, *TransData, Inc. v. Mississippi Power Co.*, No. 3:11-cv-00499 (S.D. Miss. Aug. 8, 2011) (Doc. No. 1).

TransData asserts that each of these smart meters infringes the TransData Patents; the defendants deny infringement and assert that the TransData Patents are invalid. *See, e.g., id.*; Centerpoint's Answer, Affirmative Defenses, and Counterclaims at Answer ¶ 21, Affirmative Defense ¶¶ 2-3, *TransData, Inc. v. CenterPoint et al.*, No. 6:10-cv-00557 (E.D. Tex. Jan. 7, 2011) (Doc. No. 36), Mem. Sup. Mot. to Stay at 4, 14, *TransData, Inc. v. Alabama Power Co.*, No. 2:11-cv-00635 (M.D. Ala. Sept. 30, 2011) (Doc. No. 22).[4] An unidentified third party—believed to be a supplier to one or more of the defendants in the actions pending in

---

[3] *See, e.g.,* Smart Texas, http://www.oncor.com/tech_reliable/smarttexas/ (last visited Oct. 5, 2011).

[4] *See also* Answer ¶¶ 49-52, *TransData, Inc. v. Tri-County Electric Cooperative, Inc.*, No. 6:11-cv-00046 (E.D. Tex. Apr. 25, 2011) (Doc. No. 30); Answer ¶¶ 15, 27, 39, *TransData, Inc. v. Denton County Electric Cooperative, Inc.*, No. 6:11-cv-113 (E.D. Tex. May. 20, 2011) (Doc. No. 15); Mem. Sup. Mot. to Stay at 4, 14, *TransData, Inc. v. Mississippi Power Co.*, No. 3:11-cv-00499 (S.D. Miss. Oct. 3, 2011) (Doc. No. 11); Mem. Sup. Mot. to Stay at 4, 14, *TransData, Inc. v. Georgia Power Co.*, No. 5:11-cv-00305 (M.D. Ga. Sept. 30, 2011) (Doc. No. 12).

Texas—filed reexamination requests regarding the three asserted TransData Patents, which is a common response to patent infringement allegations. Reexamination proceedings are now pending before the United States Patent & Trademark Office ("USPTO").[5]

### B. The First Texas Action.

Fifth Circuit law on the joinder of parties generally allows patent holders to sue infringers in a single action. *See*, *e.g.*, *Innovative Global Sys. LLC v. Tpk. Global Techs. L.L.C.*, No. 6:09-cv-157, 2009 WL 3754886, at *1-2 (E.D. Tex. Oct. 20, 2009). TransData joined four Texas utilities to its first-filed case in the only district where venue was proper for all four defendants: the Eastern District of Texas.[6] TransData filed its complaint in the Tyler Division on October 21, 2010, and the case is currently pending before Judge Davis (the "First Texas Action"). *See* Complaint, *TransData, Inc. v. CenterPoint et al.*, No. 6:10-cv-557 (E.D. Tex. Oct. 21, 2010) (Doc. No. 1) (hereafter, "Complaint in First Texas Action").

Discovery is underway in the First Texas Action. The Court held a scheduling conference on February 7, 2011. To date, the parties have made their initial disclosures, TransData has served its infringement contentions, defendants have served their invalidity contentions, and the parties exchanged written discovery requests and responses. *See* Docket Control Order, *TransData, Inc. v. CenterPoint et al.*, No. 6:10-cv-00557 (E.D. Tex. Mar. 8, 2011) (Doc. No. 54). The claim construction process has already begun, as the parties have exchanged terms for construction and proposed claim constructions. On August 18, the Court entered an order to govern an expedited procedure for potentially-dispositive claim construction and summary

---

[5] A reexamination proceeding is a procedure in which the USPTO evaluates the validity of patent claims after they have issued.

[6] Oncor, TNMP, and CenterPoint all deployed infringing smart meters in areas contained within several judicial districts. However, the Eastern District of Texas was the only district common to all four defendants, including DME, which deployed meters exclusively in that district.

judgment motions, if defendants could identify any that qualified as such.  *See* Order, *TransData, Inc. v. CenterPoint et al.*, No. 6:10-cv-557 (E.D. Tex. Aug. 18, 2011) (Doc. No. 76).  The four defendants in the First Texas Action opted to file a letter-brief responding to the Order, TransData responded, the defendants filed their reply, and the Court set a telephonic hearing for October 6, 2011.  *See* Docket at Nos. 82, 89, 90, 91 *TransData, Inc. v. CenterPoint et al.*, No. 6:10-cv-00557 (E.D. Tex.).  Notably, the defendants' letter-brief focuses exclusively on the issue of validity, and not infringement, of the asserted patents.  The Court has scheduled a claim construction hearing for February 2012, and set trial for November 2012.  *See* Order, *TransData, Inc. v. CenterPoint et al.*, No. 6:10-cv-00557 (E.D. Tex. Aug. 18, 2011) (Doc. No. 76).

### C.     The Second And Third Texas Actions.

TransData sued two more Texas utilities for infringement of the TransData Patents on January 27, 2011, and March 14, 2011 (the "Second Texas Action" and "Third Texas Action," respectively).  *See* Complaint, *TransData, Inc. v. Tri-County Electric Cooperative, Inc.*, No. 6:11-cv-00046 (E.D. Tex. Jan. 27, 2011) (Doc. No. 1) (hereafter, "Complaint in Second Texas Action"); Complaint ¶ 8, *TransData, Inc. v. Denton County Electric Cooperative, Inc., d/b/a CoServ Electric*, No. 6:11-cv-00113 (E.D. Tex. Mar. 14, 2011) (Doc. No. 1) (hereafter, "Complaint in Third Texas Action").

Like the First Texas Action, both cases were filed in the Tyler Division of the Eastern District of Texas and are pending before Judge Davis.  The Court held scheduling conferences in both cases—on June 9, 2011, for the Second Texas Action and on August 9, 2011, for the Third Texas Action—and the Court assigned both cases to the same schedule as the First Texas Action.  *See* Docket Control Order, *TransData, Inc. v. Tri-County Electric Cooperative, Inc.*, No. 6:11-cv-00046 (E.D. Tex. July 18, 2011) (Doc. No. 54); *See* Docket Control Order, *TransData, Inc. v. Denton County Electric Cooperative, Inc., d/b/a CoServ Electric*, No. 6:11-cv-113 (E.D. Tex.

Aug. 25, 2011) (Doc. No. 35). In the Second Texas Action, the Court denied defendant's motion to transfer the case from the Tyler Division to the Sherman Division, and as such that case will remain in Tyler where it was filed by TransData. *See* Mem. Opinion and Order, *TransData, Inc. v. Tri-County Electric Cooperative, Inc.*, No. 6:11-cv-00046 (E.D. Tex. Aug. 18, 2011) (Doc. No. 72). In both the Second and Third Texas Actions, TransData has served its infringement contentions, defendants have served their invalidity contentions, and the parties have exchanged initial disclosures and written discovery requests. Because both cases are on the same schedule as the First Texas Action, the claim construction process in the Second and Third Texas Actions has likewise begun (in concert with the exchanges in the First Texas Action). As with the First Texas Action, the Court entered orders governing an expedited procedure for potentially-dispositive claim construction and summary judgment motions. *See* Order, *TransData, Inc. v. Tri-County Electric Cooperative, Inc.*, No. 6:11-cv-00046 (E.D. Tex. Aug. 18, 2011) (Doc. No. 72); *See* Order, *TransData, Inc. v. Denton County Electric Cooperative, Inc., d/b/a CoServ Electric*, No. 6:11-cv-00113 (E.D. Tex. Aug. 18, 2011) (Doc. No. 26). However, the defendants in the Second and Third Texas Actions did not file a letter-brief. The claim construction hearing and trial dates for the Second and Third Texas Actions are the same as in the First Texas Action.

### D. The Alabama, Georgia, Mississippi, And Oklahoma Actions.

TransData recently expanded this litigation in response to ongoing infringement outside of Texas by filing suit against one defendant in each of the Middle District of Alabama (the "Alabama Action"), Middle District of Georgia (the "Georgia Action"), Southern District of Mississippi (the "Mississippi Action"), and Western District of Oklahoma (the "Oklahoma Action"). The complaints were filed on August 8, 2011, in the Alabama, Mississippi, and Georgia Actions, and on September 16, 2011, in the Oklahoma Action. *See* Complaint, *TransData, Inc. v. Alabama Power Co.*, No. 2:11-cv-00635 (M.D. Ala. Aug. 8, 2011) (Doc. No.

2) (hereafter, "Complaint in Alabama Action"); Complaint, *TransData, Inc. v. Georgia Power Co.*, No. 5:11-cv-00305 (M.D. Ga. Aug. 8, 2011) (Doc. No. 1) (hereafter, "Complaint in Georgia Action"); Complaint, *TransData, Inc. v. Mississippi Power Co.*, No. 3:11-cv-00499 (S.D. Miss. Aug. 8, 2011) (Doc. No. 1) (hereafter, "Complaint in Mississippi Action"); Complaint, *TransData, Inc. v. Oklahoma Gas & Electric Co.*, No. 5:11-cv-01032 (W.D. Okla. Sept. 16, 2011) (Doc. No. 1) (hereafter, "Complaint in Oklahoma Action").

Shortly before filing this motion with the Panel, TransData informed counsel for the defendants in the Alabama, Georgia, and Mississippi Actions that TransData intended to ask this panel to consolidate the actions with the already-pending Texas Actions. In an apparent attempt to frustrate TransData's MDL proposal, the defendants in the Alabama, Georgia, and Mississippi Actions filed identical motions seeking to stay or dismiss their respective litigations on September 30 and October 3, 2011. Mem. Sup. Mot. to Stay at 4, 14, *TransData, Inc. v. Alabama Power Co.*, No. 2:11-cv-00635 (M.D. Ala. Sept. 30, 2011) (Doc. No. 22) (hereafter, "Motion to Stay Alabama Action"); Mem. Sup. Mot. to Stay at 4, 14, *TransData, Inc. v. Mississippi Power Co.*, No. 3:11-cv-00499 (S.D. Miss. Oct. 3, 2011) (Doc. No. 11) (hereafter, "Motion to Stay Mississippi Action"); Mem. Sup. Mot. to Stay at 4, 14, *TransData, Inc. v. Georgia Power Co.*, No. 5:11-cv-00305 (M.D. Ga. Sept. 30, 2011) (Doc. No. 12) (hereafter, "Motion to Stay Georgia Action"). As discussed below, the basis for the requests to stay—the pendency of the reexamination proceedings before the Patent Office—favors consolidation. The basis for the request for dismissal—failure to state a claim—is a delay tactic without merit.

## III.    SUMMARY OF THE ARGUMENT

The seven pending actions involve issues that are more than just common—they are essentially identical. The same three TransData Patents form the basis for, and are at the core of,

all seven cases. Moreover, all defendants (1) are using similar—and in some cases, the same—accused smart meters and (2) contend that the TransData Patents are not infringed and invalid over prior art. Thus, the claims, defenses, and counterclaims in all four actions will involve consideration of the exact same patents as well as similar technologies, products, documents, testimony, and legal theories. Claim construction, which is a matter of law, will be common to the asserted patents in all cases. Accordingly, centralization is necessary to eliminate duplicative proceedings and discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel, and the judiciary.

The Eastern District of Texas is the focal point of this litigation, and thus it is the most appropriate transferee district. The plaintiff and a majority of defendants are headquartered in or around the district, operate in the district, and have key documents and witnesses in the district or its vicinity. Moreover, the actions pending in that district were the first-filed, are the most advanced, and are pending before a judge with substantial time invested in the matter and extensive complex litigation, MDL, and patent litigation experience. Transfer to the Eastern District of Texas will maximize the convenience of the parties and witnesses, and it will ensure that the litigation proceeds efficiently.

## IV.    ARGUMENT

### A.    The Applicable Standard.

Section 1407(a) of Title 28 of the United States Code provides:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

8

28 U.S.C. § 1407. Patent cases are particularly appropriate for transfer and consolidation, as noted by Congress. *See* H.R. No. 90-1130, 1st Sess. (1968).

Section 1407 requires consideration of whether (1) the actions sought to be consolidated involve common questions of fact and (2) whether transfer and consolidation will promote a just and efficient resolution of the parties' dispute and will best serve the convenience of the parties and witnesses. *See* 28 U.S.C. § 1407*; In re Phoenix Licensing, L.L.C., Patent Litig.*, 536 F. Supp. 2d 1373, 1374 (J.P.M.L. 2008). Because TransData's seven actions meet both criteria, transfer and consolidation are warranted.

### B. TransData's Seven Actions Involve Multiple Common Questions Of Fact And Law.

TransData's seven pending actions satisfy the first requirement of Section 1407(a) because they have in common nearly all questions of fact and law. Although Section 1407(a) is phrased in terms of common questions of fact, the Panel also considers common questions of law when applying this standard. *See In re Katz Interactive Call Proc. Patent Litig.*, 481 F. Supp. 2d 1353, 1355 (J.P.M.L. 2007). Section 1407 transfer does not require "a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer." *Id*. However, in this case, the common issues will predominate because all seven actions involve claim construction of terms of the same three patents, defendants using similar or identical infringing products, and defendants asserting identical or equivalent defenses using the same prior art references.

*First*, the same claim construction process will occur in all pending actions. TransData has asserted multiple claims of the TransData Patents against all ten defendants, and the terms of those patents will require judicial construction. To determine their scope and meaning, the Court must consider the same evidence in each of the seven actions. This evidence includes the disclosures in the patents' specifications, assertions by the inventors during the patents'

9

prosecution before the U.S. Patent and Trademark Office, the level of ordinary skill in the art, and the state of the art in the field at the time of the alleged inventions. *See, e.g., In re VTRAN Media Techs., LLC, Patent Litig.*, 559 F. Supp. 2d 1409, 1410 (J.P.M.L. 2008).

**Second**, the seven actions concern similar accused products. For example:

- Sensus iCon electric meters integrated with the Sensus FlexNet AMI Communications system are used by the defendants in the Alabama Action, the Georgia Action, and the Mississippi Action. *See* Complaint in Alabama Action at ¶ 8; Complaint in Georgia Action at ¶ 8; Complaint in Mississippi Action at ¶ 8.

- The General Electric kV2c family of electric meters is used by at least one defendant in the First Texas Action and the defendant in the Second Texas Action. *See* Complaint in First Texas Action at ¶ 15; Complaint in Second Texas Action at ¶ 8.

- The Landis+Gyr Focus AX electric meter is used by at least one defendant in the First Texas Action and the defendant in the Third Texas Action. *See* Complaint in First Texas Action at ¶ 16; Complaint in Third Texas Action at ¶ 8.

- The GE I-210 family of electric meters is used by at least one defendant in the First Texas Action and the defendant in the Oklahoma Action. *See* Complaint in First Texas Action at ¶ 17; Complaint in Oklahoma Action at ¶ 8.

Moreover, all of the accused smart meters are highly similar to each other and use essentially the same technology: an electric meter with digital circuitry that measures voltage or current, where the meter is enabled to communicate wirelessly via a communications circuit and an antenna located within a dielectric housing. *See* Ex. 1 at passim, (representative example of TransData's infringement contentions in the First Texas Action). Although the infringement accusations may vary slightly between individual defendants based upon inconsequential differences between the accused smart meters, these differences will be minor compared to the similarities, *see id.*, and are no basis for denying consolidation and transfer. *In re Omeprazole Patent Litig.*, MDL No. 1291, 1999 U.S. Dist. LEXIS 12589, *2 (J.P.M.L. Aug. 12, 1999) ("Several opposing defendants argue that centralization is not warranted in light of the fact that issues of patent infringement are unique in each action, because each defendant's allegedly infringing formulation is different. We disagree.")

10

**Third**, all defendants assert that the TransData Patents are invalid, based upon essentially the same facts. *See supra* Part II.A. The defendants across the seven actions will rely on the same pool of references to support their invalidity positions, as evidenced by the invalidity contentions that have already been served in the Texas Actions. *See* Ex. 2 (excerpt from Joint Invalidity Contentions in the First Texas Action); Ex. 3 (excerpt from TriCounty's Invalidity Contentions in the Second Texas Action); Ex. 4 (excerpt from CoServ's Invalidity Contentions in the Third Texas Action). All of the actions will require a consideration of the scope of these prior art references and their relevance to the TransData Patents. Again, these factors warrant transfer and consolidation. *See, e.g., In re Method of Processing Ethanol Byproducts and Related Subsystems*, 730 F. Supp. 2d 1379, 1380 (J.P.M.L. 2010) (consolidating cases where "[t]he validity and enforceability of the patent will likely be at issue in all eleven actions.").

The recent motions filed by the defendants in the Alabama, Georgia, and Mississippi Actions do not dictate a different result, and in fact they weigh in favor of consolidation. *See In re ClassicStar Mare Lease Litig.*, 528 F.Supp. 2d 1345, 1347 (J.P.M.L. 2007) (a pending motion to dismiss is not grounds to delay transfer because "the transferee court can also deal with [the defendant's] motion to dismiss, or any other motions"); *see also In re Silica Products Liab. Litig.*, 280 F. Supp. 2d 1381, 1383 (J.P.M.L. 2003). Those defendants rely on the reexamination proceedings as the basis for their request for a stay. By doing so, and by virtue of statements in their motions, the defendants are making an explicit invalidity argument that rests on the same facts and prior art references relied on by the defendants in the Texas Actions. For example, defendants' motions assert that the prior art cited in the reexamination requests "pose[s] significant (and likely insurmountable) validity issues for [TransData]." *See* Motion to Stay Alabama Action at 4; Motion to Stay Georgia Action at 4, Motion to Stay Mississippi Action at

11

4.   Moreover, defendants also assert non-infringement arguments in their motions by averring that the accused products do not contain a certain limitation of the patents-in-suit.  *See* Motion to Stay Alabama Action at 14; Motion to Stay Georgia Action at 14, Motion to Stay Mississippi Action at 14.   Thus, although they have not filed their answers, their recently-filed papers confirm that the defendants in these three actions are already relying on the exact same defenses of invalidity and non-infringement that have been pled by the defendants in the Texas Actions.

For these reasons, and in view of the numerous questions of fact and law that are common to all pending actions, transfer and consolidation is appropriate and should be granted.

### C.     Consolidation Will Promote A Just And Efficient Resolution Of TransData's Actions And Will Serve The Convenience Of The Parties And Witnesses.

Transfer and consolidation will promote the just and efficient conduct of the actions, and it will serve the convenience of the parties and witnesses.  As the Supreme Court has noted, "Patent infringement litigation often raises difficult technical issues that are unfamiliar to the average trial judge."  *Fla. Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank.*, 527 U.S. 627, 651 (1999).  Given the complexity of the pending actions and the significant overlap in both fact and law regarding the issues of infringement and validity of the TransData Patents, consolidation of all pretrial proceedings will best promote the interests of justice and efficiency.

***First***, consolidation will promote judicial economy because only one judge will be required to understand the complexities of the technology involved in the patents-in-suit and the prior art for the purposes of all pretrial proceedings.  Without consolidation, each judge would need to both learn the technology underlying the patents-in-suit, the infringing products, and the prior art, and apply that knowledge to various pretrial motions.  The complexity of the issues make these actions ripe for transfer and consolidation.  *See In re Desloratadine Patent Litig.*, 502 F. Supp. 2d 1354, 1355 (J.P.M.L. 2007) ("Centralization under Section 1407 will . . . conserve

the resources of the parties, their counsel and the judiciary."); *In re Rivastigmine Patent Litig.*, 360 F. Supp. 2d 1361, 1362 (J.P.M.L. 2005) (same).

**Second**, consolidation will prevent inconsistent pretrial rulings, including inconsistent claim constructions. To determine whether a patent claim is infringed or invalid over a prior art reference, a court must first construe the claim as a matter of law. *See generally Markman v. Westview Instrs., Inc.*, 517 U.S. 370 (1996). Issues of infringement and patent validity regularly turn on a court's claim construction. Without consolidation, each court will engage in the claim construction process independently. If different courts enter different claim constructions, liability decisions could vary between defendants even though they use the same meter and are accused of infringing the same patent. This is precisely the scenario that Section 1407 was designed to avoid. *See In re Rivastigmine*, 360 F. Supp. 2d at 1362 ("[c]entralization under Section 1407 is necessary in order to… prevent inconsistent pretrial rulings, especially with respect to time-consuming and complex matters of claim construction").

**Third**, consolidation will result in a more efficient discovery schedule for the parties and the court by avoiding duplicative discovery. The scope of discovery will substantially overlap since the same three patents are at issue in all seven actions, all infringing products are similar or identical to each other and to TransData's MARK-V electric meter, and all defendants' defenses will substantially—if not identically—overlap. If the actions are not consolidated, the parties and witnesses will be unduly burdened with redundant and costly proceedings. For example, TransData's experts and party representatives, as well as the inventors and the prosecuting attorneys of the patents-in-suit, will be deposed on the exact same subjects in seven different actions operating under different schedules. Similarly, the third-party manufacturers of the accused meters will need to present their technical personnel to be deposed, and respond to

13

document subpoenas, on the same subject matter in different actions operating under different schedules. *See In re M3Power Razor Sys. Mktg. & Sales Practices Litig.,* 398 F. Supp. 2d 1363, 1365 (J.P.M.L. 2005) ("Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common party and witnesses are not subjected to discovery demands that duplicate activity that will or has occurred in other actions."). If the actions are consolidated, the experts, technical personnel, inventors, party representatives, prosecuting attorneys, and third parties will need to participate in each phase of discovery only once. *See In re Desloratadine Patent Litig.*, 502 F. Supp. 2d at 1355 ("Centralization under Section 1407 will eliminate duplicative discovery… and conserve the resources of the parties, their counsel and the judiciary."); *In re Inter-Op Hip Prosthesis Prods. Liab. Litig.*, 149 F. Supp. 2d 931, 933 (J.P.M.L. 2001) (explaining that centralization would effectuate "an overall savings of cost and a minimum of inconvenience to all concerned" with the pretrial activities).

> **D.  Coordinated Pretrial Proceedings Should Proceed In The United States District Court For The Eastern District Of Texas.**

Once the Panel determines that centralization within a single forum is appropriate, the actions should be consolidated in the district that will best "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *See In re Desloratadine Patent Litig.*, 502 F. Supp. 2d at 1355. An action should be consolidated in a district near relevant documents and witnesses, convenient to the location of most parties' headquarters, where the first-filed action is pending, and where the presiding judge has complex litigation experience. *See In re Papst Licensing Digital Camera Patent Litig.*, 528 F. Supp. 2d 1357, 1357 (J.P.M.L. 2007) (citing selection criteria)*; In re Mirtazapine Patent Litig.*, 199 F. Supp. 2d 1380, 1381 (J.P.M.L. 2002) (same). The Eastern District of Texas satisfies all of these

criteria.  Accordingly, the Eastern District of Texas is the only forum situated to promote the interests of justice, efficiency, and convenience to all of the parties.

### 1.    The Eastern District Of Texas Is Near Key Documents And Witnesses.

The bulk of the evidence is located in or about the Eastern District of Texas.  Utilities, by the nature of their business, have well-defined geographic boundaries that generally do not cross state lines.  As such, evidence concerning utilities' deployment and use of infringing smart meters is located in a relatively small area.  For six of the ten alleged infringers, that area includes the Eastern District of Texas.  *See* Complaint in First Texas Action ¶¶ 14-17; Complaint in Second Texas Action ¶ 8; Complaint in Third Texas Action ¶ 8.

Further, the witnesses and documents pertinent to the validity and enforceability of the TransData Patents—defenses that all defendants across all seven actions will rely upon—are located in and around the Eastern District of Texas.  TransData, the holder of the patents, is based in Carrollton, Texas.  *See* Ex. 5 at 1 (compilation of cover pages of the TransData Patents). Inventors Lawrence R. Porter and John Paul King live in Dallas and Allen, Texas, respectively. *See id*.[7]  TransData's prosecution counsel, who may be deposed in this action, is based in Richardson, Texas.  *See* Ex. 6 at 4 (TransData's Initial Disclosures in the Third Texas Action); Website of Hitt Gaines, P.C., http://www.hittgaines.com.  Senior employees at third parties who may have knowledge relevant to these litigations and may provide deposition testimony— including employees at third-party meter manufacturers such as General Electric and Itron, as well as third-party wireless module manufacturer Metrum Technologies—all also have offices in or near the Eastern District of Texas.  Ex. 7 (Planning Committee of the Southwest Electrical Metering Association); Ex. 8 (excerpt of Metrum Technologies' website).

---

[7] Mr. King, a TransData employee, recently moved from Arlington, Texas (as shown on the TransData Patents) to Allen, Texas.  Arlington is just outside of the Eastern District of Texas; Allen is within it.

Thus, consolidating the cases in the Eastern District of Texas will provide the parties and the court overseeing the MDL convenient access to important documents and witnesses related to infringement, validity, and enforceability. *See In re Phoenix Licensing, L.L.C., Patent Litig.*, 536 F. Supp. 2d at 1374 (selecting the district where the patent holder, its licensee, and the patent inventor are based); *In re Mirtazapine Patent Litig.*, 199 F. Supp. 2d at 1381 (selecting a district in which "the common party patentholder is located such that relevant documents and witnesses will likely be found there."); *In re Cruciferous Sprout Patent Litig.*, MDL No. 1388, 2001 WL 34834424 at *2 (J.P.M.L. Feb. 7, 2001) (selecting the district in which "pertinent documents and witnesses are likely located in or near").

### 2. The Eastern District Of Texas Is Conveniently Located.

The Eastern District of Texas also offers a central meeting point for the parties and proximity to the key documents and witnesses. Of the eleven parties, seven are headquartered in Texas and conduct most of their business within or adjacent to the Eastern District of Texas. Consolidating the cases in the Eastern District of Texas will minimize the aggregate travel burden and maximize the convenience to the parties. *See In re Papst Licensing Digital Camera Patent Litig.*, 528 F. Supp. 2d at 1357 (selecting a "geographically convenient forum" on the east coast since "several of the alleged infringers operate their business from this region."). The courts in Alabama, Georgia, Mississippi, and Oklahoma offer nothing to promote convenience (except, of course, to the lone party located in each district). All five courts require a non-trivial drive from the nearest airport. But, the selection of the Eastern District of Texas would require only five parties to fly into the district; any other selection would burden at least ten parties. *In re Columbia University Patent Litig.*, 313 F. Supp. 2d 1383, 1385 (J.P.M.L. 2004) (selecting the District of Massachusetts over California districts because "most of the parties in this litigation

16

are in the eastern part of the United States.").  Tyler, Texas, is reasonably close to the Dallas/Fort Worth International Airport: it is about a two-hour drive or 45-minute connecting flight away.

### 3.    The Eastern District Of Texas Has The First-Filed And Most Advanced Actions.

Having the first-filed actions, the Eastern District of Texas is the only court that has invested substantially in this matter.  The First Texas Action was filed three months before any other, and all three Texas actions were filed at least five months before the non-Texas actions.  In the First Texas Action, Judge Davis held a case management conference, the parties exchanged initial disclosures, TransData served its infringement contentions, the defendants served their invalidity contentions, the parties exchanged written discovery and produced documents, and the parties have begun the claim construction process.  *See supra* Part II.B.  Moreover, the First Texas Court has learned key facts and law underlying several claims and defenses of the parties. In August, the First Texas Court issued an order governing an expedited procedure for potentially-dispositive claim construction and summary judgment motions.  *Id*.  TransData and all four defendants in that action submitted briefs in response to the order.  *Id*.

Judge Davis also presides over, and has held a case management conference in, the Second and Third Texas Actions.  *See supra* Part II.C.  TransData has served its infringement contentions and written discovery requests on the defendants in both of those cases, the defendants have served their invalidity contentions, and the parties have exchanged their initial disclosures and begun the claim construction process.  *Id*.

The defendants in the Alabama, Georgia, and Mississippi Actions have just filed responsive motions to TransData's respective Complaints, [8]  and as such those courts have

---

[8] The defendant in the Oklahoma Action has not yet filed its answer.

17

invested no time in those matters. *See supra* II.D. Nor should they at this point. Transfer to the Eastern District of Texas will take advantage of the First Texas case's advanced posture and spread that benefit to the other actions. *See In re Mirtazapine Patent Litig.*, 199 F. Supp. 2d at 1381 (selecting the district with "a judge familiar with the underlying issues," who "has been presiding over the litigation for several months"). Judge Davis can take into account the actions' varying levels of progress to "formulate a pretrial program that ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the courts." *In re Gabapentin Patent Litig.*, MDL No. 1384, 2001 WL 34834423, at *1 (J.P.M.L. Feb. 5, 2001).

Moreover, Judge Davis would be in the best position to rule on the defendants' recently-filed motions. Although TransData contends that a stay (or dismissal) is not appropriate, the transferee judge is in the best position to determine whether—and if so, how—a motion should affect the timing and administration of the larger proceeding.

### 4. The Eastern District Of Texas Has A Judge With Substantial Patent and Complex Litigation Experience.

Judge Davis has ample experience handling large, complex litigations—both non-patent and patent. The Panel assigned Judge Davis an MDL in 2003, which he managed for five years until the parties settled. *In re Electronic Data Systems Corp. Securities & "ERISA" Litig.*, 254 F. Supp. 2d 1375 (J.P.M.L. 2003) (assigning the MDL to Judge Davis). This case was a complex, multi-party partial class-action ERISA and securities case. Moreover, Judge Davis has administered a number of complex and multi-party patent litigations (non-MDL). *See, e.g., PacID Group, LLC v. Cisco Systems, Inc., et al.*, No. 6:10-cv-00324 (E.D. Tex. Mar. 16, 2011) (consolidating four patent cases with 149 parties); *Parallel Networks LLC v. Aeo, Inc., et al.*, No. 6:10-cv-00111 (E.D. Tex. Mar. 15, 2011) (consolidating five patent cases with 125 parties).

Judge Davis' experience in these complex matters will benefit this litigation. *See In re Bill Of Lading Transmission and Processing System Patent Litig.*, 626 F. Supp. 2d 1341, 1342 (J.P.M.L. 2009) (assigning the litigation to a judge with "the experience and caseload conditions necessary to steer this matter on a prudent course.").

Furthermore, Judge Davis and the Eastern District of Texas are well-equipped to handle a patent case of this kind. Patent infringement litigation is a specialized form of litigation involving both highly-technical issues and unique legal and procedural requirements, and the Eastern District of Texas is one of the most common venues for patent infringement litigations. Ex. 9 at 2 (excerpt from LegalMetric Top 5 Report–Most Popular Districts–Patent Cases– January 1991-March 2011 (2011)). The district has adopted and implemented a specific set of Patent Local Rules applicable only in patent cases, intended to streamline and guide discovery and the claim construction process. As such, the judges in that jurisdiction are very familiar with and adept at handling patent cases. Indeed, Judge Davis has presided over 561 patent cases in the past five years alone. Ex. 10 at 2 (excerpt from LegalMetric District Judge Report–Eastern District of Texas–Patent Cases–January 2006 to May 2011 (2011)).

Judge Davis also has experience presiding over patent cases involving technology similar to that at issue in this case. For example, Judge Davis presided or is presiding over the following cases: *ICH Intellectual Capital Holdings, Inc. v. Badger Meter, Inc. et al.*, No. 6:11-cv-00468 (E.D. Tex.) (involving automated electric meter reading systems); *SIPCO, LLC v. Datamatic, Ltd. et al.*, No. 6:09-cv-00532 (E.D. Tex.) (involving wireless network technology, including as used in utility meters); *EON Corp. IP Holdings, LLC v. Sensus Metering Sys., Inc.*, No. 6:09-cv-00116 (E.D. Tex.) (involving communication networks, including as used in utility meters); *SIPCO, LLC v. Energate, Inc. et al.*, No. 6:10-cv-00533 (E.D. Tex.) (involving wireless

technology, including as used in electric meters); *EON Corp. IP Holdings, LLC v. Landis+Gyr Inc. et al.*, No. 6:11-cv-00317 (E.D. Tex.) (involving communication networks, including as used in utility meters); and *IP Co. v. Ingersoll-Rand Co. et. al*, No. 6:11-cv-00439 (E.D. Tex.) (involving wireless networks as used in energy management systems). Presiding over these cases and already investing in the three Texas Actions provided Judge Davis with a general level of knowledge of the technical concepts that will be at issue in the TransData litigations.

The Eastern District of Texas is conveniently located for most parties, is nearest to key documents and witnesses, and has the first-filed and most advanced actions. It is also home to Judge Davis, who has already invested significant time in this matter and who has significant experience in complex cases. These factors weigh considerably in favor of transfer of the Alabama, Georgia, Mississippi, and Oklahoma actions to the Eastern District of Texas, where the First, Second, and Third Texas Actions are already pending.

## V.    CONCLUSION

For the foregoing reasons, TransData respectfully requests that the Panel (a) transfer to the Eastern District of Texas four civil actions *TransData, Inc. v. Alabama Power Co.*, No. 2:11-cv-00635 (M.D. Ala.); *TransData, Inc. v. Georgia Power Co.*, No. 5:11-cv-00305 (M.D. Ga.); *TransData, Inc. v. Mississippi Power Co.*, No. 3:11-cv-00499 (S.D. Miss.); and *TransData, Inc. v. Oklahoma Gas & Electric Co.*, No. 5:11-cv-01032 (W.D. Okla.) and (b) consolidate those actions for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the three related actions, *TransData, Inc. v. CenterPoint Energy Houston Electric, LLC, et al.*, No. 6:10-cv-00557 (E.D. Tex.); *TransData, Inc. v. Tri-County Electric Cooperative, Inc.*, No. 6:11-cv-00046 (E.D. Tex.); and *TransData, Inc. v. Denton County Electric Cooperative, Inc., d/b/a CoServ Electric*, No. 6:11-cv-00113 (E.D. Tex.), which are already pending in the Eastern District of Texas.

Dated:  October 5, 2011

Respectfully Submitted,

/s/ Paul R. Steadman
Paul R. Steadman
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
312.862.2000 (Telephone)
312.862.2200 (Fax)
psteadman@kirkland.com

**Attorney for TransData, Inc.**

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE TRANSDATA, INC. SMART METER PATENT LITIGATION** | MDL Docket No. _____ |

**EXHIBIT 9**
**Excerpt from LegalMetric Top 5 Report–Most Popular Districts–Patent Cases–
January 1991-March 2011 (2011)**

# LegalMetric

## LegalMetric Top 5 Report
## Most Popular Districts
### Patent Cases

### January 1991-March 2011

This report contains confidential and proprietary information of LegalMetric, Inc. Use of this information by anyone other than the purchaser or, if the purchaser is a law firm, the purchaser's client, or disclosure of this information to persons other than the purchaser or, if the purchaser is a law firm, the purchaser's client, without the consent of LegalMetric, Inc. is prohibited.

The information contained in this report is obtained from the official docket records of the federal courts. No attempt has been made to correct that data. For example, cases may be misclassified in the official docket records. In addition, cases are classified only by the primary cause of action. Cases having multiple causes of action are analyzed only under the primary cause of action identitied on the official court docket.

LegalMetric, Inc. is not a law firm, does not provide legal advice, and is not engaged in the practice of law. No attorney-client relationship exists between LegalMetric, Inc. and any user of its products. LegalMetric provides statistical and analytical information to anyone who desires to purchase that information. Any purchaser of LegalMetric products who wants legal advice should hire an attorney.

## Comparison of Number of Patent Cases Filed

The number of patent cases filed in each district are shown below, broken out by year from 2000 on.



## Comparison of Overall Case Win Rates

The overall patentee win rate in patent cases for these courts varied as shown below. (The overall win rate includes all cases in which a judgment is entered in favor of a party, including consent and default judgments.)





3

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE TRANSDATA, INC. SMART METER PATENT LITIGATION** | **MDL Docket No. _____** |

**EXHIBIT 8**
**Excerpt of Metrum Technologies' Website**



Home | Login

| ABOUT | NETWORK | SOLUTIONS | NEWS & EVENTS | CONTACT |



# About

> About

Management

## IP Connectivity to Every Endpoint

Metrum Technologies is a leading developer of cellular based AMI and endpoint automation technologies. Metrum Technologies was established in 2002 as a subsidiary of Texas Meter & Device Company, one of the oldest and most respected metering services companies in North America. Capitalizing on the company's expertise in utility metering and AMI, Metrum is committed to providing the industry with cutting edge wireless solutions that are cost-effective, scalable and that leverage existing infrastructures.

A successful, organically-grown company, Metrum's product development effort is supported by a superb, in-house R&D team with extensive experience in developing proven communications technologies for both the military and industry. Today, Metrum serves the Energy/Utility, Public Safety, Military, and Distribution Automation industries with a variety of advanced wireless communications and automation devices, and the nation's first dedicated IP-Over-Wireless communications network for AMI/Smart Grid demand response. Metrum continues to invest in the latest technology by continually certifying new chipsets with advanced functionality. All Metrum products are developed, manufactured, assembled, and tested in the United States at Metrum's own laboratory and manufacturing facilities in Waco and Lake Dallas, Texas.

Site Map | Contact Us
© 2011 Metrum Technologies

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| |
|---|
| **IN RE TRANSDATA, INC. SMART METER PATENT LITIGATION** |

**MDL Docket No. _____**

**EXHIBIT 7**
**Planning Committee of the Southwest Electrical Metering Association**



**Southwest Electrical
Metering Association**

SPRING CONFERENCE
REGISTRATION AND INFO

SWEMA TEXAS METER SCHOOL
LEADING PROGRAM OF ITS KIND

VENDOR INFO
ALL ABOUT VENDORS

ABOUT US
INFO ABOUT SWEMA

CONTACT US
GIVE US FEEDBACK

# ABOUT SWEMA
## ADVANCING THE ART AND SCIENCE OF METERING ELECTRIC ENERGY AND POWER

## SWEMA PLANNING COMMITTEE 2011

**Hubert Williams, President 2011**

Supervisor, Meter Services

AEP-SWEPCO

105 McNeill St

Shreveport, LA 71101

Ph: 318-673-3351

FAX: 318-673-3315

Cell: 318-453-2177

Email: hnwilliams@aep.com

**Rhett DeSpain, Vice President 2011**

Xcel Energy

PO Box 1261

Amarillo, TX 79105-1261

Ph: 806.378.4131

Fax: 806.681-7721

E-mail: Rhett.DeSpain@xcelenergy.com

**Billy Peel, Secretary/Treasurer**

Sr. Equipment Analyst

Oncor Electric Delivery

1601 Bryan, Room 24-050

Dallas, TX 75201

Ph: 214.486.2541

Fax: 214.486.2578

Cell: 469.261.2281

E-mail: Billy.Peel@oncor.com

**Eric Celestine, Task Force Chairman**

Metering Dept. NTE

Members

Constitution and Bylaws

Planning Committee

Past Presidents

Circle of Honor

Ruptured Current Coil Award

Scholarship Program

TOP

TNMP

577A North Garden Ridge Blvd.

Lewisville, TX 75067

Ph: 972.221.1298

Fax: 972.436.8928

Cell: 214.794.1782

E-mail: ecelestine@tnpe.com

**Kevin Farrell – Past-President 2010**

Key Accounts Specialist

Bandera Electric Coop

P O Box 667

Bandera, TX 78003

Ph: 830-796-6055

Fax: 830-460-3030

Cell: 830-370-7648

E-Mail: k.farrell@banderaelectric.com

**Carlos Tello, Past-President 2009**

Supervisor-Metering Operations

Austin Energy

2526 Kramer Lane, Bldg. E

Austin Texas 78758

Ph: 512.505.7073

Fax: 512.505.7103

E-mail: carlos.tello@austinenergy.com

**Walter Koopmann, Past-President 2008**

Wireless IS Manager

City of Georgetown

PO Box 409

Georgetown, TX 78627

Ph: 512.930.2580

Fax: 512.930.3509

Email: wkoopmann@georgetowntx.org

**Kyle Tunnell, Past-President 2006**

Electric Metering Operations

Denton Municipal Electric

901-A Texas Street

Denton, TX 76209

Ph: 940.349.7640

Fax: 940.349.7649

Cell: 940.390.0343

Email: kyle.tunnell@cityofdenton.com

**Mike Cleveland**

Manager - Technical Services

Texas Meter & Device Co.

PO Box 154099

Waco, TX 76715

Ph: 800.247.5116

Fax: 254.799.0266

Cell: 512.922.0071

E-mail: mike.cleveland@texasmeter.com

**James Cox**

Crew Leader

CenterPoint Energy

P O Box 1700

Houston, TX 77251-1700

Ph: 713-945-6687

Cell: 281-795-1579

Email: james.cox@centerpointenergy.com

**Matt Downey**

Senior Account Executive

Elster Electricity, LLC

2222 Shadydale Drive

Arlington, TX 76012

Ph: 817-277-2141

Cell: 817-301-6591

E-mail: matt.downey@us.elster.com

**Mike Gagnon**

Meter Systems Specialist

General Electric Company

8009 Purple Martin Way

McKinney, TX 75070

Ph: 214.592.9297

Fax: 949.221.3745

Cell: 972.523.3268

E-mail: Michael.gagnon@ge.com

**Ernie Godoy**

Supervisor, Meter Services

AEP (MRO South)

765 Savage Lane

Corpus Christi, TX 78408

Ph: 361.880.6315

Cell: 361.290.6216

E-mail: eegodoy@aep.com

**Tom Haenszel**

EvSmith Sales Co., Inc.

PO Box 170514

Arlington, TX 76017

Ph: 817.572.2911

Fax: 817.478.8101

Cell: 817.683.5222

E-mail: essdal@concentric.net

**Mike Davidson**

Lamar Electric Co-op

Po Box 580

Paris, TX 75461

Ph: 903.272.6297

Cell: 903.782.4515

mdavidson@lamarelectric.coop

**John Hornof, Task Force**

112 E. 10th Street

Dalhart, TX 79022

Ph: 806.244-0295

Cell: 806.268-0946

Email: johnhornof@yahoo.com

**Holt Jorgensen**

Western Regional Sales Manager

Brooks, Utility Products Group

1935 Wind Hill Road

Rockwall, TX 75087

Ph: 972.771.9706

Cell: 214.289.4014

Email: hjorgensen@brooksupg.com

**Don Murray**

CPS Energy

145 Navarro St.

P. O Box 1771

Mail Drop 180202

San Antonio, Texas 78296

Ph: 210.353.3434

Fax: 210.353.4635

Email: dwmurray@cpsenergy.com

**John D. Niesner**

Account Executive

Itron

105 Lyndsey Dr.

Montgomery, TX 77316

Ph: 936.447.3732

E-mail: John.Niesner@itron.com

**Chris Clark**

TX/OK Area Manager

Landis + Gyr

3117 Hansen Road

Livermore, CA 94550

Cell: 765.404.9517

E-mail: chris.clark@landisgyr.com

**Bill Stansbury**

Training Director - Utilities

Engineering, Utilities and Public Works Trg. Inst.

Texas Engineering Extension Service

301 Tarrow-TEEX

College Station, TX 77840-7896

Ph: 979.845.6566

Fax: 979.458.1426

E-mail: Bill.Stansbury@teexmail.tamu.edu

**Don Tucker**

Manager – Settlement Metering

Electric Reliability Council of Texas

2705 West Lake Drive

Taylor, TX 76574

Ph: 512.248.3913

Fax: 512.248.6434

Cell: 512.560.2378

Email: dtucker@ercot.com

**Donna Zatopek**

TEEX – Utilities Program

Ph: 979.845.6576

E-mail: donna.zatopek@teexmail.tamu.edu

© 2010 Southwest Electrical Metering Association, Inc. All rights reserved.

Spring Conference     SWEMA Texas Meter School     Vendor Info     About Us     Contact Us

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE TRANSDATA, INC. SMART METER PATENT LITIGATION** | **MDL Docket No. _____** |

**EXHIBIT 6**
**TransData's Initial Disclosures in the Third Texas Action**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| TRANSDATA, INC., | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO. |
| | § | |
| v. | § | **6:11-cv-113-LED** |
| | § | |
| DENTON COUNTY ELECTRIC | § | JURY TRIAL DEMANDED |
| COOPERATIVE, INC., d/b/a COSERV | § | |
| ELECTRIC | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

### TRANSDATA, INC.'S INITIAL DISCLOSURES

Plaintiff TransData, Inc. ("TransData") hereby submits the following disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

TransData submits these disclosures based upon information it has acquired to date. TransData reserves all rights, consistent with Rule 26(e), to modify, amend, and/or supplement the disclosures made herein as additional evidence and information becomes available.[1]

**A.      Correct Names of Parties to the Lawsuit**

TransData believes that all parties are correctly named in the lawsuit.

**B.      Names, Addresses, and Telephone Numbers of Any Potential Parties**

TransData is unaware of any other potential parties at this time.

---

[1] These disclosures are not intended to, and do not, constitute admissions as to the relevance or admissibility of the information disclosed, and are made without any waiver of attorney-client privilege, work-product protection, or any other applicable protection or immunity. Furthermore, TransData makes these disclosures without waiving in any manner the right to object on any basis permitted by law to any discovery request or proceeding involving or related to the subject matter of these disclosures.

C.    **The Legal Theories And, In General, The Factual Bases Of The Disclosing Party's Claims Or Defenses**

TransData discloses the following legal theories, and in general, the factual bases of its claims and defenses.  TransData incorporates by reference herein its previous claims, answers and disclosures, including its August 9, 2011 Patent Rule 3-1 & 3-2 Disclosures and accompanying document production.  TransData contends that Defendant Denton County Electric Cooperative, Inc., d/b/a CoServ Electric ("CoServ") infringes U.S. Patent No. 6,181,294 ("'294 Patent"); U.S. Patent No. 6,462,713 ("'713 Patent"); and U.S. Patent No. 6,903,699 ("'699 Patent") (collectively "TransData Patents").

On January 30, 2001, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '294 Patent, entitled "Antenna for Electric Meter and Method of Manufacture Thereof."  TransData is the assignee of all rights, title, and interest in and to the '294 Patent and possesses all rights of recovery under the '294 Patent, including the right to recover damages for past infringement.  CoServ has infringed and continues to infringe the '294 Patent as set forth in TransData's August 9, 2011 Patent Rule 3-1 Disclosures.

On October 8, 2002, the USPTO duly and legally issued the '713 Patent, entitled "Antenna for Electric Meter and Method of Manufacture Thereof."  TransData is the assignee of all rights, title, and interest in and to the '713 Patent and possesses all rights of recovery under the '713 Patent, including the right to recover damages for past infringement.  CoServ has infringed and continues to infringe the '713 Patent as set forth in TransData's August 9, 2011 Patent Rule 3-1 Disclosures.

On June 7, 2005, the USPTO duly and legally issued the '699 Patent, entitled "Wireless Communication Device for Electric Meter and Method of Manufacture Thereof."  TransData is the assignee of all rights, title, and interest in and to the '699 Patent and possesses all rights of

recovery under the '699 Patent, including the right to recover damages for past infringement. CoServ has infringed and continues to infringe the '699 Patent as set forth in TransData's August 9, 2011 Patent Rule 3-1 Disclosures.

The acts of infringement of CoServ, including the use of the patented inventions, have caused and continue to cause damage to TransData, and TransData is entitled to recover damages from CoServ in an amount subject to proof at trial, together with interest and costs. CoServ's infringement of TransData's rights under the TransData Patents will continue unless CoServ is enjoined by this Court. TransData is entitled to recover damages for acts of infringement occurring prior to the filing of the lawsuit.

CoServ has asserted various counterclaims against TransData concerning the infringement and validity of the TransData Patents. The subject matter of the counterclaims will largely overlap with the subject matter of TransData's allegations of infringement and CoServ's affirmative defenses.

**D.** **The Name, Address, And Telephone Number Of Persons Having Knowledge Of Relevant Facts, A Brief Statement Of Each Identified Person's Connection With The Case, And A Brief Summary Of The Information Known By Such Person**

TransData provides the following list of individuals who may have knowledge of relevant facts:

| Name | Contact Information | Summary of Information Possibly Known |
|---|---|---|
| Mr. Edward J. Gleibs, III | Mr. Gleibs is to be contacted through TransData's counsel of record. | Mr. Gleibs is the President of TransData. Mr. Gleibs may have information relating to TransData and the TransData Patents. |

| Mr. Stephen R. Clegg | Mr. Clegg is to be contacted through TransData's counsel of record | Mr. Clegg is the Vice President of TransData.<br><br>Mr. Clegg may have information relating to TransData, the TransData Patents, and the conception and reduction to practice of the inventions claimed in the TransData Patents. |
|---|---|---|
| Mr. Lawrence Porter | Mr. Porter is to be contacted through TransData's counsel of record | Mr. Porter is an engineer at TransData and an inventor of the TransData Patents.<br><br>Mr. Porter may have information relating to the TransData Patents and the conception and reduction to practice of the inventions claimed in the TransData Patents. |
| Mr. John King | Mr. King is to be contacted through TransData's counsel of record | Mr. King is an engineer at TransData and an inventor of the TransData Patents.<br><br>Mr. King may have information relating to the TransData Patents and the conception and reduction to practice of the inventions claimed in the TransData Patents. |
| Mr. Doug Justice | Mr. Justice is to be contacted through TransData's counsel of record | Mr. Justice is an inventor of the TransData Patents.<br><br>Mr. Justice may have information relating to the TransData Patents and the conception and reduction to practice of the inventions claimed in the TransData Patents. |
| Mr. David Hitt | Mr. Hitt is to be contacted through TransData's counsel of record | Mr. Hitt is an attorney involved in the prosecution of the TransData Patents.<br><br>Mr. Hitt may have information relating to the prosecution of the TransData Patents. |
| Mr. Jimmy Heisz | Mr. Heisz is to be contacted through TransData's counsel of record | Mr. Heisz is an attorney involved in the prosecution of the TransData Patents.<br><br>Mr. Heisz may have information relating to the prosecution of the TransData Patents. |
| Ms. Jill Orr | Ms. Orr's current contact information is unknown. | Ms. Orr was an employee at Enron Capital & Trade.<br><br>Ms. Orr may have information relating to the conception & reduction to practice of the inventions claimed in the TransData Patents. |

| Mr. Michael Reynolds | Mr. Reynolds's current contact information is unknown. | Mr. Reynolds was a Director at Enron Capital & Trade.<br><br>Mr. Reynolds may have information relating to the conception & reduction to practice of the inventions claimed in the TransData Patents. |
|---|---|---|
| Mr. Timothy Voit | Mr. Voit's current contact information is unknown. | Mr. Voit was a Director at Enron Capital & Trade.<br><br>Mr. Voit may have information relating to the conception & reduction to practice of the inventions claimed in the TransData Patents. |
| | | |
| Current and former CoServ employees. | | Current and former CoServ employees who may have knowledge of the TransData Patents, the wireless electric meters used by CoServ, the determination of which wireless electric meters were or will be used by CoServ, the purchase and/or procurement of wireless electric meters, and CoServ's planning and strategy for deploying wireless electric meters. |

**E.      Any Indemnity And Insuring Agreements Under Which Any Person Or Entity Carrying On An Insurance Business May Be Liable To Satisfy Part Or All Of A Judgment Entered In This Action Or To Indemnify Or Reimburse For Payments Made To Satisfy The Judgment**

TransData is unaware of any such agreements.

**F.      Any Settlement Agreements Relevant To The Subject Matter Of This Action**

TransData is unaware of any such agreements.

Dated: August 22, 2011                              _/s/ Matthew J. Hertko


Paul R. Steadman, P.C.                              Eric Findlay
Matthew J. Hertko                                   Texas State Bar No. 00789886
Bradley W. Micsky                                   Brian Craft
**KIRKLAND & ELLIS LLP**                            Texas State Bar No. 04972020
300 N. LaSalle Street                               Joey Seeber
Chicago, Illinois 60654                             Texas State Bar No. 17979250
(312) 862-2000 Phone                                **FINDLAY CRAFT, LLP**
(312) 862-2200 Fax                                  6760 Old Jacksonville Hwy.
paul.steadman@kirkland.com                          Suite 101
matthew.hertko@kirkland.com                         Tyler, TX 75703
bradley.micsky@kirkland.com                         (903) 534-1100 Phone
                                                    (903) 534-1137 Fax
Robert G. Krupka, P.C.                              efindlay@findlaycraft.com
**KIRKLAND & ELLIS LLP**                            bcraft@findlaycraft.com
333 South Hope Street                               jseeber@findlaycraft.com
Los Angeles, CA 90071
(213) 680-8400 Phone
(213) 680-8500 Fax
bob.krupka@kirkland.com


                                                    **ATTORNEYS FOR PLAINTIFF**
                                                    **TRANSDATA, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 22, 2011, I served a copy of TransData, Inc.'s Initial Disclosures on counsel via electronic mail pursuant to Fed. R. Civ. P. 5(b)(2)(E).


*/s/ Matthew J. Hertko*
Matthew J. Hertko

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE TRANSDATA, INC. SMART METER PATENT LITIGATION** | **MDL Docket No. _____** |

**EXHIBIT 5**
**Compilation of Cover Pages from the TransData Patents**

US006181294B1

(12) **United States Patent**　　　(10) **Patent No.:**　　**US 6,181,294 B1**

Porter et al.　　　　　　　　　　　(45) **Date of Patent:**　　**Jan. 30, 2001**

(54) **ANTENNA FOR ELECTRIC METER AND METHOD OF MANUFACTURE THEREOF**

(75) Inventors: **Lawrence R. Porter**, Dallas; **John Paul King**, Arlington, both of TX (US); **Doug Justice**, Wilsonville, OR (US)

(73) Assignee: **TransData, Inc.**, Richardson, TX (US)

(*) Notice: Under 35 U.S.C. 154(b), the term of this patent shall be extended for 0 days.

(21) Appl. No.: **09/040,113**

(22) Filed: **Mar. 17, 1998**

(51) Int. Cl.[7] ...................................... **H01Q 1/50**

(52) U.S. Cl. ........................ **343/859**; 343/719; 343/872; 340/870.02; 340/870.03; 324/142

(58) Field of Search ................................... 343/859, 719, 343/795, 872, 858, 865, 797, 860, 850, 852, 803; 340/870.02, 870.03, 870.3, 870.01, 870.11, 870.18; 324/113, 116, 156, 142, 464, 383

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,059,849 | * 10/1962 | Saltzman | ................................. 235/91 |
| 3,705,385 | 12/1972 | Batz | ............................. 340/152 R |
| 3,754,250 | 8/1973 | Bruner | .......................... 343/6.5 LC |
| 3,913,400 | * 10/1975 | Floren | ............................... 73/273 |
| 3,956,740 | 5/1976 | Jones et al. | ..................... 340/172.5 |
| 4,085,287 | * 4/1978 | Kullmann et al. | ................. 178/66 R |
| 4,350,980 | 9/1982 | Ward | .......................... 340/870.02 |
| 4,361,877 | 11/1982 | Dyer et al. | ........................ 364/900 |
| 4,396,915 | 8/1983 | Farnsworth et al. | ........... 340/870.03 |
| 4,399,510 | 8/1983 | Hicks | ............................... 364/464 |
| 4,467,434 | 8/1984 | Hurley et al. | ..................... 364/483 |
| 4,608,563 | 8/1986 | Hoffman | ...................... 340/870.02 |
| 4,660,035 | 4/1987 | Hoffman | ...................... 340/870.02 |
| 4,744,004 | 5/1988 | Hammond | ........................... 361/372 |
| 4,884,021 | 11/1989 | Hammond et al. | ................. 324/142 |
| 4,998,102 | * 3/1991 | Wyler et al. | .................. 340/870.02 |
| 5,122,735 | 6/1992 | Porter et al. | ..................... 324/142 |
| 5,229,713 | 7/1993 | Bullock et al. | ................... 324/142 |
| 5,253,151 | 10/1993 | Mepham et al. | ................... 362/216 |
| 5,298,894 | * 3/1994 | Cerny et al. | .................. 340/870.02 |
| 5,583,492 | * 12/1996 | Nakanishi et al. | ............ 340/870.02 |
| 5,621,419 | * 4/1997 | Meek et al. | ........................ 343/770 |
| 5,627,759 | 5/1997 | Bearden et al. | ................... 364/483 |
| 5,825,303 | * 10/1998 | Bloss et al. | ................... 340/870.02 |

OTHER PUBLICATIONS

Descriptive Bulletin entitled "Power Logic Circuit Monitor" Feb. 1991: 7 pages: Bulletin DB–100 Rev 1: by Square D Company.

Bulletin 11631 entitled "Fulcrum SQ400 Electronic Multi-function Meter" Effective Date Aug. 1994: 4 pages: by Schlumberger.

* cited by examiner

*Primary Examiner*—Tho Phan

(57)　　　　　**ABSTRACT**

For use with an electric meter chassis having a dielectric housing protruding therefrom, an antenna for allowing electric meter circuitry within the chassis to communicate wirelessly through the dielectric housing and a method of manufacturing the same. In one embodiment, the antenna includes: (1) antenna elements, located within the dielectric housing and adapted to transmit and receive electromagnetic radiation and (2) a balance circuit, coupled to the antenna elements to cause the antenna elements to act as an antenna and couplable to an unbalanced output port of a wireless communication circuit, that balances an impedance of the unbalanced output port thereby to balance the antenna.

**30 Claims, 2 Drawing Sheets**



US006462713B2

(12) **United States Patent**
Porter et al.

(10) Patent No.: **US 6,462,713 B2**
(45) Date of Patent: ***Oct. 8, 2002**

(54) **ANTENNA FOR ELECTRIC METER AND METHOD OF MANUFACTURING THEREOF**

(75) Inventors: **Lawrence R. Porter**, Dallas; **John Paul King**, Arlington, both of TX (US); **Doug Justice**, Wilsonville, OR (US)

(73) Assignee: **TransData, Inc.**, Richardson, TX (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

This patent is subject to a terminal disclaimer.

(21) Appl. No.: **09/769,838**

(22) Filed: **Jan. 25, 2001**

(65) **Prior Publication Data**

US 2001/0007444 A1 Jul. 12, 2001

**Related U.S. Application Data**

(63) Continuation of application No. 09/040,113, filed on Mar. 17, 1998, now Pat. No. 6,181,294.

(51) Int. Cl.[7] ................................................. **H01Q 1/04**

(52) U.S. Cl. ................. **343/719**; 343/872; 340/870.02; 340/870.03; 324/142

(58) Field of Search .......................... 343/700 MS, 719, 343/793, 795, 872, 873, 859, 858; 370/870.02, 870.03, 870.01; 324/113, 116, 142; H01Q 1/04

(56) **References Cited**

U.S. PATENT DOCUMENTS

| 5,111,407 A | 5/1992 | Galpern | |
| 5,298,894 A | * 3/1994 | Cerny et al. | 340/870.02 |
| 5,847,683 A | * 12/1998 | Wolfe et al. | 343/866 |
| 5,877,703 A | * 3/1999 | Bloss et al. | 340/870.02 |
| 5,898,370 A | * 4/1999 | Reymond | 340/540 |
| 6,181,294 B1 | * 1/2001 | Porter et al. | 343/859 |

* cited by examiner

Primary Examiner—Tho Phan

(57) **ABSTRACT**

For use with an electric meter chassis having a dielectric housing protruding therefrom, an antenna for allowing electric meter circuitry within the chassis to communicate wirelessly through the dielectric housing and a method of manufacturing the same. In one embodiment, the antenna includes: (1) antenna elements, located within the dielectric housing and adapted to transmit and receive electromagnetic radiation and (2) a balance circuit, coupled to the antenna elements to cause the antenna elements to act as an antenna and couplable to an unbalanced output port of a wireless communication circuit, that balances an impedance of the unbalanced output port thereby to balance the antenna.

**27 Claims, 2 Drawing Sheets**



Case 5:11-cv-01082-C  Document 1-2  Filed 09/16/11  Page 51 of 257

US006903699B2

(12) **United States Patent**
Porter et al.

(10) Patent No.: **US 6,903,699 B2**
(45) Date of Patent: **\*Jun. 7, 2005**

(54) **WIRELESS COMMUNICATION DEVICE FOR ELECTRIC METER AND METHOD OF MANUFACTURE THEREOF**

(75) Inventors: **Lawrence R. Porter**, Dallas, TX (US); **John Paul King**, Arlington, TX (US); **Doug Justice**, Wilsonville, OR (US)

(73) Assignee: **Transdata, Inc.**, Carrollton, TX (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 81 days.

This patent is subject to a terminal disclaimer.

(21) Appl. No.: **10/265,899**

(22) Filed: **Oct. 7, 2002**

(65) **Prior Publication Data**

US 2003/0085842 A1 May 8, 2003

**Related U.S. Application Data**

(63) Continuation-in-part of application No. 09/769,838, filed on Jan. 25, 2001, now Pat. No. 6,462,713, which is a continuation of application No. 09/040,113, filed on Mar. 17, 1998, now Pat. No. 6,181,294.

(51) Int. Cl.$^7$ ................................................. **H01Q 1/04**
(52) U.S. Cl. .............. **343/719**; 340/870.02; 340/870.03
(58) Field of Search .......................... 343/700 MS, 719; 340/870.02, 870.03; 324/113

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 4,795,974 A | * | 1/1989 | Landman et al. | ........... 324/142 |
| 4,884,021 A | | 11/1989 | Hammond et al. | |
| 5,122,735 A | | 6/1992 | Porter et al. | |
| 6,462,713 B2 | * | 10/2002 | Porter et al. | ................ 343/719 |

* cited by examiner

*Primary Examiner*—Tho Phan

(57) **ABSTRACT**

For use with an electric meter chassis having a dielectric housing protruding therefrom, a wireless communication device that permits information to be communicated to and from the electric meter and a method of manufacturing the same. In one embodiment, the device is comprised of: (1) a communication circuit within the chassis coupled to electric meter circuitry, and (2) an antenna element within the dielectric housing, the antenna element coupled to the communication circuit.

**20 Claims, 2 Drawing Sheets**



**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE TRANSDATA, INC. SMART METER PATENT LITIGATION** | **MDL Docket No. _____** |

**EXHIBIT 4**
**Excerpt from CoServ's Invalidity Contentions in the Third Texas Action**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

TRANSDATA, INC.,

      *Plaintiff*,

v.

DENTON COUNTY ELECTRIC COOPERATIVE,
INC. D/B/A COSERV ELECTRIC,

      *Defendant*.

Case No. 6:11-cv-113-LED-JDL

**Jury Trial Demanded**

## COSERV'S INVALIDITY CONTENTIONS AND PRODUCTION OF DOCUMENTS PURSUANT TO PATENT RULES 3-3 AND 3-4(b)

Pursuant to the Court's Docket Control Order and the Rules of Practice for Patent Cases for the Eastern District of Texas ("Patent Rules" or "P.R."), Defendant, Denton County Electric Cooperative, Inc. d/b/a CoServ Electric ("CoServ"), hereby discloses its Invalidity Contentions. Defendant contends that each of the claims asserted by Plaintiff, TransData, Inc. ("TransData"), is invalid under at least 35 U.S.C. §§ 102, 103, and/or 112.

## I.    GENERAL STATEMENTS AND OBJECTIONS

### A.    Asserted Claims

TransData has served CoServ with Infringement Contentions alleging infringement of U.S. Patent Nos. 6,181,294 (the "'294 Patent"), 6,462,713 (the "'713 Patent"), and 6,903,699 (the "'699 Patent") (collectively, the "Asserted Patents"). Specifically, TransData has alleged that CoServ infringes claims 1, 3, 4, 7, 8, 17, 19, and 22-27 of the '294 Patent, claims 1, 3, 4, 6, 7, 15, 17, and 19-24 of the '713 Patent, and claims 1, 3, 5, and 16 of the '699 Patent (collectively, the "Asserted Claims"). In addition, CoServ understands that TransData has asserted certain additional claims against defendants in the co-pending *TransData, Inc. v. CenterPoint Energy Houston Electric LLC et al.*, 6:10-cv-00557-LED-JDL ("CenterPoint

context and to aid understanding and interpretation of the references. CoServ also reserves the right to rely upon other portions of the prior art references, other publications, and the testimony of experts to establish that the alleged inventions would have been obvious to a person of ordinary skill in the art, including on the basis of modifying or combining certain cited references. CoServ also reserves the right to rely upon any admissions relating to prior art in the Asserted Patents, its prosecution histories or other evidence.

Where CoServ identifies a particular figure in a prior art reference, the identification should be understood to encompass the caption and description of the figure as well as any text relating to the figure in addition to the figure itself. Similarly, where an identified portion of text refers to a figure or other material, the identification should be understood to include the referenced figure or other material as well.

## II.    INVALIDITY CONTENTIONS PURSUANT TO P.R. 3-3

### A.    Contentions Under P.R. 3-3(a)-(c)

Each of the Asserted Claims is anticipated and/or rendered obvious by prior art. Pursuant to P.R. 3-3(a) CoServ identifies the prior art that anticipates or renders an Asserted Claim obvious in Exhibit A,[1] which is hereby incorporated by reference as if fully set forth herein. However, these are merely examples; the claimed features are similarly described or disclosed in other places (including in all of the documents cited as evidence of each piece of prior art), and also were present when the prior art systems described below were used before the applications that led to the Asserted Patents were filed. Thus, CoServ reserves the right to rely on other evidence of the prior art identified below beyond merely the example references cited in Exhibit

---

[1] Exhibit A-1 is directed to the '294 Patent, Exhibit A-2 is directed to the '713 Patent, and Exhibit A-3 is directed to the '699 Patent.

**DEFENDANT'S INVALIDITY CONTENTIONS AND PRODUCTION OF DOCUMENTS PURSUANT TO PATENT RULES 3-3 AND 3-4(B)- PAGE 5**

A. On information and belief, each listed document or item became prior art at least as early as the dates given. Exhibit A includes charts specifically identifying where elements of each asserted claim are found in the prior art pursuant to P.R. 3-3(c) including, for claims governed by 35 U.S.C. § 112 paragraph 6, the identity of structure(s), act(s), or materials(s) in each item of prior art that performs the claimed function.

CoServ does not presently contend that any of the Asserted Claims are governed by 35 U.S.C. §112(6).

Exhibit A includes charts directed to each of the following prior art patents, which are identified below by patent number, country of origin, date of issue, and first named inventor.

| PATENT NO. | COUNTRY OF ORIGIN | DATE OF ISSUE | FIRST NAMED INVENTOR |
|---|---|---|---|
| 2,530,048 | United States | Nov. 14, 1950 | Driscoll |
| 4,315,248 | United States | Feb. 9, 1982 | Ward |
| 4,654,662 | United States | Mar. 31, 1987 | Van Orsdel |
| 4,737,797 | United States | Apr. 12, 1988 | Siwiak |
| 4,744,004 | United States | May 10, 1988 | Hammond |
| 4,804,957 | United States | Feb. 14, 1989 | Selph |
| 4,825,220 | United States | Apr. 25, 1989 | Edward |
| 4,904,995 | United States | Feb. 27, 1990 | Bonner |
| 5,191,351 | United States | Mar. 2, 1993 | Hofer |
| 5,270,639 | United States | Dec. 14, 1993 | Moore |
| 5,541,589 | United States | Jul. 30, 1996 | Delaney |
| 5,553,094 | United States | Sep. 3, 1996 | Johnson |
| 5,659,300 | United States | Aug. 19, 1997 | Dresselhuys |
| 5,684,472 | United States | Nov. 4, 1997 | Bane |
| 5,847,683 | United States | Dec. 8, 1998 | Wolfe |
| 5,966,010 | United States | Oct. 12, 1999 | Loy |
| 5,986,574 | United States | Nov. 16, 1999 | Colton |
| 6,078,785 | United States | Jun. 20, 2000 | Bush |
| 5,014,213 | United States | May 7, 1991 | Edwards |
| Provisional 60/043,152 | United States | Apr. 10, 1997 | Whittaker |
| 5,621,419 | United States | Apr. 15, 1997 | Meek |
| 5,473,322 | United States | Dec. 5, 1995 | Carney |
| 5,748,104 | United States | May 5, 1998 | Argyroudis |

**DEFENDANT'S INVALIDITY CONTENTIONS AND PRODUCTION OF DOCUMENTS PURSUANT TO PATENT RULES 3-3 AND 3-4(B)- PAGE 6**

| 5,923,269 | United States | July 13, 1999 | Shuey |
| 4,445,122 | United States | Apr. 24, 1984 | Pues |
| 4,495,505 | United States | Jan. 22, 1985 | Shields |
| 5,304,959 | United States | Apr 19, 1994 | Wisherd |
| 5,313,218 | United States | May 17, 1994 | Busking |
| 5,532,708 | United States | July 2, 1996 | Krenz |
| 4,614,945 | United States | Sep. 30, 1986 | Brunius |
| 4,746,925 | United States | May 24, 1988 | Toriyama |
| 5,387,919 | United States | Feb. 7, 1995 | Lam |

Exhibit A also includes charts directed to each of the following prior art publications, which are identified below by its title, date of publication, and where feasible, first named author and publisher or publication.

| TITLE | AUTHOR | DATE OF PUBLICATION | PUBLISHER/ PUBLICATION |
|---|---|---|---|
| An Electronic Meter and Its Remote Monitoring | S. Mukherjee | April 1978 | Jour. Inst. Engineers |
| Automated Meter Reading: Pilot Study | J. Lennox | 1992 | Electric Power Systems Research |
| A Chip Off The Old Meter | | July 1991 | Wireless Telecommunications Newsletter |
| Fixed Network RF At South Carolina Electric & Gas | J. Smith | September 1995 | Proceedings of the Eighth Annual AMRA Symposium |
| Cellemetry – The New Wireless Data Transport For Utilities | T. Evans | September 1996 | Proceedings of the Ninth Annual AMRA Symposium |
| Update On Cellemetry Applications/Reliability Of Cellemetry Service | T. Evans | September 1997 | Proceedings of the Tenth Annual AMRA Symposium |
| Impact of Information and Communications Technologies on | C. Goldman | October 1996 | Energy & Environment Division Lawrence Berkeley National |

| | | | |
|---|---|---|---|
| Residential Customer Energy Services | | | Laboratory University of California Berkeley |
| CAD of Microstrip Antennas for Wireless Communications | R. Sainati | 1996 | Artech House |
| Antennas | J. Kraus | 1950 | McGraw-Hill Book Company, Inc. |
| A.R.R.L. Antenna Book | | 1970 | American radio Relay League |
| R. Johnson | Antenna Engineering Handbook | 1984 | McGraw- Hill Book Company |

Exhibit A also includes charts directed to each of the following prior art systems, which are identified below by name and date of public use. Based on CoServ's current information the prior art wireless metering system shown as ABB AB1 was implemented and installed in the field at least as early as February 1998. The prior art wireless metering system shown as the Schlumberger J5S Meter was implemented and installed in the field at least as early as August of 1996. The prior art wireless metering system shown as the EnScan 40E OEM ERT was originally manufactured by E.F. Johnson Company of Waseca, MN and sold by EnScan, Inc. of Minneapolis, MN in the 1991/92 time frame. The prior art wireless metering system shown as the EnScan 40E ERT Retrofit was originally manufactured by E.F. Johnson Company of Waseca, MN and sold by EnScan, Inc. of Minneapolis, MN in the 1992 time frame. The E.F. Johnson Company of Waseca, MN and EnScan, Inc. of Minneapolis, MN provided wireless ERT (encoder/receiver/transmitter) technology for use in prior art Schlumberger R100 meters by 1989. Based on CoServ's current information, the prior art wireless metering systems shown below as ABB AIT and AXS4 were implemented and installed in the field in 1997 and are currently still in use. The Innovatec meter was, on information and belief, demonstrated in 1996.

**DEFENDANT'S INVALIDITY CONTENTIONS AND PRODUCTION OF DOCUMENTS PURSUANT TO PATENT RULES 3-3 AND 3-4(B)- PAGE 8**

Because CoServ does not have access to the actual meters in the field, the manufacturer has created replicas of the meters for the purpose of providing photographs in the Exhibit A invalidity charts associated with these systems. These replicas are intended to be representative of the systems currently in use in the field and are believed to be substantially similar in all material respects. The photographs presented for the Innovatec system reflect the actual metering system.

| METER NAME / IDENTIFICATION | DATE |
|---|---|
| The ABB A1T Meter with Cellnet Communications (ABB A1T) | 1997 |
| The AmerenUE/Landis+Gyr AXS4 Meter with Cellnet Communications ("AXS4") | 1997 |
| The Innovatec Meter (Innovatec) | 1996 |
| ABB AB1 Meter | February 1998 |
| Schlumberger J5S Meter | August 1996 |
| EnScan 40E OEM ERT Meter | 1991/92 |
| EnScan 40E ERT Retrofit Meter | 1991 |
| Schlumberger R100 Meter | 1989 |

CoServ has also identified several likely public uses of invalidating meters. For example, Goldman, *Impact of Information and Communications Technologies on Residential Customer Energy Services*, briefly discusses several field trials based on "interviews with program managers conducted during August-October 1995." Goldman at A-21. Several of the projects discussed disclose systems that, on information and belief, include wireless electric meters that employed radio frequency antennas within the meters' dielectric housing. On information and belief, these projects constitute prior art that invalidates one or more claims of the Asserted Patents. For example, Goldman states that Baltimore Gas & Electric (BGE) initiated a pilot project with IRIS fixed radio network meters that involves two way radio communications with

**DEFENDANT'S INVALIDITY CONTENTIONS AND PRODUCTION OF DOCUMENTS PURSUANT TO PATENT RULES 3-3 AND 3-4(B)- PAGE 9**

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE TRANSDATA, INC. SMART METER PATENT LITIGATION | MDL Docket No. _____ |

**EXHIBIT 3**
**Excerpt from TriCounty's Invalidity Contentions in the Second Texas Action**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **TRANSDATA, INC.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:11-cv-46** |
| | § | |
| **TRI-COUNTY ELECTRIC** | § | |
| **COOPERATIVE, INC.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S INVALIDITY CONTENTIONS AND PRODUCTION OF DOCUMENTS PURSUANT TO PATENT RULES 3-3 AND 3-4(b)

Pursuant to the Court's Docket Control Order and the Rules of Practice for Patent Cases for the Eastern District of Texas ("Patent Rules" or "P.R."), Defendant Tri-County Electric Cooperative, Inc. hereby discloses its Invalidity Contentions. Defendant contends that each of the claims asserted by Plaintiff TransData, Inc. ("TransData") is invalid under at least 35 U.S.C. §§ 101, 102, 103, and/or 112.

## I. GENERAL STATEMENTS AND OBJECTIONS

### A. Asserted Claims

TransData has served Defendant with Infringement Contentions alleging infringement of U.S. Patent Nos. 6,181,294 (the "'294 Patent"), 6,462,713 (the "'713 Patent"), and 6,903,699 (the "'699 Patent") (collectively, the "Asserted Patents"). Specifically, TransData has alleged that Defendant infringes claims 1, 2, 4, 5, 7, 8, 17-20 and 22-28 of the '294 Patent, claims 1, 2, 4-7 and 15-25 of the '713 Patent, and claims 1, 3,5, and 16 of the '699 Patent (collectively, the "Asserted Claims"). Because the Patent Rules require that a defendant accused of infringement set forth invalidity contentions with regard to the

correct analysis, any need or problem known in the field of endeavor at the time of invention and addressed by the patent can provide a reason for combining the elements in the manner claimed." Further, "[t]he combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results." *Id.* at 1739. These are considerations supported by the prior art references cited herein, which include substantial evidence of the subject matter of the Asserted Patents. Further evidence of the state of the art relevant to the Asserted Patents is contained in the references cited by the U. S. Patent and Trademark Office during the prosecution of the Asserted Patents.

Where Defendant identifies a particular figure in a prior art reference, the identification should be understood to encompass the caption and description of the figure as well as any text relating to the figure in addition to the figure itself. Similarly, where an identified portion of text refers to a figure or other material, the identification should be understood to include the referenced figure or other material as well.

## II. INVALIDITY CONTENTIONS PURSUANT TO P.R. 3-3

### A.    Contentions Under P.R. 3-3(a)-(c)

Each of the Asserted Claims is anticipated and/or rendered obvious by prior art. Pursuant to P.R. 3-3(a) Defendant identifies the prior art that anticipates or renders an Asserted Claim obvious in Exhibit A[1], which is hereby incorporated by reference as if fully set forth herein. However, these are merely examples; the claimed features are similarly described or disclosed in other places (including in all of the documents cited as evidence of each piece of prior art), and also were present when the prior art systems described below were used before the applications that led to the Asserted Patents were filed. Thus, the

---

[1] Exhibit A-1 is directed to the '294 Patent, Exhibit A-2 is directed to the '713 Patent , and Exhibit A-3 is directed to the '699 Patent.

defendant reserves the right to rely on other evidence of the prior art identified below beyond merely the example references cited in Exhibit A. On information and belief, each listed document or item became prior art at least as early as the dates given. Exhibit A includes charts specifically identifying where elements of each Asserted Claim are found in the prior art pursuant to P.R. 3-3(c). However, Defendant reserves the right to contend that the validity of one or more claims of the Asserted Patents may be governed by 35 U.S.C. §112(6), in which case the identity of structure(s), act(s), or materials(s) in each item of prior art that performs the claimed function will be included in Exhibit A.

Exhibit A includes charts ~~directed to each of~~ comparing the Asserted patents with one or more of the following prior art patents, which are identified below in Table I by patent number, country of origin, date of issue, and first named inventor.

### TABLE I

| PATENT NO. | COUNTRY OF ORIGIN | DATE OF ISSUE | FIRST NAMED INVENTOR |
|---|---|---|---|
| 2,530,048 | United States | Nov. 14, 1950 | Driscoll |
| 3,705,385 | United States | Dec. 5, 1972 | Batz |
| 4,315,248 | United States | Feb. 9, 1982 | Ward |
| 4,366,486 | United States | Dec. 28, 1982 | Toulious |
| 4,614,945 | United States | Aug. 15, 1995 | Brunius |
| 4,654,662 | United States | Mar. 31, 1987 | Van Orsdel |
| 4,737,797 | United States | Apr. 12, 1988 | Siwiak |
| 4,744,004 | United States | May 10, 1988 | Hammond |
| 4,786,903 | United States | Nov. 22, 1988 | Gindahl |
| 4,799,059 | United States | Jan. 17, 1989 | Gindahl |
| 4,804,957 | United States | Feb. 14, 1989 | Selph |
| 4,825,220 | United States | Apr. 25, 1989 | Edward |
| 4,876,700 | United States | Oct. 24, 1989 | Gindahl |
| 4,904,995 | United States | Feb. 27, 1990 | Bonner |
| 5,014,213 | United States | May 7, 1991 | Edwards |
| 5,191,351 | United States | Mar. 2, 1993 | Hofer |
| 5,270,639 | United States | Dec. 14, 1993 | Moore |
| 5,426,439 | United Sates | Jun. 20, 1995 | Grossman |

| 5,438,329 | United States | Aug. 1, 1995 | Gastouniotis |
|---|---|---|---|
| 5,442,281 | United States | Aug. 15, 1995 | Frisch |
| 5,541,589 | United States | Jul. 30, 1996 | Delaney |
| 5,553,094 | United States | Sep. 3, 1996 | Johnson |
| 60/024,698 | United States | Sep. 6, 1996 | Dresselhuys |
| 5,565,881 | United States | Oct. 15, 1996 | Phillips |
| 60/043,152 | United States | Apr. 10, 1997 | Whittaker |
| 5,621,419 | United States | Apr. 15, 1997 | Meek |
| 5,631,554 | United States | May 20, 1007 | Briese |
| 5,659,300 | United States | Aug. 19, 1997 | Dresselhuys |
| 5,684,472 | United States | Nov. 4, 1997 | Bane |
| WO 98/10299 | United States (WIPO) | Pub. Mar 12. 1998 | Dresselhuys |
| 5,847,683 | United States | Dec. 8, 1998 | Wolfe |
| 5,966,010 | United States | Oct. 12, 1999 | Loy |
| 5,986,574 | United States | Nov. 16, 1999 | Colton |
| 6,067,052 | United States | May 23, 2000 | Rawles |
| 6,078,785 | United States | June 20, 2000 | Bush |
| 6,246,677 | United States | Jun. 12, 2001 | Nap[2] |

Exhibit A also includes charts directed to each of the following prior art systems, which are identified below by name and date of public use. Based on Defendant's current information, the prior art wireless metering systems shown below as ABB AIT and AXS4, on information and belief were sold by Cellnet in 1995, and were implemented and installed in the field in 1997 and are currently still in use. Because Defendant does not have access to the actual meters in the field, replicas of the meters have been created for the purpose of providing photographs in the Exhibit A invalidity charts associated with these systems. These replicas are intended to be representative of the prior art systems currently in use in the field and are believed to be substantially similar in all material respects.

On information and belief, the Innovatec Meter described and pictured in the

---

[2] U.S. Pat. No. 6, 246,677 to Nap also names Dresselhuys and Ehrke as co-inventors and was originally filed 6 Sept. 1996 as U. S. Provisional Patent Application No. 60/024,698 by Dresselhuys, Ehrke, and Nap.

Exhibit A invalidity charts was publicly disclosed by Innovatec in 1996, and was first offered for sale by Innovatec in 1997. On information and belief, the Innovatec meter described and pictured in the Exhibit A is the same one described and illustrated in International Patent Application Publication No. WO 98/10299 published 12 March, 1998 and assigned to Innovatec Corporation, Milwaukee, Wisconsin 53201. This published patent application claims a priority date to September 6, 1996. Based on Defendants' current information, the photographs of the Innovatec meter presented in Exhibit A reflect the actual metering system. Further, the three Innovatec patent/patent application references (See Table I: Dresselhuys, Dresselhuys, and Nap) and this Innovatec utility meter, all from the same period c. 1996 or before, demonstrate that Innovatec was in possession of the same invention as Porter et al. but earlier than the invention in the Asserted Patents.

The photographs of the prior-art systems provided in the Exhibit B invalidity charts are intended to provide views of the components of the prior art systems relevant to the given limitation.

### TABLE II

| SYSTEM NAME | DATE |
|---|---|
| The ABB A1T Meter with Cellnet Communications (ABB A1T) | 1997 |
| The Landis+Gyr AXS4 Meter with Cellnet Communications ("AXS4") | 1997 |
| The Innovatec Meter (Innovatec) | 1996 |

Additionally, as further described in Table III and Exhibit B, and set forth in Bates Nos. GE00000001 – GE00000964, the General Electric Company employed the GE I-70 electric meter with Itron ERT module in connection with numerous utilities described in

Table III, as of at least the date shown for each utility company, and other dates before March

17, 1997.

### TABLE III

| Date of Sale, Offer for Sale, Public Use or Knowledge | Identity of the Person/Entity Who Sold, Offered for Sale, Used or Knew the Information | Identity of the Purchaser of the Sale, or Receiver of the Offer or Information | Item Sold, Offered for Sale, Publicly Used or Known | '294 Patent Claims Anticipated by Sale, Offer, or Use | '699 Patent Claims Anticipated by Sale, Offer, or Use | '713 Patent Claims Anticipated by Sale, Offer or Use |
|---|---|---|---|---|---|---|
| December 30, 1994, and various other dates before March 17, 1997 | General Electric Corp. | Northeast Utilities | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| May 6, 1994, and various other dates before March 17, 1997 | General Electric Corp. | Massachusetts Electric Co. | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| May 24, 1995, and various other dates before March 17, 1997 | General Electric Corp. | Connecticut Light and Power | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |

| May 22, 1995 | General Electric Corp. | Narrag Electric Co. | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| May 16, 1995 | General Electric Corp. | Boston Edison | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| September 1, 1995, and various other dates before March 17, 1997 | General Electric Corp. | Brownstown Electric | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| October 17, 1995, and various other dates before March 17, 1997 | General Electric Corp. | Dayton Power & Light | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| August 16, 1995 | General Electric Corp. | Kentucky Utilities | GE I-70 Electric Meter with Itron ERT | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |

| | | | Module | | | |
|---|---|---|---|---|---|---|
| October 4, 1995 | General Electric Corp. | Duquesne Light | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| August 9, 1995 | General Electric Corp. | Western State Electric | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| October 17, 1994, and various other dates before March 17, 1997 | General Electric Corp. | Public Service Co. of Colorado | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| September 27, 1995 | General Electric Corp. | Montana PR Co. | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| May 31, 1995 and June 14, 1995 | General Electric Corp. | Puget Sound Power & Light | GE I-70 Electric Meter with Itron ERT | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |

| | | | Module | | | |
|---|---|---|---|---|---|---|
| November 5, 1993, and various other dates before March 17, 1997 | General Electric Corp. | Sierra Pacific Power | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| January 17, 1995 and various other dates before March 17, 1997 | General Electric Corp. | United Illumination | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| August 4, 1995, and various other dates before March 17, 1997 | General Electric Corp. | Long Island Lighting | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| October 4, 1995 | General Electric Corp. | Orange and Rockland Utility | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| May 11, 1995 | General Electric Corp. | Hialeah Meter | GE I-70 Electric Meter with Itron | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |

| | | | ERT Module | | | |
|---|---|---|---|---|---|---|
| March 25, 1996, and various other dates before March 17, 1997 | General Electric Corp. | Commonwealth Electric | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| August 21, 1996, and September 24, 1996 | General Electric Corp. | Delmarva Power | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| December 10, 1996 | General Electric Corp. | Atlantic Electric | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| December 23, 1996 | General Electric Corp. | GPU Eng Penn | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| December 23, 1996 | General Electric Corp. | GPU Eng Meted | GE I-70 Electric Meter with Itron ERT | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |

| | | | Module | | | |
|---|---|---|---|---|---|---|
| October 15, 1993, and various other dates before March 17, 1997 | General Electric Corp. | Baltimore Gas & Electric | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| April 17, 1996, and various other dates before March 17, 1997 | General Electric Corp. | Florida Keys Electric/Raybro Electric Supply/St. Cloud Utility | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| May 2, 1996, and various other dates before March 17, 1997 | General Electric Corp. | Spanish Fork Ct/Poleline Supply | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| February 6, 1996 and December 1, 1996 | General Electric Corp. | Western State Electric | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| November 12, 1996 | General Electric Corp. | Sacramento Utility | GE I-70 Electric Meter with Itron ERT | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |

| | | | Module | | | |
|---|---|---|---|---|---|---|
| December 23, 1996 | General Electric Corp. | GE Supply Company | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| April 29, 1994 | General Electric Corp. | Equity Utility Service | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| April 17, 1996, and various other dates before March 17, 1997 | General Electric Corp. | Southern Cal Edison | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| October 8, 1996 | General Electric Corp. | Hawaiian Electric | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| March 5, 1997 and March 7, 1997 | General Electric Corp. | Graybar Electric Co. | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |

| February 21, 1997 and February 27, 1997 | General Electric Corp. | Top O Michigan | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| January 28, 1997 | General Electric Corp. | Cambridge Electric | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| May 30, 1995 | General Electric Corp. | Northeast Utilities | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| January 24, 1997 | General Electric Corp. | G.V.E.A. | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| March 13, 1997 | General Electric Corp. | City of Idaho Falls | GE I-70 Electric Meter with Itron ERT Module | 1-2, 4, 5, 8, 17-20, 23-28 | 1, 3, 5, 16 | 1, 2, 5, 7, 15-18, 20-25 |
| January | General | Suwannee | GE I- | 1-2, 4, 5, | 1, 3, 5, 16 | 1, 2, 5, 7, |

| 22, 1997 | Electric Corp. | Valley | 70 Electric Meter with Itron ERT Module | 8, 17-20, 23-28 | 15-18, 20-25 |

Table IV below identifies additional prior art publications that anticipate one or more claims of one or more of the asserted patents, and/or that (alone and/or in combination with other references) render obvious one or more claims of one or more of the asserted patents.

**TABLE IV**

| Date | Title | Author and Publisher |
|------|-------|---------------------|
| 1993 | ERT Module Model 40E Retrofit Kit | Itron, Inc. |
| April 1993 | ERT Module Model 40E Retrofit Kit Installation Instructions for General Electric I-70-S/2 Electric Meters | Itron, Inc. |
| 1994 | An Itron System Overview | Itron, Inc. |
| September 1994 | Reducing Costs and Improving Customer Service with AMR: An Interview with Ken Margossian | Editor: Bill Wilbert Publisher: Itron, Inc. |
| September 1994 | Automatic Meter Reading Demo Offers Glimpse into Future | Mike Sprouse, Puget Power Publisher: Itron, Inc. (originally published in June issue of The Outlet, Puget Power's employee's newsletter) |
| September 1994 | FCC Licensing Kit for Off-site Meter Reading Systems | Itron, Inc. |

| September 26, 1994 | Closing the Information Loop | Cellnet Data SystTransdata |
|---|---|---|
| April 1995 | PSCo Uses AMR to Achieve Strategic Goals: An interview with Wayne H. Brunetti, Chief Operating Officer, Public Service Company of Colorado. | Itron, Inc. |
| May 1995 | Let It Snow: Anchorage Municipal Light & Power's Meter Reading Gets Easier With Mobile AMR. | Itron, Inc. (Intelligencer) |
| July 1995 | Meter Problem Is Solved: Off-site meter reading is used to cut costs and increase efficiency. | Joe Wirth, Baltimore Gas & Electric Co., 52 Transmission & Distribution |
| January 1996 | PSCo Deploys World's Largest AMR System: An interview with Ross King, Vice President, Electric & Gas Distribution, Public Service Co. of Colorado. | Itron, Inc. |
| February 1996 | ANSI C12.1-1995 Test Report for the 40ER-1 Retrofit Kit Installed in General Electric Meters | Itron, Inc. |
| March 1996 | ERT Module Model 40ER-1 Retrofit Kit Installation Instructions for General Electric I-70-S, I-70-S/1, and I-70-S/2 Single-Phase Electric Meters | Itron, Inc. |
| May 1996 | AMR is an "Inside Operation": Providence Gas Company Installs Mobile AMR Ahead of Schedule Using Its Own Work Force | Itron, Inc. (Intelligencer) |
| September 1996 | Itron Installs Utilitywide Network in Pittsburgh: Wireless Technology Supports Duquesne Light Co.'s Customer Advanced Reliability System. | Itron, Inc. |

To the extent any limitation is construed to have a similar meaning, or to encompass similar feature(s) and/or function(s), with any other claim limitation, and to the extent at least one claim chart in Exhibits A or B hereto identifies any prior art reference as disclosing or teaching such similarly construed claim limitation, such identified prior art reference and Defendant's contentions with respect to same, are incorporated by reference.

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE TRANSDATA, INC. SMART METER PATENT LITIGATION** | MDL Docket No. _____ |

**EXHIBIT 2**
**Excerpt from Defendants' Joint Invalidity Contentions in the
First Texas Action**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **TRANSDATA, INC.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:10-cv-557** |
| | § | |
| **CENTERPOINT ENERGY HOUSTON** | § | **JURY TRIAL DEMANDED** |
| **ELECTRIC, LLC, DENTON** | § | |
| **MUNICIPAL ELECTRIC, ONCOR** | § | |
| **ELECTRIC DELIVERY COMPANY** | § | |
| **LLC, and TEXAS-NEW MEXICO** | § | |
| **POWER COMPANY,** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' JOINT INVALIDITY CONTENTIONS AND PRODUCTION OF DOCUMENTS PURSUANT TO PATENT RULES 3-3 AND 3-4(b)

Pursuant to the Court's Docket Control Order and the Rules of Practice for Patent Cases for the Eastern District of Texas ("Patent Rules" or "P.R."), Defendants Centerpoint Energy Houston Electric, LLC, Denton Municipal Electric, Oncor Electric Delivery Company LLC, And Texas-New Mexico Power Company, (collectively, "Defendants") hereby disclose their Invalidity Contentions. One or more Defendants contend that each of the claims asserted by Plaintiff TransData, Inc. ("TransData") is invalid under at least 35 U.S.C. §§ 101, 102, 103, and/or 112.

## I.     GENERAL STATEMENTS AND OBJECTIONS

### A.     Asserted Claims

TransData has served each Defendant with Infringement Contentions alleging infringement of U.S. Patent Nos. 6,181,294 (the "'294 Patent"), 6,462,713 (the "'713 Patent"), and 6,903,699 (the "'699 Patent") (collectively, the "Asserted Patents"). Specifically, TransData

the art would generally read a prior art reference as a whole and in the context of other publications, literature, and general knowledge in the field. To understand and interpret any specific statement or disclosure in a prior art reference, a person of ordinary skill in the art would rely upon other information including other publications and general scientific, engineering or other relevant knowledge. Defendants therefore reserve the right to rely upon other unidentified portions of the prior art references and on other publications and on expert testimony to provide context and to aid understanding and interpretation of the references. Defendants also reserve the right to rely upon other portions of the prior art references, other publications, and the testimony of experts to establish that the alleged inventions would have been obvious to a person of ordinary skill in the art, including on the basis of modifying or combining certain cited references. Defendants also reserve the right to rely upon any admissions relating to prior art in the Asserted Patents, their prosecution histories or other evidence.

Where Defendants identify a particular figure in a prior art reference, the identification should be understood to encompass the caption and description of the figure as well as any text relating to the figure in addition to the figure itself. Similarly, where an identified portion of text refers to a figure or other material, the identification should be understood to include the referenced figure or other material as well.

## II.     INVALIDITY CONTENTIONS PURSUANT TO P.R. 3-3

### A.     Contentions Under P.R. 3-3(a)-(c)

Each of the Asserted Claims is anticipated and/or rendered obvious by prior art. Pursuant to P.R. 3-3(a) Defendants identify the prior art that anticipates or renders an Asserted Claim

obvious in Exhibit A[1], which is hereby incorporated by reference as if fully set forth herein. However, these are merely examples; the claimed features are similarly described or disclosed in other places (including in all of the documents cited as evidence of each piece of prior art), and also were present when the prior art systems described below were used before the applications that led to the Asserted Patents were filed. Thus, the defendants reserve the right to rely on other evidence of the prior art identified below beyond merely the example references cited in Exhibit A. On information and belief, each listed document or item became prior art at least as early as the dates given. Exhibit A includes charts specifically identifying where elements of each asserted claim are found in the prior art pursuant to P.R. 3-3(c) including, for claims governed by 35 U.S.C. § 112 paragraph 6, the identity of structure(s), act(s), or materials(s) in each item of prior art that performs the claimed function.

Defendants do not presently contend that any of the Asserted Claims are governed by 35 U.S.C. §112(6).

Exhibit A includes charts directed to each of the following prior art patents, which are identified below by patent number, country of origin, date of issue, and first named inventor.

| PATENT NO. | COUNTRY OF ORIGIN | DATE OF ISSUE | FIRST NAMED INVENTOR |
|---|---|---|---|
| 2,530,048 | United States | Nov. 14, 1950 | Driscoll |
| 4,315,248 | United States | Feb. 9, 1982 | Ward |
| 4,654,662 | United States | Mar. 31, 1987 | Van Orsdel |
| 4,737,797 | United States | Apr. 12, 1988 | Siwiak |
| 4,744,004 | United States | May 10, 1988 | Hammond |
| 4,804,957 | United States | Feb. 14, 1989 | Selph |
| 4,825,220 | United States | Apr. 25, 1989 | Edward |
| 4,904,995 | United States | Feb. 27, 1990 | Bonner |
| 5,191,351 | United States | Mar. 2, 1993 | Hofer |

---

[1] Exhibit A-1 is directed to the '294 Patent, Exhibit A-2 is directed to the '713 Patent, and Exhibit A-3 is directed to the '699 Patent.

**DEFENDANTS' JOINT INVALIDITY CONTENTIONS AND PRODUCTION OF DOCUMENTS PURSUANT TO PATENT RULES 3-3 AND 3-4(B)- PAGE 6**

| 5,270,639 | United States | Dec. 14, 1993 | Moore |
|---|---|---|---|
| 5,541,589 | United States | Jul. 30, 1996 | Delaney |
| 5,553,094 | United States | Sep. 3, 1996 | Johnson |
| 5,659,300 | United States | Aug. 19, 1997 | Dresselhuys |
| 5,684,472 | United States | Nov. 4, 1997 | Bane |
| 5,847,683 | United States | Dec. 8, 1998 | Wolfe |
| 5,966,010 | United States | Oct. 12, 1999 | Loy |
| 5,986,574 | United States | Nov. 16, 1999 | Colton |
| 6,078,785 | United States | Jun. 20, 2000 | Bush |
| 5,014,213 | United States | May 7, 1991 | Edwards |
| Provisional 60/043,152 | United States | Apr. 10, 1997 | Whittaker |
| 5,621,419 | United States | Apr. 15, 1997 | Meek |

Exhibit A also includes charts directed to each of the following prior art systems, which are identified below by name and date of public use. Based on Defendants' current information, the prior art wireless metering systems shown below as ABB AIT and AXS4, on information and belief were sold by Cellnet in 1995, and were implemented and installed in the field in 1997 and are currently still in use. Because Defendants do not have access to the actual meters in the field, replicas of the meters have been created for the purpose of providing photographs in the Exhibit A invalidity charts associated with these systems. These replicas are intended to be representative of the prior art systems currently in use in the field and are believed to be substantially similar in all material respects. On information and belief, the Innovetec Meter described and pictured in the Exhibit A invalidity charts was publicly disclosed by Innovatec in 1996, and was first offered for sale by Innovatec in 1997. Based on Defendants' current information, the photographs presented for the Innovatec system reflect the actual metering system. The photographs of the prior-art systems provided in the Exhibit A invalidity charts are intended to provide views of the components of the prior art systems relevant to the given limitation.

| PUBLICATION NAME | DATE |
|---|---|

| PUBLICATION NAME | DATE |
|---|---|
| The ABB A1T Meter with Cellnet Communications (ABB A1T) | 1997 |
| The Landis+Gyr AXS4 Meter with Cellnet Communications ("AXS4") | 1997 |
| The Innovatec Meter (Innovatec) | 1996 |

To the extent any limitation is construed to have a similar meaning, or to encompass similar feature(s) and/or function(s), with any other claim limitation, and to the extent at least one claim chart in Exhibit A hereto identifies any prior art reference as disclosing or teaching such similarly construed claim limitation, such identified prior art reference and Defendants' contentions with respect to same, are incorporated by reference.

To the extent that they are prior art, Defendants reserve the right to rely upon (1) foreign counterparts of the U.S. Patents identified in Defendants' Invalidity Contentions, (2) U.S. counterparts of foreign patents and foreign patent applications identified in Defendants' Invalidity Contentions, and (3) U.S. and foreign patents and patent applications corresponding to articles and publications identified in Defendants' Invalidity Contentions.

The claim charts of Exhibit A indicate disclosures within the prior art references that teach or suggest each and every element of the asserted claims. To the extent that an element of an Asserted Claim is not found in a chart directed to anticipation under 35 U.S.C. § 102, the claim is rendered obvious by the references charted, modification of the references in light of the knowledge of one of ordinary skill in the art, and/or in combination with one or more other prior art references, which combinations are also identified in those portions of Exhibit A directed to obviousness under 35 U.S.C. § 103. Each reference or combination of references suggested by the charts in Exhibits A provide notice of whether the prior art renders the claim obvious or anticipated pursuant to P.R. 3-3(b).

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE TRANSDATA, INC. SMART METER PATENT LITIGATION** | **MDL Docket No. _____** |

**EXHIBIT 1**
**Representative Example of TransData's Infringement Contentions in the
First Texas Action**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TRANSDATA, INC., | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO. |
| | § | 6:10-cv-557-LED |
| v. | § | |
| | § | |
| CENTERPOINT ENERGY HOUSTON | § | JURY TRIAL DEMANDED |
| ELECTRIC, LLC, DENTON | § | |
| MUNICIPAL ELECTRIC, ONCOR | § | |
| ELECTRIC DELIVERY COMPANY | § | |
| LLC, and TEXAS-NEW MEXICO | § | |
| POWER COMPANY, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF TRANSDATA, INC.'S DISCLOSURE OF ASSERTED CLAIMS
AND INFRINGEMENT CONTENTIONS PURSUANT TO PATENT RULE 3-1
& DOCUMENT PRODUCTION ACCOMPANYING DISCLOSURE
PURSUANT TO PATENT RULE 3-2**

Plaintiff TransData, Inc. ("TransData") hereby makes the following infringement

disclosures under the Patent Rules with respect to U.S. Patent No. 6,181,294 ("the '294 Patent"),

U.S. Patent No. 6,462,713 ("the '713 Patent"), and U.S. Patent No. 6,903,699 ("the '699 Patent")

(collectively "TransData Patents").[1]  TransData's investigation is ongoing, discovery is in its

early stages, and the defendants have yet to produce any documents in this case.  Accordingly,

these disclosures are based on information available to TransData at this time. TransData

reserves the right to supplement this disclosure after further discovery from the defendants,

particularly documents and other discovery regarding the defendants' accused devices.

---

[1] All materials served pursuant to P.R. 3-1 are designated as Confidential and cannot be shared
with third parties without TransData's consent.

**TRANSDATA, INC.'S P.R. 3-1 & 3-2 CONTENTIONS**                                    PAGE 1

TransData also reserves the right to assert additional claims of the TransData Patents, accuse additional or different devices, or find alternative literal and/or equivalent infringing elements in defendants' accused devices.  Moreover, TransData reserves the right to amend this disclosure after the Court's Claim Construction Ruling pursuant to Patent Rule 3-6.

# I.      DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS PURSUANT TO P.R. 3-1.

## A.      Asserted Claims.

Defendants have infringed and continue to infringe the claims of the TransData Patents listed below.  TransData reserves the right to seek leave of court to add, delete, substitute, or otherwise amend this list of asserted claims should further discovery, the Court's Claim Construction Ruling, or other circumstances so merit.

### 1.      CenterPoint Energy Houston Electric, LLC

Defendant CenterPoint Energy Houston Electric, LLC ("CenterPoint") has infringed and continues to infringe at least the following claims of the TransData Patents:

- Claims 1, 2, 4, 5, 7, 8, 17-20, and 22-29 of the '294 Patent;

- Claims 1, 2, 4-7, and 15-26 of the '713 Patent; and

- Claims 1, 3-5, and 16 of the '699 Patent.

### 2.      Denton Municipal Electric

Defendant Denton Municipal Electric ("DME") has infringed and continues to infringe at least the following claims of the TransData Patents:

- Claims 1, 2, 4, 5, 7, 8, 17-20, and 22-28 of the '294 Patent;

- Claims 1, 2, 4-7, and 15-25 of the '713 Patent; and

- Claims 1, 3-5, and 16 of the '699 Patent.

### 3.      Oncor Electric Delivery Company LLC

Defendant Oncor Electric Delivery Company LLC ("Oncor") has infringed and continues to infringe at least the following claims of the TransData Patents:

- Claims 1, 2, 4, 5, 7, 8, 17-20, 22-27, and 30 of the '294 Patent;

- Claims 1-7, 15-24, and 27 of the '713 Patent; and

- Claims 1, 3-5, and 16 of the '699 Patent.

        4.     <u>Texas-New Mexico Power Company</u>

Defendant Texas-New Mexico Power Company ("TNMP") has infringed and continues to infringe at least the following claims of the TransData Patents:

- Claims 1, 2, 4, 5, 7, 8, 17-20, and 22-29 of the '294 Patent;

- Claims 1, 2, 4-7, and 15-26 of the '713 Patent; and

- Claims 1, 3-5, and 16 of the '699 Patent.

**B.       Accused Instrumentalities.**

TransData is currently aware of the accused instrumentalities listed below. TransData reserves the right to amend this list, as well as other information and charts contained in this document and the exhibits hereto, to incorporate new information obtained during the course of discovery.

- CenterPoint is using and/or has used the following infringing wireless electric meters and associated components:  Itron OpenWay Centron family of electric meters.  The Itron OpenWay Centron family of electric meters infringe at least the asserted claims 1, 2, 4, 5, 7, 8, 17-20, and 22-29 of the '294 Patent, the asserted claims 1, 2, 4-7, and 15-26 of the '713 Patent, and the asserted claims 1, 3-5, and 16 of the '699 Patent.

- DME is using and/or has used the following infringing wireless electric meters and associated components: General Electric kV2c family of electric meters with Itron

wireless modules. The General Electric kV2c family of electric meters with Itron wireless modules infringe at least the asserted claims 1, 2, 4, 5, 7, 8, 17-20, and 22-28 of the '294 Patent, the asserted claims 1, 2, 4-7, and 15-25 of the '713 Patent, and the asserted claims 1, 3-5, and 16 of the '699 Patent.

- Oncor is using and/or has used the following infringing wireless electric meters and associated components: 1) Landis+Gyr S4e family of electric meters with Metrum wireless modules; 2) Landis+Gyr S4e family of electric meters with Gridstream wireless modules; and 3) Landis+Gyr Focus AX family of electric meters with Gridstream wireless modules.

  - The Landis+Gyr S4e family of electric meters with Metrum wireless modules infringe at least the asserted claims 1, 2, 4, 5, 7, 8, 17-20, and 22-27 of the '294 Patent, the asserted claims 1, 2, 4-7, and 15-24 of the '713 Patent, and the asserted claims 1, 3-5, and 16 of the '699 Patent.

  - The Landis+Gyr S4e family of electric meters with Gridstream wireless modules infringe at least the asserted claims 1, 2, 4, 5, 7, 8, 17-20, 22-27, and 30 of the '294 Patent, the asserted claims 1, 2, 4-7, 15-24, and 27 of the '713 Patent, and the asserted claims 1, 3-5, and 16 of the '699 Patent.

  - The Landis+Gyr Focus AX family of electric meters with Gridstream wireless modules infringe at least the asserted claims 1, 3, 4, 7, 15, 17, and 20-24 of the '713 Patent and the asserted claims 1, 3-5, and 16 of the '699 Patent. On information and belief, discovery will show that the Landis+Gyr Focus AX family of electric meters with Gridstream

wireless modules also infringes certain claims of the '294 Patent.

- TNMP is using and/or has used the following infringing wireless electric meters and associated components: General Electric I-210c family of electric meters. The General Electric I-210c family of electric meters infringe at least the asserted claims 1, 2, 4, 5, 7, 8, 17-20, and 22-29 of the '294 Patent, the asserted claims 1, 2, 4-7, and 15-26 of the '713 Patent, and the asserted claims 1, 3-5, and 16 of the '699 Patent.

**C. Claim Charts.**

Claim charts identifying specifically where each element of each asserted claim of the TransData Patents is found within the Accused Instrumentalities of each of the defendants are attached hereto as Exhibits A-1, A-2, A-3, B-1, B-2, B-3, C-1, C-2, C-3, C-4, C-5, C-6, C-7, C-8, D-1, D-2 and D-3. TransData reserves the right to amend these claim charts, as well as other information contained in this document and the exhibits hereto, to incorporate new information obtained during the course of discovery. TransData further reserves the right to amend these claim charts, as well as other information contained in this document and the exhibits attached hereto, pursuant to Patent Rule 3-6.

- The claim charts identifying specifically where each element of each asserted claim of the TransData Patents is found within the Accused Instrumentalities used by CenterPoint is set forth in Exhibits A-1, A-2, and A-3.

- The claim charts identifying specifically where each element of each asserted claim of the TransData Patents is found within the Accused Instrumentalities used by DME is set forth in Exhibits B-1, B-2 and B-3.

- The claim charts identifying specifically where each element of each asserted claim of the TransData Patents is found within the Accused Instrumentalities used by Oncor

is set forth in Exhibits C-1, C-2, C-3, C-4, C-5, C-6, C-7, and C-8.

- The claim charts identifying specifically where each element of each asserted claim of the TransData Patents is found within the Accused Instrumentalities used by TNMP is set forth in Exhibits D-1, D-2, and D-3.

### D. Direct, Literal Infringement and Doctrine of Equivalents.

TransData asserts that the Defendants' accused devices directly infringe the asserted claims of the TransData Patents, as set forth in the claim charts attached hereto as Exhibits A-1, A-2, and A-3 for CenterPoint; B-1, B-2, and B-3 for DME; C-1, C-2, C-3, C-4, C-5, C-6, C-7, and C-8 for Oncor; and D-1, D-2, and D-3 for TNMP. Further, TransData asserts that each and every claim limitation is literally present in the Defendants' accused devices, as set forth in the claim charts attached hereto as Exhibits A-1, A-2, and A-3 for CenterPoint; B-1, B-2, and B-3 for DME; C-1, C-2, C-3, C-4, C-5, C-6, C-7, and C-8 for Oncor; and D-1, D-2, and D-3 for TNMP. For any limitation that is found to be not literally present, and/or in light of the claim construction position of Defendants or the Claim Construction Ruling, TransData reserves the right to amend these contentions to assert that such limitation is present under the doctrine of equivalents. TransData also reserves the right to amend its Infringement Contentions pursuant to Patent Rule 3-6.

### E. Priority Dates.

Each of the asserted claims of the '294 Patent is entitled to at least the priority date of U.S. Patent Application No. 09/040,113 filed on March 17, 1998. Each of the asserted claims of the '713 Patent is entitled to at least the priority date of U.S. Patent Application No. 09/040,113 filed on March 17, 1998. Each of the asserted claims of the '699 Patent is entitled to at least the priority date of U.S. Patent Application No. 09/040,113 filed on March 17, 1998. In addition,

under 35 U.S.C. § 102(a), (e), and (g), each asserted claim of the TransData Patents is entitled to a conception date at least as early as June 9, 1997.

### F. TransData's Products.

TransData presently identifies the following TransData products, and all versions and derivations thereof, that practice the claimed inventions of the TransData Patents:

- MARK-V Y
- MARK-V L
- MARK-V J
- MARK-V PCS
- MARK-V Starburst
- MARK-V 3G CDMA

TransData is continuing with its investigation. TransData reserves the right to add to, delete from, or otherwise modify the list of products in this section as its investigation proceeds.

## II. DOCUMENT PRODUCTION ACCOMPANYING DISCLOSURE PURSUANT TO P.R. 3-2.

TransData is producing documents corresponding to each of the categories set forth in Patent Rule 3-2.

- Documents with production numbers TD 00000110 and TD 00000363-385 are being produced pursuant to P.R. 3-2(a).

- Documents with production numbers TD 00000001-076 are being produced pursuant to P.R. 3-2(b).

- Documents with production numbers TD 00000386-692 are being produced pursuant to P.R. 3-2(c).

This preliminary identification of documents is for convenience and is not an admission that each document falls within any exemplary categories in the Patent Rules, or that any document qualifies as prior art. TransData is continuing with its investigation. Thus, TransData

reserves the right to add to, delete from, or otherwise modify its disclosures in this section as its

investigation proceeds.

Production of these documents is governed by Patent Rule 2-2.


Dated: February 11, 2011                    Respectfully submitted,

                                            /s/ Eric H. Findlay
                                            Eric H. Findlay

Paul R. Steadman, P.C.                      Eric Findlay
Matthew J. Hertko                           Texas State Bar No. 00789886
Bradley W. Micsky                           Brian Craft
**KIRKLAND & ELLIS LLP**                    Texas State Bar No. 04972020
300 N. LaSalle Street                       Joey Seeber
Chicago, Illinois 60654                     Texas State Bar No. 17979250
(312) 862-2000 Phone                        **FINDLAY CRAFT, LLP**
(312) 862-2200 Fax                          6760 Old Jacksonville Hwy.
paul.steadman@kirkland.com                  Suite 101
matthew.hertko@kirkland.com                 Tyler, TX 75703
bradley.micsky@kirkland.com                 (903) 534-1100 Phone
                                            (903) 534-1137 Fax
Robert G. Krupka, P.C.                       efindlay@findlaycraft.com
**KIRKLAND & ELLIS LLP**                    bcraft@findlaycraft.com
333 South Hope Street                       jseeber@findlaycraft.com
Los Angeles, CA 90071
(213) 680-8400 Phone
(213) 680-8500 Fax
bob.krupka@kirkland.com


                                            **ATTORNEYS FOR PLAINTIFF**
                                            **TRANSDATA, INC.**

# Exhibit A-1

**Infringement Chart for United States Patent No. 6,181,294 (CenterPoint Energy Houston Electric, LLC)**

This claim chart details the infringement[1] of the Itron Centron electric meter[2] used by CenterPoint Energy Houston Electric, LLC ("CenterPoint") (Exs. A-A, A-B). [3]

| USP 6,181,294 | Infringement Support |
|---|---|
| 1. An antenna for use with an electric meter chassis having a dielectric housing protruding therefrom, said antenna allowing electric meter circuitry within said chassis to communicate wirelessly through said dielectric housing, comprising: | To the extent the preamble is limiting, the Itron Centron electric meter has an antenna for use with an electric meter chassis having a protruding dielectric housing allowing electric meter circuitry within the chassis to communicate wirelessly:<br><br>Ex. A-C at 1. |

---

[1] TransData reserves the right to add additional asserted claims as discovery in this matter progresses. TransData also reserves the right to amend these contentions pursuant to P.R. 3-6.

[2] TransData reserves the right to amend these contentions to include additional accused products used by CenterPoint as discovery in this matter progresses

[3] All materials served pursuant to P.R. 3-1 are designated as Confidential and cannot be shared with third parties without TransData's consent.

# Exhibit A-1

**Infringement Chart for United States Patent No. 6,181,294 (CenterPoint Energy Houston Electric, LLC)**

| USP 6,181,294 | Infringement Support |
|---|---|
| | The meter housing is plastic which is a dielectric material.<br><br>The Itron Centron electric meter incorporates electric meter circuitry:<br><br><br><br>Ex. A-C at 2. |

# Exhibit A-1
**Infringement Chart for United States Patent No. 6,181,294 (CenterPoint Energy Houston Electric, LLC)**

| USP 6,181,294 | Infringement Support |
|---|---|
| | This circuit board contains the wireless communication circuit:<br><br><br><br>Ex. A-C at 3. |

# Exhibit A-1

**Infringement Chart for United States Patent No. 6,181,294 (CenterPoint Energy Houston Electric, LLC)**

| USP 6,181,294 | Infringement Support |
|---|---|
| | The Itron Centron electric meter is capable of two-way communication:<br><br>> Non-volatile memory: All programming, register, TOU and load profile data are stored during a power outage.<br>> Optical port communication allows each module to be programmed to communicate at 9600, 14400, 19200 or 28800 baud through the optical tower.<br>> Self-read capability means billing data can be stored automatically at programmable times to be read later.<br>> Includes 144K RAM for up to eight channels of load profile data.<br>> Bi-directional metering: All three multi-function modules are capable of measuring and displaying delivered, received and net energy (kWh).<br><br>Ex. A-D at 3.<br><br>In addition, the Itron Centron electric meter operates using established cellular protocols (e.g. CDMA/GSM). These protocols require a two-way handshaking process before any data transmissions can occur.<br><br>*See* Ex. A-D; Ex. A-E. |

# Exhibit A-1

**Infringement Chart for United States Patent No. 6,181,294 (CenterPoint Energy Houston Electric, LLC)**

| USP 6,181,294 | Infringement Support |
|---|---|
| antenna elements, located within said dielectric housing and adapted to transmit and receive electromagnetic radiation; and | The antenna is located within the plastic dielectric housing and adapted to transmit and receive electro magnetic radiation:<br><br><br><br>Ex. A-C at 1.<br><br>The Itron Centron electric meter is capable of transmitting and receiving electromagnetic radiation:<br><br>> Non-volatile memory: All programming, register, TOU and load profile data are stored during a power outage.<br>> Optical port communication allows each module to be programmed to communicate at 9600, 14400, 19200 or 28800 baud through the optical tower.<br>> Self-read capability means billing data can be stored automatically at programmable times to be read later.<br>> Includes 144K RAM for up to eight channels of load profile data.<br>> Bi-directional metering: All three multi-function modules are capable of measuring and displaying received, received and net energy (kWh).<br><br>Ex. A-D at 3. |

# Exhibit A-1
**Infringement Chart for United States Patent No. 6,181,294 (CenterPoint Energy Houston Electric, LLC)**

| USP 6,181,294 | Infringement Support |
|---|---|
| | In addition, the Itron Centron electric meter operates using established cellular protocols (e.g. CDMA/GSM). These protocols require a two-way handshaking process before any data transmissions can occur.<br><br>*See* Ex. A-D; Ex. A-E. |
| a balance circuit, coupled to said antenna elements to cause said antenna elements to act as said antenna and couplable to an unbalanced output port of a wireless communication circuit, that balances an impedance of said unbalanced output port thereby to balance said antenna. | The Itron Centron electric meter has a balance circuit coupled to the antenna and that is couplable to the unbalanced port of a wireless communication circuit:<br><br><br><br>Ex. A-C at 9. The balance circuit balances the impedance of the unbalanced output port thereby to balance the antenna. |

# Exhibit A-1
**Infringement Chart for United States Patent No. 6,181,294 (CenterPoint Energy Houston Electric, LLC)**

| USP 6,181,294 | Infringement Support |
|---|---|
| | This circuit board contains the wireless communication circuit:  Ex. A-C at 3. The wire used to couple the antenna to the wireless communication circuit is an unbalanced coaxial cable. A balancing circuit must be present for the antenna to operate. *See* Ex. A-D. |

# Exhibit B-1
**Infringement Chart for United States Patent No. 6,181,294 (Denton Municipal Electric)**

     This claim chart details the infringement[1] of the General Electric kV2c electric meter[2] incorporating an Itron wireless module used by Denton Municipal Electric ("DME") (Ex. B-A).[3]

---

[1] TransData reserves the right to add additional asserted claims as discovery in this matter progresses.  TransData also reserves the right to amend these contentions pursuant to P.R. 3-6.

[2] TransData reserves the right to amend these contentions to include additional accused products used by DME as discovery in this matter progresses

[3] All materials served pursuant to P.R. 3-1 are designated as Confidential and cannot be shared with third parties without TransData's consent.

# Exhibit B-1
**Infringement Chart for United States Patent No. 6,181,294 (Denton Municipal Electric)**

| USP 6,181,294 | Infringement Support |
|---|---|
| 1. An antenna for use with an electric meter chassis having a dielectric housing protruding therefrom, said antenna allowing electric meter circuitry within said chassis to communicate wirelessly through said dielectric housing, comprising: | To the extent the preamble is limiting, DME is using GE kV2c electric meter has an electric meter chassis having a protruding dielectric housing:<br><br><br><br>Ex. B-A at 1.<br><br>The meter housing is made of plastic which is a dielectric material. |

# Exhibit B-1
**Infringement Chart for United States Patent No. 6,181,294 (Denton Municipal Electric)**

| USP 6,181,294 | Infringement Support |
|---|---|
| | The GE kV2c electric meters incorporate Itron wireless modules with FCC ID  EO953ESS:<br><br><br><br>Ex. B-A at 1.<br><br>The Itron wireless module has an antenna allowing wireless communication through the dielectric housing:<br><br>**Is the antenna either permanently attached or employ a "unique" antenna coupler (at all connections between the module and the antenna, including the cable)?**<br>  The antenna is a special made antenna that snaps onto the front face of the meter. The antenna connection mechanism is unique to this product.<br><br>Ex. B-C at 1. |

# Exhibit B-1
**Infringement Chart for United States Patent No. 6,181,294 (Denton Municipal Electric)**

| USP 6,181,294 | Infringement Support |
|---|---|
| | The GE kV2c electric meter has electric meter circuitry:<br><br><br><br>Ex. B-B at 3. |

# Exhibit B-1
**Infringement Chart for United States Patent No. 6,181,294 (Denton Municipal Electric)**

| USP 6,181,294 | Infringement Support |
|---|---|
| | ### 1.3.1 Theory of Operation<br><br>The theory of operation of the kV2c Vector Electricity Meter is described in conjunction with the block diagram shown in Figure 1-2.<br><br><br><br>Ex. B-D at 16-17. |
| antenna elements, located | The antenna elements are located within the plastic dielectric housing and adapted to transmit and |

# Exhibit B-1

**Infringement Chart for United States Patent No. 6,181,294 (Denton Municipal Electric)**

| USP 6,181,294 | Infringement Support |
|---|---|
| within said dielectric housing and adapted to transmit and receive electromagnetic radiation; and | receive electromagnetic radiation: <br><br>  <br><br> Ex. B-A at 1. <br><br> The antenna elements attach to the face of the electric meter within the housing: <br><br> **Is the antenna either permanently attached or employ a "unique" antenna coupler (at all connections between the module and the antenna, including the cable)?** The antenna is a special made antenna that snaps onto the front face of the meter. The antenna connection mechanism is unique to this product. <br><br> Ex. B-C at 1. |

# Exhibit B-1
**Infringement Chart for United States Patent No. 6,181,294 (Denton Municipal Electric)**

| USP 6,181,294 | Infringement Support |
|---|---|
| | The antenna and wireless communication module:  Ex. B-C at 3. The GE kV2c is capable of transmitting and receiving electromagnetic radiation. In addition, the GE kV2c electric meter operates in cellular frequencies using established cellular protocols (e.g. CDMA/GSM). These protocols require a two-way handshaking process before any data transmissions can occur. *See* Ex. B-B, Ex. B-C, Ex. B-D. |

# Exhibit B-1
**Infringement Chart for United States Patent No. 6,181,294 (Denton Municipal Electric)**

| USP 6,181,294 | Infringement Support |
|---|---|
| a balance circuit, coupled to said antenna elements to cause said antenna elements to act as said antenna and couplable to an unbalanced output port of a wireless communication circuit, that balances an impedance of said unbalanced output port thereby to balance said antenna. | The Itron wireless module has antenna elements and a wireless communication circuit:<br><br><br><br>Ex. B-C at 3.  The yellow arrows indicate the antenna elements.  The red box identifies the balance circuit.  The Itron wireless module contains integrated circuit components that comprise the balance circuit.  The antenna connects to the wireless communication circuit via an unbalanced electrical trace and balances the impedance of the unbalanced output port thereby to balance the antenna.<br><br>*See* Ex. B-B, Ex. B-C, Ex. B-D. |

# Exhibit C-1

**Infringement Chart for United States Patent No. 6,181,294 (Oncor Electric Delivery Company LLC)**

     This claim chart details the infringement[1] of the Landis+Gyr S4e electric meter[2] incorporating a Metrum wireless module used by Oncor Electric Delivery Compnay LLC ("Oncor")(Ex. C-C).[3]

---

[1] TransData reserves the right to add additional asserted claims as discovery in this matter progresses. TransData also reserves the right to amend these contentions pursuant to P.R. 3-6.

[2] TransData reserves the right to amend these contentions to include additional accused products used by Oncor as discovery in this matter progresses

[3] All materials served pursuant to P.R. 3-1 are designated as Confidential and cannot be shared with third parties without TransData's consent.

# Exhibit C-1

**Infringement Chart for United States Patent No. 6,181,294 (Oncor Electric Delivery Company LLC)**

| USP 6,181,294 | Infringement Support |
|---|---|
| 1. An antenna for use with an electric meter chassis having a dielectric housing protruding therefrom, said antenna allowing electric meter circuitry within said chassis to communicate wirelessly through said dielectric housing, comprising: | To the extent the preamble is limiting, Oncor is using a Landis+Gyr S4e electric meter with a dielectric housing protruding from the electric meter chassis:<br><br><br><br>Ex. C-C.<br><br>The Landis+Gyr S4e meters incorporate Metrum OV2000IP wireless modules.<br><br><br><br>Ex. C-C.<br><br>The Metrum OV2000IP wireless modules incorporate WP Wireless antennas. Ex C-L.  The antenna allows the electric meter circuitry to comunicate wirelessly through the dielectric housing. |

# Exhibit C-1
**Infringement Chart for United States Patent No. 6,181,294 (Oncor Electric Delivery Company LLC)**

| USP 6,181,294 | Infringement Support |
|---|---|
| | The housing is made of plastic which is a dielectric material.<br><br>The Landis+Gyr S4e meter incorporates electric meter circuitry:<br><br><br><br>Ex. C-N at 1. |

# Exhibit C-1
**Infringement Chart for United States Patent No. 6,181,294 (Oncor Electric Delivery Company LLC)**

| USP 6,181,294 | Infringement Support |
|---|---|
| | The Metrum OV2000 Wireless Module allows the Landis+Gyr S4e Meter to communicate wirelessly.<br><br>**OV2000IP S4e**<br><br>Metrum Technologies' integrated wireless solution for the Landis+Gyr S4e family of meters is the ideal wireless C&I meter communications product.<br><br>Ex. C-J.<br><br><br><br>Ex. C-M at 6. |

# Exhibit C-1

**Infringement Chart for United States Patent No. 6,181,294 (Oncor Electric Delivery Company LLC)**

| USP 6,181,294 | Infringement Support |
|---|---|
| | The Landis+Gyr S4e meter is capable of two-way communication:<br><br>Contained completely "Under the Cover", this true pass through technology makes remote communications, data acquisition, and wireless meter programming easy and dependable by utilizing the CDMA/1xRTT or the GSM/GPRS public network and the Utility's existing MV-90 meter reading systems and practices.<br><br>Available for all forms and voltages, the OV2000IP-S4 features true pass through communications, auto-ranging power supply, remote diagnostics and programming, over-the-air activation and configurability for packet switched data, automated error code and power restoration notification, telnet communications, meter programming and much more.<br><br>Ex. C-J.<br><br>In addition, the Landis+Gyr S4e meter operates using established cellular protocols (*e.g.* CDMA/GSM). These protocols require a two-way handshaking process before any data transmissions can occur.<br><br>*See* Ex. C-J, Ex. C-M, Ex. C-N. |
| antenna elements, located within said dielectric housing and adapted to transmit and receive electromagnetic radiation; and | The antenna elements are located within the electric meter housing and adapted to transmit and receive electromagnetic radiation: |

# Exhibit C-1
**Infringement Chart for United States Patent No. 6,181,294 (Oncor Electric Delivery Company LLC)**

| USP 6,181,294 | Infringement Support |
|---|---|
| |  **Part Number Configuration Guide** WPIANT UGM L R1 200 06 A1 (1) (2) (3) (4) (5) (6) (7) Above example= **UGM**; Under Glass Mount (<u>with radome/housing</u>), F;GSM 850/1900, **R1**; RG178 cable, **200**; 200mm long, **06**; RA MMCX connector, **A1**; revision A1 **(1) Product Type** WPIANT: Antenna **(2) Product Series** UGM: Under Glass Mount Antenna Ex. C-M at 7. The antenna elements are located within the dielectric housing:  Ex. C-C. |

# Exhibit C-1

**Infringement Chart for United States Patent No. 6,181,294 (Oncor Electric Delivery Company LLC)**

| USP 6,181,294 | Infringement Support |
|---|---|
| | The OV2000IP is located within the dielectric housing:<br><br>Contained completely "Under the Cover", this true pass through technology makes remote communications, data acquisition, and wireless meter programming easy and dependable by utilizing the CDMA/1xRTT or the GSM/GPRS public network and the Utility's existing MV-90 meter reading systems and practices.<br><br>Ex. C-J.<br><br>The Landis+Gyr S4e meter is capable of transmitting and receiving electromagnetic radiation:<br><br>Contained completely "Under the Cover", this true pass through technology makes remote communications, data acquisition, and wireless meter programming easy and dependable by utilizing the CDMA/1xRTT or the GSM/GPRS public network and the Utility's existing MV-90 meter reading systems and practices.<br><br>Available for all forms and voltages, the OV2000IP-S4 features true pass through communications, auto-ranging power supply, remote diagnostics and programming, over-the-air activation and configurability for packet switched data, automated error code and power restoration notification, telnet communications, meter programming and much more.<br><br>Ex. C-J |

# Exhibit C-1

**Infringement Chart for United States Patent No. 6,181,294 (Oncor Electric Delivery Company LLC)**

| USP 6,181,294 | Infringement Support |
|---|---|
| | In addition, the Landis+Gyr S4e meter operates using established cellular protocols (*e.g.* CDMA/GSM). These protocols require a two-way handshaking process before any data transmissions can occur.<br><br>*See* Ex. C-J, Ex. C-M, Ex. C-N. |
| a balance circuit, coupled to said antenna elements to cause said antenna elements to act as said antenna and couplable to an unbalanced output port of a wireless communication circuit, that balances an impedance of said unbalanced output port thereby to balance said antenna. | The WP antenna is coupled to the Metrum OV2000 wireless module wireless communication circuit via a micro-coaxial cable:<br><br><br><br>Ex. C-M at 5. |

# Exhibit C-1

**Infringement Chart for United States Patent No. 6,181,294 (Oncor Electric Delivery Company LLC)**

| USP 6,181,294 | Infringement Support |
|---|---|
| | (4) **Cable type**<br>R1: RG178<br>R2: 1.13mm OD micro-coaxial<br>R3: 1.30mm OD micro-coaxial<br><br>(5) **Cable Length**<br>XXX: 3 digits in mm (eg: 200= 200mm long)<br><br>Ex. C-M at 7.<br><br>The port on the Metrum OV2000IP wireless module that receives the coaxial cable is unbalanced because coaxial cables are unbalanced.<br><br>The electrical properties set forth in the WP Wireless Antenna specification show the inclusion of a balancing circuit that balances an impedance of the unbalanced output port thereby to balance the antenna: |

**Electrical Properties**

| Parameter | Frequency Code: L | |
|---|---|---|
| | ISM 915 MHz | ISM 2.4 GHz |
| Operating Frequency [GHz] | 902 ~ 928MHz | 2.40 ~ 2.50GHz |
| Nominal Impedance [Ω] | 50 Ohms | |
| VSWR | 2.0:1 | 2.0:1 |
| Peak Gain [dBi] (Typical) | 3.0dBi | 3.0dBi |
| Efficiency (in %) | 60% | 60% |
| Polarization | Linear | |
| Pattern | Omni-Directional | |
| Accepted Power [W] (Max) | 2 watts (+33dBm) | |

# Exhibit C-1

**Infringement Chart for United States Patent No. 6,181,294 (Oncor Electric Delivery Company LLC)**

| USP 6,181,294 | Infringement Support |
|---|---|
| | Ex. C-M at 1. |
| | The WP Wireless antenna is a dipole: |
| | The WP\ANTUGM series antenna is typically used in commercial and industrial (C&I) as well as Residential solid state electric meter automated meter reader applications that use the ISM 900MHz, 2.4GHz or WAN GSM850/1900 or GSM900/1800 MHz bands. It's ultra-low profile and flexible circuit dipole construction enables high performance efficiency numbers (installed in meter) typically in excess of 60%. |
| | Ex. C-M at 1. |
| |  |
| | Ex. C-M at 1. |
| | In addition, the Landis+Gyr S4e meter operates using established cellular protocols (*e.g.* CDMA/GSM). These protocols require a two-way handshaking process before any data transmissions can occur. |
| | *See* Ex. C-J, Ex. C-M, Ex. C-N. |
| 2. The antenna as recited in claim 1 wherein said antenna elements generally conform to a portion of an internal surface of said dielectric | *See Claim 1*<br><br>The WP Wireless antenna elements generally conform to a portion of an internal surface of the dielectric housing. |

# Exhibit D-1
**Infringement Chart for United States Patent No. 6,181,294 (Texas-New Mexico Power Company)**

This claim chart details the infringement[1] of the General Electric I-210c electric meter[2] used by Texas-New Mexico Power Company ("TNMP") (Ex. D-A). [3]

---

[1] TransData reserves the right to add additional asserted claims as discovery in this matter progresses. TransData also reserves the right to amend these contentions pursuant to P.R. 3-6.

[2] TransData reserves the right to amend these contentions to include additional accused products used by TNMP as discovery in this matter progresses

[3] All materials served pursuant to P.R. 3-1 are designated as Confidential and cannot be shared with third parties without TransData's consent.

# Exhibit D-1
**Infringement Chart for United States Patent No. 6,181,294 (Texas-New Mexico Power Company)**

| USP 6,181,294 | Infringement Support |
|---|---|
| 1. An antenna for use with an electric meter chassis having a dielectric housing protruding therefrom, said antenna allowing electric meter circuitry within said chassis to communicate wirelessly through said dielectric housing, comprising: | To the extent the preamble is limiting, the GE I-210c electric meter which has an antenna for use with an electric meter chassis having a protruding dielectric housing:  Ex. D-B at 1. The meter housing is plastic which is a dielectric material. |

# Exhibit D-1
**Infringement Chart for United States Patent No. 6,181,294 (Texas-New Mexico Power Company)**

| USP 6,181,294 | Infringement Support |
|---|---|
| | The GE I-210c electric meter incorporates electric meter circuitry:<br><br><br><br>Ex. D-B at 2. |

# Exhibit D-1

**Infringement Chart for United States Patent No. 6,181,294 (Texas-New Mexico Power Company)**

| USP 6,181,294 | Infringement Support |
|---|---|
| | The GE I-210c electric meter has wireless communication circuitry coupled to the electric meter circuitry:<br><br><br><br>Ex. D-B at 3.  The GE I-210c electric meter is capable of two-way communications: |

# Exhibit D-1
**Infringement Chart for United States Patent No. 6,181,294 (Texas-New Mexico Power Company)**

| USP 6,181,294 | Infringement Support |
|---|---|
| | **Advanced Metering Functionality**<br>• Remote Disconnect/Reconnect<br>• Flexible Two-Way Data Retrieval<br>• Scheduled & On-Demand Reads<br>• Interval Reads (5, 15, 30, 60 minutes)<br>• Real-Time Interval Reads<br>• Automated Register, Self-Read & TOU<br>• Demand Resets<br>• Real-Time Meter Event & Alarm Retrieval<br>• Real-Time Power Outage & Restoration<br>• Service Diagnostics & Tamper Detection<br>• Tilt Detection<br>• Meter Clock Synchronization<br>• SmartMeter Status Display<br>• Automated Meter Registration<br>• Secure & Encrypted Data Transmissions<br>• Bi-Directional Metering<br>• Over-The-Air SmartMeter Module Firmware Upgrade<br><br>Ex. D-C at 1.<br><br><br>In addition, the GE I-210c electric meter operates in cellular frequencies using established cellular protocols (e.g. CDMA/GSM).  These protocols require a two-way handshaking process before any data transmissions can occur.<br><br>*See* Ex. D-C, Ex. D-D. |

# Exhibit D-1
**Infringement Chart for United States Patent No. 6,181,294 (Texas-New Mexico Power Company)**

| USP 6,181,294 | Infringement Support |
|---|---|
| antenna elements, located within said dielectric housing and adapted to transmit and receive electromagnetic radiation; and | The antenna is located within the plastic dielectric housing:<br><br><br><br>Ex. D-B at 1. |

# Exhibit D-1
**Infringement Chart for United States Patent No. 6,181,294 (Texas-New Mexico Power Company)**

| USP 6,181,294 | Infringement Support |
|---|---|
| | The GE I-210c electric meter has wireless communication circuitry coupled to said electric meter circuitry:<br><br><br><br>Ex. D-B at 3. |

# Exhibit D-1

**Infringement Chart for United States Patent No. 6,181,294 (Texas-New Mexico Power Company)**

| USP 6,181,294 | Infringement Support |
|---|---|
| | The GE I-210c electric meter is capable of transmitting and receiving electromagnetic radiation:<br><br>**Advanced Metering Functionality**<br>• Remote Disconnect/Reconnect<br>• Flexible Two-Way Data Retrieval<br>• Scheduled & On-Demand Reads<br>• Interval Reads (5, 15, 30, 60 minutes)<br>• Real-Time Interval Reads<br>• Automated Register, Self-Read & TOU<br>• Demand Resets<br>• Real-Time Meter Event & Alarm Retrieval<br>• Real-Time Power Outage & Restoration<br>• Service Diagnostics & Tamper Detection<br>• Tilt Detection<br>• Meter Clock Synchronization<br>• SmartMeter Status Display<br>• Automated Meter Registration<br>• Secure & Encrypted Data Transmissions<br>• Bi-Directional Metering<br>• Over-The-Air SmartMeter Module Firmware Upgrade<br><br>Ex.D-C at 1.<br><br>In addition, the GE I-210c electric meter operates in cellular frequencies using established cellular protocols (e.g. CDMA/GSM).  These protocols require a two-way handshaking process before any data transmissions can occur.<br><br>*See* Ex. D-C, Ex. D-D. |

# Exhibit D-1
**Infringement Chart for United States Patent No. 6,181,294 (Texas-New Mexico Power Company)**

| USP 6,181,294 | Infringement Support |
|---|---|
| a balance circuit, coupled to said antenna elements to cause said antenna elements to act as said antenna and couplable to an unbalanced output port of a wireless communication circuit, that balances an impedance of said unbalanced output port thereby to balance said antenna. | The GE I-201c electric meter has a balance circuit that is part of the antenna and that is couplable to the unbalanced port of a wireless communication circuit:  Ex. D-B at 16. The red box indicates the balance circuit. The wire used to couple the antenna to the wireless communication circuit is an unbalanced coaxial cable. |
| 2. The antenna as recited in claim 1 wherein said | *See Claim 1* <br> The GE I-210c electric meter has antenna elements that generally conform to a portion of an internal |

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE TRANSDATA, INC. SMART METER PATENT LITIGATION** | **MDL Docket No.** _____ |

**EXHIBIT 10**
**Excerpt from LegalMetric District Judge Report–Eastern District of Texas–Patent Cases–
January 2006 to May 2011 (2011)**

# *Legal*Metric

## LegalMetric District Judge Report

### Eastern District of Texas

### Patent Cases

### January, 2006 to May, 2011

This report contains confidential and proprietary information of LegalMetric, LLC. Use of this information by anyone other than the purchaser or, if the purchaser is a law firm, the purchaser's client, or disclosure of this information to persons other than the purchaser or, if the purchaser is a law firm, the purchaser's client, without the consent of LegalMetric, LLC is prohibited.

The information contained in this report is obtained from the official docket records of the federal courts. No attempt has been made to correct that data. For example, cases may be misclassified in the official docket records. In addition, cases are classified only by the primary cause of action. Cases having multiple causes of action are analyzed only under the primary cause of action identified on the official court docket.

LegalMetric, LLC is not a law firm, does not provide legal advice, and is not engaged in the practice of law. No attorney-client relationship exists between LegalMetric, LLC and any user of its products. LegalMetric provides statistical and analytical information to anyone who desires to purchase that information. Any purchaser of LegalMetric products who wants legal advice should hire an attorney.

# Experience

The active judges in the Eastern District of Texas vary considerably in their exposure to patent cases in general and to significant motions in those cases.

## Total Number of Patent Cases—By Judge

There were 137 total patent cases for each active judge (on average). But the actual number of patent cases per judge varies significantly. The table below shows the total number of patent cases and total number of closed patent cases for each of these judges.

| Judge | Number of Patent Cases | Number of Closed Patent Cases |
|-------|------------------------|-------------------------------|
| Average for the Court | 137 | 87 |
| Clark | 128 | 110 |
| Craven | 1 | 0 |
| Crone | 1 | 1 |
| Davis | 561 | 382 |
| Everingham | 122 | 83 |
| Folsom | 430 | 271 |
| Giblin | 5 | 3 |
| Heartfield | 1 | 1 |
| Love | 40 | 31 |
| Schell | 53 | 37 |
| Schneider | 68 | 36 |
| Ward | 784 | 433 |

© Copyright 2011, LegalMetric, LLC, All Rights Reserved

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| IN RE TRANSDATA, INC. SMART METER PATENT LITIGATION | MDL Docket No. _____ |
|---|---|

## SCHEDULE OF ACTIONS

| No. | Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|---|
| 1 | **Plaintiffs:** TransData, Inc. **Defendant:** Alabama Power Company | M.D. Alabama (Montgomery) | 2:11-cv-00635 | Judge Myron H. Thompson |
| 2 | **Plaintiff:** TransData, Inc. **Defendants:** Georgia Power Company | M.D. Georgia (Macon) | 5:11-cv-00305 | Judge Marc Thomas Treadwell |
| 3 | **Plaintiff:** TransData, Inc. **Defendant:** Mississippi Power Company | S.D. Mississippi (Jackson) | 3:11-cv-00499 | Judge Carlton W. Reeves |

| No. | Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|---|
| 4 | **Plaintiff:**<br>TransData, Inc.<br><br>**Defendant:**<br>Oklahoma Gas & Electric Company | W.D. Oklahoma (Oklahoma City) | 5:11-cv-01032 | Judge Robin J. Cauthron |
| 5 | **Plaintiff:**<br>TransData, Inc.<br><br>**Defendants:**<br>Centerpoint Energy Houston Electric, LLC, Denton Muncipal Electric, Oncor Electric Delivery Company, LLC, and Texas-New Mexico Power Company | E.D. Texas (Tyler) | 6:10-cv-00557 | Judge Leonard Davis |
| 6 | **Plaintiff:**<br>TransData, Inc.<br><br>**Defendants:**<br>Tri-County Electric Cooperative, Inc. | E.D. Texas (Tyler Div.) | 6:11-cv-00046 | Judge Leonard Davis |
| 7 | **Plaintiff:**<br>TransData, Inc.<br><br>**Defendant:**<br>Denton County Electric Cooperative, Inc., d/b/a CoServ Electric | E.D. Texas (Tyler Div.) | 6:11-cv-00113 | Judge Leonard Davis |

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE TRANSDATA, INC. SMART
METER PATENT LITIGATION

MDL Docket No. _____

**Complaint and Docket Sheet for** *TransData, Inc. v. CenterPoint Energy Houston Electric,*
*LLC, et al.,* **Case No. 6:10-cv-00557 (E.D. Tex.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **TRANSDATA, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | **6:10-cv-557** |
| | § | |
| **CENTERPOINT ENERGY HOUSTON** | § | **JURY TRIAL DEMANDED** |
| **ELECTRIC, LLC, DENTON** | § | |
| **MUNICIPAL ELECTRIC, ONCOR** | § | |
| **ELECTRIC DELIVERY COMPANY** | § | |
| **LLC, and TEXAS-NEW MEXICO** | § | |
| **POWER COMPANY,** | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF TRANSDATA, INC.'S
## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff TransData, Inc., for its complaint against Defendants CenterPoint Energy Houston Electric, LLC, Denton Municipal Electric, Oncor Electric Delivery Company LLC and Texas-New Mexico Power Company, hereby demands a jury trial and alleges as follows:

## THE PARTIES

1.     Plaintiff TransData, Inc. ("TransData") is a Texas corporation having a place of business at 2560 Tarpley Road, Carrollton, Texas 75006.

2.     TransData was founded in 1969, and has been involved in the design and manufacture of power and energy metering products for over 40 years. Specifically, TransData has been active in the design and manufacture of digital solid-state electric meters since approximately 1979 and has brought six generations of solid-state electric meters to market.

TransData had its headquarters in Tyler, Texas from 1987 to 1990, and has occupied its current suburban-Dallas location since 1990.

3.      TransData has provided electric meters and related products and services to over 500 electric utilities and power producers in more than 25 countries worldwide, including all of the 50 largest electric utility companies in the United States.

4.      Upon information and belief, Defendant CenterPoint Energy Houston Electric, LLC ("CenterPoint") is a Texas Limited Liability Company having a place of business at 1111 Louisiana Street, Houston, Texas 77002. CenterPoint has appointed CT Corporation System, located at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201, as its agent for service of process in Texas.

5.      Upon information and belief, Defendant Denton Municipal Electric ("DME") is an electricity utility owned and operated by the City of Denton, Texas having a place of business at 215 E. McKinney Street, Denton, Texas 76201. Service of process upon DME can be effectuated by serving the city manager of the City of Denton, Texas.

6.      Upon information and belief, Defendant Oncor Electric Delivery Company LLC ("Oncor") is a Delaware Limited Liability Company having a place of business at 1601 Bryan Street, Energy Plaza, Dallas, Texas 75201. Oncor has appointed CT Corporation System, located at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201, as its agent for service of process in Texas.

7.      Upon information and belief, Defendant Texas-New Mexico Power Company ("TNMP") is a Texas Corporation having a place of business at 577 N. Garden Ridge Blvd,

Lewisville, Texas 75067. TNMP has appointed Scott S. Seamster, located at 225 E. John Carpenter Freeway, Suite 1500, Irving, Texas 75062, as its agent for service of process in Texas.

## JURISDICTION

8.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 e*t seq.*  This Court has original and exclusive subject matter jurisdiction over the patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338.

9.     This Court has personal jurisdiction over CenterPoint because CenterPoint has established contacts with the forum—including by voluntarily conducting business and soliciting customers in the State of Texas—and the exercise of jurisdiction over CenterPoint would not offend the traditional notions of fair play and substantial justice.  CenterPoint is a Texas Limited Liability Company and has extensive business operations in Texas.

10.     This Court has personal jurisdiction over DME because DME has established contacts with the forum—including by voluntarily conducting business and soliciting customers in the State of Texas—and the exercise of jurisdiction over DME would not offend the traditional notions of fair play and substantial justice.  DME is a Texas company based in Denton, Texas and operates within the City of Denton.

11.     This Court has personal jurisdiction over Oncor because Oncor has established contacts with the forum—including by voluntarily conducting business and soliciting customers in the State of Texas—and the exercise of jurisdiction over Oncor would not offend the

traditional notions of fair play and substantial justice. Oncor is a Texas Limited Liability Company and has extensive business operations in Texas.

12.     This Court has personal jurisdiction over TNMP because TNMP has established contacts with the forum—including by voluntarily conducting business and soliciting customers in the State of Texas—and the exercise of jurisdiction over TNMP would not offend the traditional notions of fair play and substantial justice. TNMP is based in Lewisville, Texas and has extensive business operations in Texas.

## **VENUE**

13.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and/or 1400 because each of the defendants is subject to personal jurisdiction in the Eastern District of Texas.

14.     Venue is proper in this judicial district as to CenterPoint because CenterPoint is doing business in the Eastern District of Texas, and also because it is currently using infringing electric meters (including but not limited to the Itron OpenWay Centron electric meter) within the Eastern District of Texas.

15.     Venue is proper in this judicial district as to DME because DME is based in Denton, Texas, which is located in the Eastern District of Texas, because DME is doing business in the Eastern District of Texas, and also because it is currently using infringing meters (including but not limited to the General Electric kV2c electric meter) within the Eastern District of Texas.

16.     Venue is proper in this judicial district as to Oncor because Oncor is doing business in the Eastern District of Texas, and also because it is currently using infringing electric meters (including but not limited to the Landis+Gyr Focus AX electric meter) within the Eastern District of Texas.

17.     Venue is proper in this judicial district as to TNMP because TNMP is based in Lewisville, Texas, which is located in the Eastern District of Texas, because TNMP is doing business in the Eastern District of Texas, and also because it is currently using infringing meters (including but not limited to the General Electric I-210c electric meter) within the Eastern District of Texas.

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 6,181,294

18.     TransData realleges and incorporates by reference the allegations in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19.     United States Patent No. 6,181,294 ("the '294 Patent"), entitled "Antenna for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on January 30, 2001.  The '294 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '294 Patent.  A copy of the '294 Patent is attached hereto as Exhibit 1.

20.     The '294 Patent is valid and enforceable.

21.     CenterPoint has infringed, and is still infringing, one or more claims of the '294 Patent by making, using, offering to sell, selling, and/or importing certain electric meters, including but not limited to the Itron OpenWay Centron electric meter.

22.     On information and belief, CenterPoint has actively induced, and continues to actively induce, the infringement of one or more claims of the '294 Patent by actively inducing the making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the Itron OpenWay Centron electric meter.

23.     On information and belief, CenterPoint's infringement of the '294 Patent has taken place prior to the time of service of this Complaint, and/or will be taking place after service of this Complaint, with full knowledge of the '294 Patent and has been, and/or will be, willful, deliberate, and intentional.  On information and belief, TransData has discussed patents, including but not limited to the '294 Patent, on several occasions with CenterPoint employees, including supervisors.  TransData has also, on information and belief, included patent numbers, including the '294 Patent, in proposals in response to CenterPoint Requests for Quotes.

24.     CenterPoint's infringement of the '294 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for CenterPoint's infringement, which in no event can be less than a reasonable royalty.

25.     CenterPoint has caused TransData substantial damage and irreparable injury by its infringement of the '294 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by CenterPoint is enjoined by this Court.

26.     On information and belief, DME has infringed, and is still infringing, one or more claims of the '294 Patent by making, using, offering to sell, selling and/or importing certain electric meters, including but not limited to the General Electric kV2c electric meter.

27.     On information and belief, DME has actively induced, and continues to actively induce, the infringement of one or more claims of the '294 Patent by actively inducing the making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the General Electric kV2c electric meter.

28.     DME's infringement of the '294 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for DME's infringement, which in no event can be less than a reasonable royalty.

29.     DME has caused TransData substantial damage and irreparable injury by its infringement of the '294 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by DME is enjoined by this Court.

30.     On information and belief, Oncor has infringed, and is still infringing, one or more claims of the '294 Patent by making, using, offering to sell, selling and/or importing certain electric meters, including but not limited to the Landis+Gyr Focus AX electric meter.

31.     On information and belief, Oncor has actively induced, and continues to actively induce, the infringement of one or more claims of the '294 Patent by actively inducing the making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the Landis+Gyr Focus AX electric meter.

32. On information and belief, Oncor's infringement of the '294 Patent has taken place prior to the time of service of this Complaint, and/or will be taking place after service of this Complaint, with full knowledge of the '294 Patent and has been, and/or will be, willful, deliberate, and intentional. On information and belief, TransData has discussed patents, including but not limited to the '294 Patent, on several occasions with Oncor employees, including engineers and supervisors.

33. Oncor's infringement of the '294 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for Oncor's infringement, which in no event can be less than a reasonable royalty.

34. Oncor has caused TransData substantial damage and irreparable injury by its infringement of the '294 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by Oncor is enjoined by this Court.

35. TNMP has infringed, and is still infringing, one or more claims of the '294 Patent by making, using, offering to sell, selling and/or importing certain electric meters, including but not limited to the General Electric I-210c electric meter.

36. On information and belief, TNMP has actively induced, and continues to actively induce, the infringement of one or more claims of the '294 Patent by actively inducing the making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the General Electric I-210c electric meter.

37.     TNMP's infringement of the '294 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for TNMP's infringement, which in no event can be less than a reasonable royalty.

38.     TNMP has caused TransData substantial damage and irreparable injury by its infringement of the '294 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by TNMP is enjoined by this Court.

## COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 6,462,713

39.     TransData realleges and incorporates by reference the allegations in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

40.     United States Patent No. 6,462,713 ("the '713 Patent"), entitled "Antenna for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on October 8, 2002.  The '713 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '713 Patent.  A copy of the '713 Patent is attached hereto as Exhibit 2.

41.     The '713 Patent is valid and enforceable.

42.     CenterPoint has infringed, and is still infringing, one or more claims of the '713 Patent by making, using, offering to sell, selling, and/or importing certain electric meters, including but not limited to the Itron OpenWay Centron electric meter.

43.     On information and belief, CenterPoint has actively induced, and continues to actively induce, the infringement of one or more claims of the '713 Patent by actively inducing

**TRANSDATA, INC.'S ORIGINAL COMPLAINT                                        PAGE 9**
**FOR PATENT INFRINGEMENT**

the making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the Itron OpenWay Centron electric meter.

44.     On information and belief, CenterPoint's infringement of the '713 Patent has taken place prior to the time of service of this Complaint, and/or will be taking place after service of this Complaint, with full knowledge of the '713 Patent and has been, and/or will be, willful, deliberate, and intentional.  On information and belief, TransData has discussed patents, including but not limited to the '713 Patent, on several occasions with CenterPoint employees, including supervisors.  TransData has also, on information and belief, included patent numbers, including the '713 Patent, in proposals in response to CenterPoint Requests for Quotes.

45.     CenterPoint's infringement of the '713 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for CenterPoint's infringement, which in no event can be less than a reasonable royalty.

46.     CenterPoint has caused TransData substantial damage and irreparable injury by its infringement of the '713 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by CenterPoint is enjoined by this Court.

47.     DME has infringed, and is still infringing, one or more claims of the '713 Patent by making, using, offering to sell, selling and/or importing certain electric meters, including but not limited to the General Electric kV2c electric meter.

48.     On information and belief, DME has actively induced, and continues to actively induce, the infringement of one or more claims of the '713 Patent by actively inducing the

making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the General Electric kV2c electric meter.

49.     DME's infringement of the '713 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for DME's infringement, which in no event can be less than a reasonable royalty.

50.     DME has caused TransData substantial damage and irreparable injury by its infringement of the '713 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by DME is enjoined by this Court.

51.     On information and belief, Oncor has infringed, and is still infringing, one or more claims of the '713 Patent by making, using, offering to sell, selling and/or importing certain electric meters, including but not limited to the Landis+Gyr Focus AX electric meter.

52.     On information and belief, Oncor has actively induced, and continues to actively induce, the infringement of one or more claims of the '713 Patent by actively inducing the making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the Landis+Gyr Focus AX electric meter.

53.     On information and belief, Oncor's infringement of the '713 Patent has taken place prior to the time of service of this Complaint, and/or will be taking place after service of this Complaint, with full knowledge of the '713 Patent and has been, and/or will be, willful, deliberate, and intentional.   On information and belief, TransData has discussed patents, including but not limited to the '713 Patent, on several occasions with Oncor employees, including engineers and supervisors.

**TRANSDATA, INC.'S ORIGINAL COMPLAINT**                                                 **PAGE 11**
**FOR PATENT INFRINGEMENT**

54.     Oncor's infringement of the '713 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for Oncor's infringement, which in no event can be less than a reasonable royalty.

55.     Oncor has caused TransData substantial damage and irreparable injury by its infringement of the '713 patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by Oncor is enjoined by this Court.

56.     TNMP has infringed, and is still infringing, one or more claims of the '713 Patent by making, using, offering to sell, selling and/or importing certain electric meters, including but not limited to the General Electric I-210c electric meter.

57.     On information and belief, TNMP has actively induced, and continues to actively induce, the infringement of one or more claims of the '713 Patent by actively inducing the making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the General Electric I-210c electric meter.

58.     TNMP's infringement of the '713 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for TNMP's infringement, which in no event can be less than a reasonable royalty.

59.     TNMP has caused TransData substantial damage and irreparable injury by its infringement of the '713 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by TNMP is enjoined by this Court.

## COUNT 3 – INFRINGEMENT OF U.S. PATENT NO. 6,903,699

60.     TransData realleges and incorporates by reference the allegations in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

61.     United States Patent No. 6,903,699 ("the '699 Patent"), entitled "Wireless Communication Device for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on June 7, 2005.  The '699 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '699 Patent.  A copy of the '699 Patent is attached hereto as Exhibit 3.

62.     The '699 Patent is valid and enforceable.

63.     CenterPoint has infringed, and is still infringing, one or more claims of the '699 Patent by making, using, offering to sell, selling, and/or importing certain electric meters, including but not limited to the Itron OpenWay Centron electric meter.

64.     On information and belief, CenterPoint has actively induced, and continues to actively induce, the infringement of one or more claims of the '699 Patent by actively inducing the making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the Itron OpenWay Centron electric meter.

65.     On information and belief, CenterPoint's infringement of the '699 Patent has taken place prior to the time of service of this Complaint, and/or will be taking place after service of this Complaint, with full knowledge of the '699 Patent and has been, and/or will be, willful, deliberate, and intentional.  On information and belief, TransData has discussed patents,

**TRANSDATA, INC.'S ORIGINAL COMPLAINT**                                        **PAGE 13**
**FOR PATENT INFRINGEMENT**

including but not limited to the '699 Patent, on several occasions with CenterPoint employees, including supervisors. TransData has also, on information and belief, included patent numbers, including the '699 Patent, in proposals in response to CenterPoint Requests for Quotes.

66. CenterPoint's infringement of the '699 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for CenterPoint's infringement, which in no event can be less than a reasonable royalty.

67. CenterPoint has caused TransData substantial damage and irreparable injury by its infringement of the '699 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by CenterPoint is enjoined by this Court.

68. DME has infringed, and is still infringing, one or more claims of the '699 Patent by making, using, offering to sell, selling and/or importing certain electric meters, including but not limited to the General Electric kV2c electric meter.

69. On information and belief, DME has actively induced, and continues to actively induce, the infringement of one or more claims of the '699 Patent by actively inducing the making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the General Electric kV2c electric meter.

70. DME's infringement of the '699 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for DME's infringement, which in no event can be less than a reasonable royalty.

71.     DME has caused TransData substantial damage and irreparable injury by its infringement of the '699 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by DME is enjoined by this Court.

72.     On information and belief, Oncor has infringed, and is still infringing, one or more claims of the '699 Patent by making, using, offering to sell, selling and/or importing certain electric meters, including but not limited to the Landis+Gyr Focus AX electric meter.

73.     On information and belief, Oncor has actively induced, and continues to actively induce, the infringement of one or more claims of the '699 Patent by actively inducing the making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the Landis+Gyr Focus AX electric meter.

74.     On information and belief, Oncor's infringement of the '699 Patent has taken place prior to the time of service of this Complaint, and/or will be taking place after service of this Complaint, with full knowledge of the '699 Patent and has been, and/or will be, willful, deliberate, and intentional.   On information and belief, TransData has discussed patents, including but not limited to the '699 Patent, on several occasions with Oncor employees, including engineers and supervisors.

75.     Oncor's infringement of the '699 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for Oncor's infringement, which in no event can be less than a reasonable royalty.

**TRANSDATA, INC.'S ORIGINAL COMPLAINT**                                    **PAGE 15**
**FOR PATENT INFRINGEMENT**

76.     Oncor has caused TransData substantial damage and irreparable injury by its infringement of the '699 patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by Oncor is enjoined by this Court.

77.     TNMP has infringed, and is still infringing, one or more claims of the '699 Patent by making, using, offering to sell, selling and/or importing certain electric meters, including but not limited to the General Electric I-210c electric meter.

78.     On information and belief, TNMP has actively induced, and continues to actively induce, the infringement of one or more claims of the '699 Patent by actively inducing the making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the General Electric I-210c electric meter.

79.     TNMP's infringement of the '699 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for TNMP's infringement, which in no event can be less than a reasonable royalty.

80.     TNMP has caused TransData substantial damage and irreparable injury by its infringement of the '699 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by TNMP is enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff TransData respectfully requests that judgment be entered in favor of TransData and against Defendants CenterPoint, DME, Oncor, and TNMP, and further prays that the Court grant the following relief to TransData:

**TRANSDATA, INC.'S ORIGINAL COMPLAINT**                                     **PAGE 16**
**FOR PATENT INFRINGEMENT**

A.     A judgment that each of CenterPoint, DME, Oncor, and TNMP has infringed, and/or induced the infringement of, the '294 Patent, the '713 Patent, and the '699 Patent, and continues to infringe and/or induce the infringement of the '294 Patent, the '713 Patent, and the '699 Patent;

B.     A judgment that each of CenterPoint's and Oncor's infringement of the '294 Patent, the '713 Patent, and the '699 Patent was, and continues to be, willful;

C.     Entry of a permanent injunction pursuant to 35 U.S.C. § 283 enjoining each of CenterPoint, DME, Oncor, and TNMP, as well as their officers, directors, servants, consultants, managers, employees, agents, attorneys, successors, assigns, affiliates, subsidiaries, and all persons in active concert or participation with any of them, from infringement and inducing infringement of the '294 Patent, the '713 Patent, and the '699 Patent, including but not limited to making, using, offering to sell, selling, or importing any products that infringe or products that perform the patented processes set forth in the '294 Patent, the '713 Patent, and the '699 Patent;

D.     An award of all damages adequate to compensate TransData for each of CenterPoint's, DME's, Oncor's and TNMP's infringement and/or inducement of infringement, such damages to be determined by a jury and, if necessary, an accounting of all damages;

E.     An award of prejudgment and post-judgment interest to TransData pursuant to 35 U.S.C. § 284;

F.     An award of increased damages in an amount not less than three times the amount of damages awarded to TransData for each of CenterPoint's and

Oncor's willful infringement of the '294 Patent, the '713 Patent, and the '699 Patent pursuant to 35 U.S.C. § 284;

      G.     A declaration that this case is exceptional under 35 U.S.C. § 285 and an award of the reasonable attorneys' fees, costs, and expenses incurred by TransData in this action; and

      H.     Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

TransData hereby demands a trial by jury on all issues and claims so triable.

Dated: October 21, 2010

Respectfully submitted,

/s/ Eric H. Findlay
Eric H. Findlay

Paul R. Steadman, P.C.
Matthew J. Hertko
Bradley W. Micsky
**KIRKLAND & ELLIS LLP**
300 N. LaSalle Street
Chicago, Illinois 60654
(312) 862-2000 Phone
(312) 862-2200 Fax
paul.steadman@kirkland.com
matthew.hertko@kirkland.com
bradley.micsky@kirkland.com

Robert G. Krupka, P.C.
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, CA 90071
(213) 680-8400 Phone
(213) 680-8500 Fax
bob.krupka@kirkland.com

Eric Findlay
Texas State Bar No. 00789886
Brian Craft
Texas State Bar No. 04972020
Joey Seeber
Texas State Bar No. 17979250
**FINDLAY CRAFT, LLP**
6760 Old Jacksonville Hwy.
Suite 101
Tyler, TX 75703
(903) 534-1100 Phone
(903) 534-1137 Fax
efindlay@findlaycraft.com
bcraft@findlaycraft.com
jseeber@findlaycraft.com

**ATTORNEYS FOR PLAINTIFF**
**TransData, INC.**

# U.S. District Court [LIVE]
## Eastern District of TEXAS (Tyler)
## CIVIL DOCKET FOR CASE #: 6:10–cv–00557–LED –JDL

| | |
|---|---|
| TransData, Inc. v. Centerpoint Energy Houston Electric LLC et al | Date Filed: 10/21/2010 |
| Assigned to: Judge Leonard Davis | Jury Demand: Both |
| Referred to: Magistrate Judge John D. Love | Nature of Suit: 830 Patent |
| Related Cases:  6:11–cv–00046–LED –JDL | Jurisdiction: Federal Question |
| 6:11–cv–00113–LED –JDL | |
| Cause: 35:271 Patent Infringement | |

**Mediator**

| | | |
|---|---|---|
| **James W Knowles** | represented by | **James W Knowles** |
| | | Knowles Mediations |
| | | 909 East South East Loop 323 |
| | | Ste 410 |
| | | Tyler, TX 75701 |
| | | 903/534–3800 |
| | | Fax: 903/534–3806 |
| | | Email: jimk@knowlesmed.com |
| | | *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **TransData, Inc.** | represented by | **Eric Hugh Findlay** |
| | | Findlay Craft |
| | | 6760 Old Jacksonville Hwy |
| | | Suite 101 |
| | | Tyler, TX 75703 |
| | | 903/534–1100 |
| | | Fax: 903/534–1137 |
| | | Email: efindlay@findlaycraft.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Bradley W Micsky** |
| | | Kirkland &Ellis |
| | | 300 N. LaSalle |
| | | Chicago, IL 60654 |
| | | 312–862–2000 |
| | | Fax: 312–862–2200 |
| | | Email: bradley.micsky@kirkland.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Matthew Joseph Hertko** |
| | | Kirkland &Ellis – Chicago |
| | | 300 N LaSalle Street |
| | | Suite 2500 |
| | | Chicago, IL 60654 |
| | | 312/861–2000 |
| | | Fax: 312/861–2200 |
| | | Email: matthew.hertko@kirkland.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Paul Richard Steadman** |
| | | Kirkland &Ellis |
| | | 300 N. LaSalle |
| | | Chicago, IL 60654 |
| | | 312/862–2000 |
| | | Fax: 312/862–2200 |
| | | Email: psteadman@kirkland.com |

*ATTORNEY TO BE NOTICED*

**Robert G Krupka**
Kirkland &Ellis LLP – Los Angeles
333 S Hope Street
30th Floor
Los Angeles, CA 90071
213/680–8400
Fax: 213/680–8500
Email: bob.krupka@kirkland.com
*TERMINATED: 09/16/2011*

**Roger Brian Craft**
Findlay Craft
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
903/534–1100
Fax: 903/534–1137
Email: bcraft@findlaycraft.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Centerpoint Energy Houston Electric LLC**      represented by  **Ramsey M Al–Salam**
Perkins Coie, LLP
1201 Third Avenue
40th Fl
Seattle, WA 98101
206–359–6385
Fax: 206–359–7385
Email: ralsalam@perkinscoie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Allen Franklin Gardner**
Potter Minton PC
110 N College
Suite 500
PO Box 359
Tyler, TX 75710–0359
903/597–8311
Email: allengardner@potterminton.com
*ATTORNEY TO BE NOTICED*

**Michael E Jones**
Potter Minton PC
110 N College
Suite 500
PO Box 359
Tyler, TX 75710–0359
903–597–8311
Fax: 903–593–0846
Email: mikejones@potterminton.com
*ATTORNEY TO BE NOTICED*

**Stevan R Stark**
Perkins Coie LLP – Seattle
1201 Third Avenue
Ste 4800
Seattle, WA 98101–3099
206/359–3029
Fax: 206/359–4029

Email: sstark@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Denton Municipal Electric**      represented by    **Allen Franklin Gardner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Hannah**
Kramer Levin Naftalis &Frankel LLP
990 Marsh Road
Menlo Park, CA 94025
212–642–7274
Fax: 212–715–8000
Email: jhannah@kramerlevin.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kristopher Kastens**
Kramer Levin Naftalis &Frankel LLP
990 Marsh Road
Menlo Park, CA 94025
212–642–7277
Fax: 212–715–8000
Email: kkastens@kramerlevin.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lisa Kobialka**
Kramer Levin Naftalis &Frankel LLP
990 Marsh Road
Menlo Park, CA 94025
212–642–7273
Fax: 212–715–8000
Email: lkobialka@kramerlevin.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael E Jones**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Andre**
Kramer Levin Naftalis &Frankel LLP
990 Marsh Road
Menlo Park, CA 94025
650/533–3116
Fax: 212–715–8000
Email: pandre@kramerlevin.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Oncor Electric Delivery Company, LLC**    represented by    **Charley F Brown**
Ballard Spahr Andrews &Ingersoll –
Atlanta
999 Peachtree Street, NE
Suite 1000
Atlanta, GA 30309
678/420–9300
Fax: 678/420–9301
Email: browncf@ballardspahr.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Harry Lee Gillam , Jr**
Gillam &Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
903–934–8450
Fax: 903–934–9257
Email: gil@gillamsmithlaw.com
*ATTORNEY TO BE NOTICED*

**Katrina Marie Quicker**
Ballard Spahr Andrews &Ingersoll –
Atlanta
999 Peachtree Street, NE
Suite 1000
Atlanta, GA 30309
678/420–9300
Fax: 678/420–9301
Email: quickerk@ballardspahr.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lawrence K Nodine**
Ballard Spahr Andrews &Ingersoll –
Atlanta
999 Peachtree Street, NE
Suite 1000
Atlanta, GA 30309
678/420–9300
Fax: 678/420–9301
Email: nodinel@ballardspahr.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard William Miller**
Ballard Spahr Andrews &Ingersoll –
Atlanta
999 Peachtree Street, NE
Suite 1000
Atlanta, GA 30309
678/420–9300
Fax: 678/420–9301
Email: millerrw@ballardspahr.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Texas–New Mexico Power Company**     represented by

**Robert Parke Latham**
Jackson Walker – Dallas
901 Main St
Suite 6000
Dallas, TX 75202–3797
214/953–6095
Fax: 12149535822
Email: blatham@jw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher John Rourk**
Jackson Walker – Dallas
901 Main Street
Suite 6000
Dallas, TX 75202–4207
214/953–5990

Email: crourk@jw.com
*ATTORNEY TO BE NOTICED*

**John M Jackson**
Jackson Walker – Dallas
901 Main Street
Suite 6000
Dallas, TX 75202–4207
214/953–6109
Email: jjackson@jw.com
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

| **Oncor Electric Delivery Company, LLC** | represented by | **Charley F Brown** |
|---|---|---|

represented by **Charley F Brown**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Harry Lee Gillam , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katrina Marie Quicker**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lawrence K Nodine**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard William Miller**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**TransData, Inc.**                    represented by  **Eric Hugh Findlay**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bradley W Micsky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Joseph Hertko**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Richard Steadman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert G Krupka**
(See above for address)
*TERMINATED: 09/16/2011*

**Roger Brian Craft**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Texas–New Mexico Power Company**          represented by   **Robert Parke Latham**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John M Jackson**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**TransData, Inc.**          represented by   **Eric Hugh Findlay**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bradley W Micsky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Joseph Hertko**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Richard Steadman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert G Krupka**
(See above for address)
*TERMINATED: 09/16/2011*

**Roger Brian Craft**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Denton Municipal Electric**          represented by   **Allen Franklin Gardner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kristopher Kastens**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael E Jones**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Andre**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**TransData, Inc.**          represented by

**Eric Hugh Findlay**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bradley W Micsky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Joseph Hertko**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Richard Steadman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert G Krupka**
(See above for address)
*TERMINATED: 09/16/2011*

**Roger Brian Craft**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Centerpoint Energy Houston Electric LLC**          represented by          **Ramsey M Al–Salam**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Allen Franklin Gardner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael E Jones**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stevan R Stark**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**TransData, Inc.**          represented by          **Eric Hugh Findlay**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bradley W Micsky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Joseph Hertko**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Richard Steadman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert G Krupka**
(See above for address)
*TERMINATED: 09/16/2011*

**Roger Brian Craft**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/21/2010 | 1 | COMPLAINT against Centerpoint Energy Houston Electric LLC, Denton Municipal Electric, Oncor Electric Delivery Company, LLC, Texas–New Mexico Power Company ( Filing fee $ 350 receipt number 0540–2726793.), filed by TransData, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Civil Cover Sheet)(Findlay, Eric) (Entered: 10/21/2010) |
| 10/21/2010 | 2 | CORPORATE DISCLOSURE STATEMENT filed by TransData, Inc. identifying Corporate Parent None for TransData, Inc.. (Findlay, Eric) (Entered: 10/21/2010) |
| 10/21/2010 | 3 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (Findlay, Eric) (Entered: 10/21/2010) |
| 10/21/2010 | 4 | E–GOV SEALED SUMMONS Issued as to Centerpoint Energy Houston Electric LLC, Denton Municipal Electric, Oncor Electric Delivery Company, LLC, Texas–New Mexico Power Company, and emailed to pltf for service. (mll, ) (Entered: 10/21/2010) |
| 10/21/2010 | 5 | NOTICE of Attorney Appearance by Roger Brian Craft on behalf of TransData, Inc. (Craft, Roger) (Entered: 10/21/2010) |
| 10/21/2010 | 6 | NOTICE of Attorney Appearance by Paul Richard Steadman on behalf of TransData, Inc. (Steadman, Paul) (Entered: 10/21/2010) |
| 10/21/2010 | 7 | NOTICE of Attorney Appearance by Robert G Krupka on behalf of TransData, Inc. (Krupka, Robert) (Entered: 10/21/2010) |
| 10/21/2010 | 8 | NOTICE of Attorney Appearance by Matthew Joseph Hertko on behalf of TransData, Inc. (Hertko, Matthew) (Entered: 10/21/2010) |
| 10/21/2010 | 9 | NOTICE of Attorney Appearance by Bradley W Micsky on behalf of TransData, Inc. (Micsky, Bradley) (Entered: 10/21/2010) |
| 10/21/2010 | | Judge Leonard Davis added. (mll, ) (Entered: 10/22/2010) |
| 10/28/2010 | 10 | Return of Service Executed as to Denton Municipal Electric on 10/25/2010, by personal service; answer due: 11/15/2010. (mll, ) Modified on 10/29/2010 (mll, ). (Entered: 10/29/2010) |
| 10/28/2010 | 11 | Return of Service Executed as to Texas–New Mexico Power Company on 10/25/2010, by personal service; answer due: 11/15/2010. (mll, ) (Entered: 10/29/2010) |
| 10/28/2010 | 12 | Return of Service Executed as to Oncor Electric Delivery Company, LLC on 10/22/2010, by personal service; answer due: 11/12/2010. (mll, ) (Entered: 10/29/2010) |
| 10/28/2010 | 13 | Return of Service Executed as to Centerpoint Energy Houston Electric LLC on 10/22/2010, by personal service; answer due: 11/12/2010. (mll, ) (Entered: 10/29/2010) |
| 11/05/2010 | 14 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Texas–New Mexico Power Company.( Jackson, John) (Entered: 11/05/2010) |
| 11/05/2010 | 15 | NOTICE of Attorney Appearance by Robert Parke Latham on behalf of Texas–New Mexico Power Company (Latham, Robert) (Entered: 11/05/2010) |

| 11/05/2010 | 16 | NOTICE of Attorney Appearance by John M Jackson on behalf of Texas–New Mexico Power Company (Jackson, John) (Entered: 11/05/2010) |
|---|---|---|
| 11/05/2010 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 14 is granted pursuant to Local Rule CV–12 for Texas–New Mexico Power Company to 12/30/10. 45 Days Granted for Deadline Extension.( mll, ) (Entered: 11/05/2010) |
| 11/10/2010 | 17 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Oncor Electric Delivery Company, LLC.( Gillam, Harry) (Entered: 11/10/2010) |
| 11/11/2010 | 18 | Unopposed MOTION for Extension of Time to File Answer re 1 Complaint, *or Otherwise Respond* by Centerpoint Energy Houston Electric LLC. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 11/11/2010) |
| 11/11/2010 | 19 | NOTICE of Attorney Appearance by Allen Franklin Gardner on behalf of Centerpoint Energy Houston Electric LLC (Gardner, Allen) (Entered: 11/11/2010) |
| 11/11/2010 | 20 | Unopposed MOTION for Extension of Time to File Answer re 1 Complaint, *or Otherwise Respond* by Denton Municipal Electric. (Attachments: # 1 Text of Proposed Order)(Gardner, Allen) (Entered: 11/11/2010) |
| 11/11/2010 | 21 | NOTICE of Attorney Appearance by Michael E Jones on behalf of Denton Municipal Electric (Jones, Michael) (Entered: 11/11/2010) |
| 11/15/2010 | 22 | ORDER granting 18 Motion for Extension of Time to Answer. Deft CenterPoint Engergy Houston Electric LLC has to 1–03–2011 to answer, move, or otherwise respond to pltf's Complaint. Signed by Judge Leonard Davis on 11/15/10. cc:attys 11–16–10 (mll, ) (Entered: 11/16/2010) |
| 11/15/2010 | 23 | ORDER granting 20 Motion for Extension of Time to Answer. Deft Denton Municipal Electric has to 1–03–2011 to answer, move, or otherwise respond to pltf's Complaint. Signed by Judge Leonard Davis on 11/15/10. cc:attys 11–16–10 (mll, ) (Entered: 11/16/2010) |
| 11/16/2010 | 24 | NOTICE of Attorney Appearance by Ramsey M Al–Salam on behalf of Centerpoint Energy Houston Electric LLC (Al–Salam, Ramsey) (Entered: 11/16/2010) |
| 11/16/2010 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 17 is granted pursuant to Local Rule CV–12 for Oncor Electric Delivery Company, LLC to 12/27/2010. 45 Days Granted for Deadline Extension.**Defendant requested 52 days, however the answer deadline may not exceed 45 days per Local Rule CV–12**( mll, ) (Entered: 11/16/2010) |
| 12/14/2010 | 25 | ORDER that plaintiff file a notice that the case is ready for scheduling conference when all of the defendants have either answered or filed a motion to transfer or dismiss. The notice shall be filed within five days of the last remaining defendant's answer or motion. Signed by Judge Leonard Davis on 12/14/10. cc:attys 12–15–10(mll, ) (Entered: 12/15/2010) |
| 12/17/2010 | 26 | APPLICATION to Appear Pro Hac Vice by Attorney Lawrence K Nodine for Oncor Electric Delivery Company, LLC. (mll, ) (Entered: 12/22/2010) |
| 12/17/2010 | 27 | APPLICATION to Appear Pro Hac Vice by Attorney Charley F Brown for Oncor Electric Delivery Company, LLC. (mll, ) (Entered: 12/22/2010) |
| 12/22/2010 | 28 | APPLICATION to Appear Pro Hac Vice by Attorney Katrina Marie Quicker for Oncor Electric Delivery Company, LLC. (mll, ) (Entered: 12/22/2010) |
| 12/22/2010 | 29 | APPLICATION to Appear Pro Hac Vice by Attorney Richard William Miller for Oncor Electric Delivery Company, LLC. (mll, ) (Entered: 12/22/2010) |
| 12/27/2010 | 30 | ANSWER to 1 Complaint, *Affirmative Defenses, and*, COUNTERCLAIM against TransData, Inc. by Oncor Electric Delivery Company, LLC.(Nodine, Lawrence) (Entered: 12/27/2010) |

| 12/27/2010 | 31 | CORPORATE DISCLOSURE STATEMENT filed by Oncor Electric Delivery Company, LLC (Nodine, Lawrence) (Entered: 12/27/2010) |
|---|---|---|
| 01/03/2011 | 32 | ANSWER to 1 Complaint, *AFFIRMATIVE DEFENSES and*, COUNTERCLAIM against TransData, Inc. by Texas–New Mexico Power Company.(Jackson, John) (Entered: 01/03/2011) |
| 01/03/2011 | 33 | CORPORATE DISCLOSURE STATEMENT filed by Texas–New Mexico Power Company identifying Corporate Parent TNP Enterprises, Inc., Other Affiliate PNM Resources, Inc. for Texas–New Mexico Power Company. (Jackson, John) (Entered: 01/03/2011) |
| 01/03/2011 | 34 | ANSWER to 1 Complaint, *and*, COUNTERCLAIM against TransData, Inc. by Denton Municipal Electric.(Jones, Michael) (Entered: 01/03/2011) |
| 01/03/2011 | 35 | Unopposed MOTION for Extension of Time to File Answer re 1 Complaint, by Centerpoint Energy Houston Electric LLC. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 01/03/2011) |
| 01/07/2011 | 36 | *CenterPoint Energy Houston Electric LLC's* ANSWER to 1 Complaint,, COUNTERCLAIM against TransData, Inc. by Centerpoint Energy Houston Electric LLC.(Al–Salam, Ramsey) (Entered: 01/07/2011) |
| 01/07/2011 | 37 | NOTICE by TransData, Inc. *Notice of Readiness for Scheduling Conference* (Findlay, Eric) (Entered: 01/07/2011) |
| 01/12/2011 | 38 | ORDER setting Status Conference for 2/7/2011 01:30 PM before Judge Leonard Davis and Judge John Love. Signed by Judge Leonard Davis on 01/12/11. cc:attys 1–12–11 (mll, ) (Entered: 01/12/2011) |
| 01/13/2011 | 40 | APPLICATION to Appear Pro Hac Vice by Attorney Paul Andre for Denton Municipal Electric, Paul Andre for Denton Municipal Electric. Fee pd., 6–1432. Approved 1/14/11. (mjc, ) (Entered: 01/14/2011) |
| 01/13/2011 | 41 | APPLICATION to Appear Pro Hac Vice by Attorney Lisa Kobialka for Denton Municipal Electric. Fee pd., 6–1432. Approved 1/14/11. (mjc, ) (Entered: 01/14/2011) |
| 01/13/2011 | 42 | APPLICATION to Appear Pro Hac Vice by Attorney James Hannah for Denton Municipal Electric. Fee pd., 6–1432. Approved 1/14/11. (mjc, ) (Entered: 01/14/2011) |
| 01/14/2011 | 39 | CORPORATE DISCLOSURE STATEMENT filed by Centerpoint Energy Houston Electric LLC identifying Corporate Parent Utility Holding, LLC for Centerpoint Energy Houston Electric LLC. (Al–Salam, Ramsey) (Entered: 01/14/2011) |
| 01/20/2011 | 43 | ORDER granting 35 Motion for Extension of Time to Answer. Deft CenterPoint Energy Houston Electric LLC has to 1–07–2011 to answer, move or otherwise respond to pltf's Complaint. Signed by Judge Leonard Davis on 01/20/11. cc:attys 1–20–11 (mll, ) (Entered: 01/20/2011) |
| 01/20/2011 | 44 | ANSWER to 30 Answer to Complaint, Counterclaim by TransData, Inc..(Findlay, Eric) (Entered: 01/20/2011) |
| 01/27/2011 | 45 | *TransData, Inc.'s* ANSWER to 34 Answer to Complaint, Counterclaim by TransData, Inc..(Findlay, Eric) (Entered: 01/27/2011) |
| 01/27/2011 | 46 | *TransData, Inc.'s* ANSWER to 32 Answer to Complaint, Counterclaim *of Texas–New Mexico Power Company filed* by TransData, Inc..(Findlay, Eric) (Entered: 01/27/2011) |
| 01/31/2011 | 47 | *TransData, Inc.'s* ANSWER to 36 Answer to Complaint, Counterclaim *of CenterPoint Energy Houston Electric LLC filed* by TransData, Inc..(Findlay, Eric) (Entered: 01/31/2011) |
| 02/07/2011 | 48 | **2.7.11 Minute Entry – Status Conference:** for proceedings held before Judge Leonard Davis and Judge John Love: Status Conference held on 2/7/2011. (Court Reporter Shea Sloan.) (Attachments: # 1 Attorney Sign–In Sheet) (rlf, ) (Entered: 02/11/2011) |

| 02/07/2011 | | ELECTRONIC Minute Entry for proceedings held before Magistrate Judge John D. Love and Judge Davis: Status Conference held on 2/7/2011. (refer to document #48) (Court Reporter Shea Sloan.) (mjm, ) (Entered: 02/14/2011) |
|---|---|---|
| 02/14/2011 | 50 | ORDER REFERRING CASE to Magistrate Judge John D. Love to conduct pretrial proceedings. Signed by Judge Leonard Davis on 02/14/11. cc:attys 2–15–11(mll, ) (Entered: 02/15/2011) |
| 02/15/2011 | 49 | NOTICE by TransData, Inc. *Notice of Compliance with Patent Rule 3–1* (Findlay, Eric) (Entered: 02/15/2011) |
| 02/18/2011 | 51 | ORDER that the Court dates listed on this Order be incorporated into the proposed Docket Control Order which is due by 03–02–2011. Signed by Magistrate Judge John D. Love on 02/18/11. cc:attys 2–18–11(mll, ) (Entered: 02/18/2011) |
| 03/02/2011 | 52 | Joint MOTION *for Entry of Docket Control Order and Discovery Order* by TransData, Inc.. (Attachments: # 1 Text of Proposed Order Discovery Order, # 2 Text of Proposed Order Docket Control Order)(Findlay, Eric) (Entered: 03/02/2011) |
| 03/04/2011 | 53 | AGREED DISCOVERY ORDER. Signed by Magistrate Judge John D. Love on 3/4/2011. (gsg) (Entered: 03/04/2011) |
| 03/08/2011 | 54 | DOCKET CONTROL ORDER. Amended Pleadings due by 10/13/2011; Respond to Amended Pleadings by 10–27–2011. Fact Discovery due by 5/7/2012. Expert Witness List due by 3/28/2012; Rebuttal Expert Witnesses designated by 4–09–2012. Identify trial witnesses by 5/21/2012; Rebuttal Trial Witnesses identified by 6–01–2012. Jury instructions due by 8/24/2012. Mediation Completion due by 12/31/2011. Dispositive Motions due by 6/4/2012; Response to Dispositive Motions due 6–19–2012. Proposed Pretrial Order due by 8/24/2012. Motions in Limine due 10–08–2012; Responses to Motions in Limine due 10–11–2012. Jury Selection set for 11/5/2012 09:00AM before Judge Leonard Davis. Jury Trial set for 11/13/2012 09:00 AM before Judge Leonard Davis. Markman Hearing set for 2/2/2012 09:00 AM before Magistrate Judge John D. Love. Pretrial Conference set for 10/18/2012 01:30 PM before Magistrate Judge John D. Love. Expected Length of Trial is 5 days. Signed by Magistrate Judge John D. Love on 03/08/11. cc:attys 3–08–11(mll, ) (Entered: 03/08/2011) |
| 03/16/2011 | 55 | NOTICE by TransData, Inc. *Joint Notice of Agreed Mediator* (Findlay, Eric) (Entered: 03/16/2011) |
| 03/17/2011 | 56 | ORDER REFERRING CASE to Mediator. James Knowles added as Mediator. Signed by Magistrate Judge John D. Love on 03/17/11. cc:attys 3–18–11(mll, ) (Entered: 03/18/2011) |
| 03/18/2011 | 57 | APPLICATION to Appear Pro Hac Vice by Attorney Stevan R Stark for Centerpoint Energy Houston Electric LLC (mll, ) (Entered: 03/18/2011) |
| 03/23/2011 | 58 | NOTICE by Oncor Electric Delivery Company, LLC re 53 Order, Terminate Motions *of Service of Its Initial Disclosure Statement to Plaintiff TransData, Inc.* (Brown, Charley) (Entered: 03/23/2011) |
| 03/23/2011 | 59 | NOTICE of Disclosure by Texas–New Mexico Power Company (Jackson, John) (Entered: 03/23/2011) |
| 03/23/2011 | 60 | NOTICE by TransData, Inc. *Notice of Service of Initial Disclosures* (Findlay, Eric) (Entered: 03/23/2011) |
| 03/23/2011 | 61 | NOTICE of Disclosure by Denton Municipal Electric *Service of Initial Disclosures* (Jones, Michael) (Entered: 03/23/2011) |
| 03/23/2011 | 62 | NOTICE of Disclosure by Centerpoint Energy Houston Electric LLC *Initial Disclosures* (Al–Salam, Ramsey) (Entered: 03/23/2011) |
| 03/25/2011 | 63 | NOTICE of Disclosure by TransData, Inc. *Notice of Compliance with Paragraph 2(c) of the Discovery Order* (Findlay, Eric) (Entered: 03/25/2011) |
| 04/18/2011 | 64 | NOTICE of Disclosure by Texas–New Mexico Power Company *of P.R. 3–3 and 3–4 Disclosures* (Acosta, Matthew) (Entered: 04/18/2011) |

| 04/18/2011 | 65 | NOTICE of Disclosure by Oncor Electric Delivery Company, LLC *of document production pursuant to P.R. 3−4(a)* (Miller, Richard) (Entered: 04/18/2011) |
|---|---|---|
| 04/19/2011 | 66 | NOTICE by Denton Municipal Electric *of Compliance of Patent Rules 3−3 and 3−4(a,b)* (Gardner, Allen) (Entered: 04/19/2011) |
| 04/19/2011 | 67 | NOTICE of Disclosure by Centerpoint Energy Houston Electric LLC *Pursuant to P.R. 3−4(a)* (Al−Salam, Ramsey) (Entered: 04/19/2011) |
| 05/23/2011 | 68 | NOTICE of Discovery Disclosure by Texas−New Mexico Power Company (Acosta, Matthew) (Entered: 05/23/2011) |
| 05/23/2011 | 69 | NOTICE of Discovery Disclosure by Denton Municipal Electric (Jones, Michael) (Entered: 05/23/2011) |
| 05/23/2011 | 70 | NOTICE of Discovery Disclosure by Oncor Electric Delivery Company, LLC (Brown, Charley) (Entered: 05/23/2011) |
| 05/23/2011 | 71 | NOTICE of Discovery Disclosure by Centerpoint Energy Houston Electric LLC *Notice of Disclosure of Documents* (Al−Salam, Ramsey) (Entered: 05/23/2011) |
| 05/24/2011 | 72 | NOTICE by TransData, Inc. *of Compliance with Paragrpah 2(b) of the Discovery Order* (Findlay, Eric) (Entered: 05/24/2011) |
| 05/27/2011 | 73 | Joint MOTION for Protective Order by TransData, Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 05/27/2011) |
| 05/31/2011 | 74 | PROTECTIVE ORDER. Signed by Magistrate Judge John D. Love on 05/31/11. cc:attys 6−01−11(mll, ) (Entered: 06/01/2011) |
| 06/17/2011 | 75 | NOTICE of Attorney Appearance by Christopher John Rourk on behalf of Texas−New Mexico Power Company (Rourk, Christopher) (Entered: 06/17/2011) |
| 08/18/2011 | 76 | ORDER regarding submission of proposed technical advisors, letter briefs and briefing schedule for claim construction/summary judgment. Signed by Magistrate Judge John D. Love on 08/18/11. cc:attys 8−19−11(mll, ) (Entered: 08/19/2011) |
| 08/19/2011 | 77 | NOTICE by Oncor Electric Delivery Company, LLC *of Compliance with Patent Rule 4−1* (Miller, Richard) (Entered: 08/19/2011) |
| 08/19/2011 | 78 | NOTICE of Discovery Disclosure by Texas−New Mexico Power Company *compliance with P.R. 4−1* (Acosta, Matthew) (Entered: 08/19/2011) |
| 08/19/2011 | 79 | NOTICE by Denton Municipal Electric re 54 Order, Set Scheduling Order Deadlines, Set Hearings,,,,,,,,,,,,, *and of Compliance with Patent Rule 4−1.* (Jones, Michael) (Entered: 08/19/2011) |
| 08/19/2011 | 80 | NOTICE by Centerpoint Energy Houston Electric LLC re 54 Order, Set Scheduling Order Deadlines, Set Hearings,,,,,,,,,,,,, *and compliance with P.R. 4−1* (Stark, Stevan) (Entered: 08/19/2011) |
| 08/19/2011 | 81 | NOTICE by TransData, Inc. *of Compliance with P.R. 4−1* (Findlay, Eric) (Entered: 08/19/2011) |
| 09/09/2011 | 82 | Letter Brief filed by Centerpoint Energy Houston Electric LLC, Denton Municipal Electric, Oncor Electric Delivery Company, LLC, Texas−New Mexico Power Company (Al−Salam, Ramsey) (Entered: 09/09/2011) |
| 09/09/2011 | 83 | NOTICE of Discovery Disclosure by Centerpoint Energy Houston Electric LLC, Denton Municipal Electric, Oncor Electric Delivery Company, LLC, Texas−New Mexico Power Company − *P.R. 4−2 Disclosure* (Acosta, Matthew) (Entered: 09/09/2011) |
| 09/12/2011 | 84 | NOTICE by TransData, Inc. *of Compliance with P. R. 4−2* (Findlay, Eric) (Entered: 09/12/2011) |
| 09/15/2011 | 85 | APPLICATION to Appear Pro Hac Vice by Attorney Kristopher Kastens for Denton Municipal Electric. (mll, ) (Entered: 09/15/2011) |
| 09/15/2011 | 86 | Unopposed MOTION to Withdraw as Attorney by TransData, Inc.. (Attachments: # 1 Text of Proposed Order)(Krupka, Robert) (Entered: 09/15/2011) |

| 09/16/2011 | 87 | ORDER granting 86 Motion to Withdraw as Attorney. Attorney Robert G Krupka terminated as counsel for TransData Inc. Signed by Magistrate Judge John D. Love on 09/16/11. cc:attys 9–19–11 (mll, ) (Entered: 09/19/2011) |
|---|---|---|
| 09/23/2011 | 88 | NOTICE by Denton Municipal Electric *of Change of Address for counselors Kristopher Kastens, Lisa Kobialka, Paul Andre and James Hannah* (Gardner, Allen) (Entered: 09/23/2011) |
| 09/23/2011 | 89 | RESPONSE to 82 Notice of Compliance – Letter Brief by TransData, Inc.. (Attachments: # 1 Exhibit A– Responsive Letter Brief)(Findlay, Eric) (Entered: 09/23/2011) |
| 10/03/2011 | 90 | Letter Brief filed by Centerpoint Energy Houston Electric LLC, Denton Municipal Electric, Oncor Electric Delivery Company, LLC, Texas–New Mexico Power Company (Al–Salam, Ramsey) (Entered: 10/03/2011) |
| 10/04/2011 | 91 | ORDER setting hearing on 82 Letter Brief via telephone; Hearing set for 10/6/2011 09:30 AM before Magistrate Judge John D. Love. Signed by Magistrate Judge John D. Love on 10/04/11. cc:attys 10–04–11(mll, ) (Entered: 10/04/2011) |

# BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

IN RE TRANSDATA, INC. SMART
METER PATENT LITIGATION

MDL Docket No. _____

**Complaint and Docket Sheet for *TransData, Inc. v. Denton County Electric Cooperative, Inc. d/b/a CoServ Electric*, No. 6:11-cv-00113 (E.D. Tex.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| TRANSDATA, INC., | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO. |
| | § | |
| v. | § | **6:11-cv-113-LED** |
| | § | |
| DENTON COUNTY ELECTRIC | § | JURY TRIAL DEMANDED |
| COOPERATIVE, INC., d/b/a COSERV | § | |
| ELECTRIC | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## PLAINTIFF TRANSDATA, INC.'S
## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff TransData, Inc., for its complaint against Defendant Denton County Electric Cooperative, Inc., d/b/a CoServ Electric, hereby demands a jury trial and alleges as follows:

## THE PARTIES

1.      Plaintiff TransData, Inc. ("TransData") is a Texas corporation having a place of business at 2560 Tarpley Road, Carrollton, Texas 75006.

2.      TransData was founded in 1969, and has been involved in the design and manufacture of power and energy metering products for over 40 years. Specifically, TransData has been active in the design and manufacture of digital solid-state electric meters since approximately 1979 and has brought six generations of solid-state electric meters to market. TransData had its headquarters in Tyler, Texas from 1987 to 1990, and has occupied its current suburban-Dallas location since 1990.

3.      TransData has provided electric meters and related products and services to over 500 electric utilities and power producers in more than 25 countries worldwide, including all of the 50 largest electric utility companies in the United States.

4.      Upon information and belief, Defendant Denton County Electric Cooperative, Inc., d/b/a CoServ Electric ("CoServ"), is a Texas Corporation having a place of business at 7701 S. Stemmons Parkway, Corinth, TX 76210. CoServ has appointed Donnie Clary, located at 7701 S. Stemmons Parkway, Corinth, TX 76210, as its agent for service of process in Texas.

## JURISDICTION

5.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 e*t seq.* This Court has original and exclusive subject matter jurisdiction over the patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338.

6.     This Court has personal jurisdiction over CoServ because CoServ has established contacts with the forum—including by voluntarily conducting business and soliciting customers in the State of Texas—and the exercise of jurisdiction over CoServ would not offend the traditional notions of fair play and substantial justice.  CoServ is a Texas Corporation and has extensive business operations in Texas.

## VENUE

7.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and/or 1400 because each of the defendants is subject to personal jurisdiction in the Eastern District of Texas.

8.     Venue is proper in this judicial district as to CoServ because CoServ is doing business in the Eastern District of Texas, and also because it is currently using infringing electric meters (including but not limited to the Landis+Gyr Focus AX electric meter) within the Eastern District of Texas.

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 6,181,294

9.     TransData realleges and incorporates by reference the allegations in paragraphs 1 through 8 of this Complaint as though fully set forth herein.

10.     United States Patent No. 6,181,294 ("the '294 Patent"), entitled "Antenna for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on January 30, 2001.  The '294 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '294 Patent.  A copy of the '294 Patent is attached hereto as Exhibit 1.

11.     TransData has complied with the requirements of 35 U.S.C. § 287 and marks its products by identifying the '294 Patent on its electric meters.

12.     The '294 Patent is valid and enforceable.

13.     On information and belief, CoServ has infringed, and is still infringing, one or more claims of the '294 Patent by making, using, offering to sell, selling, and/or importing electric meters, specifically including, without limitation, the Landis+Gyr Focus AX electric meter.  On information and belief, CoServ may be using similar electric meters, which also infringe one or more claims of the '294 Patent.

14.     On information and belief, CoServ has actively induced, and continues to actively induce, the infringement of one or more claims of the '294 Patent by actively inducing its electricity customers to use electric meters that infringe the '294 Patent.  Specifically, CoServ's electricity customers use the Landis+Gyr Focus AX electric meter, which infringes one or more claims of the '294 Patent.  On information and belief, CoServ's electricity customers may be using similar electric meters, which also infringe one or more claims of the '294 Patent.

15.     CoServ's infringement of the '294 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for CoServ's infringement, which in no event can be less than a reasonable royalty.

16.     CoServ has caused TransData substantial damage and irreparable injury by its infringement of the '294 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by CoServ is enjoined by this Court.

### COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 6,462,713

17.     TransData realleges and incorporates by reference the allegations in paragraphs 1 through 15 of this Complaint as though fully set forth herein.

18.     United States Patent No. 6,462,713 ("the '713 Patent"), entitled "Antenna for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on October 8, 2002.  The '713 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '713 Patent.  A copy of the '713 Patent is attached hereto as Exhibit 2.

19.     TransData has complied with the requirements of 35 U.S.C. § 287 and marks its products by identifying the '713 Patent on its electric meters.

20.     The '713 Patent is valid and enforceable.

21.     CoServ has infringed, and is still infringing, one or more claims of the '713 Patent by making, using, offering to sell, selling, and/or importing electric meters, specifically including, without limitation, the Landis+Gyr Focus AX electric meter.  On information and belief, CoServ may be using similar electric meters, which also infringe one or more claims of the '713 Patent.

22.     On information and belief, CoServ has actively induced, and continues to actively induce, the infringement of one or more claims of the '713 Patent by actively inducing its electricity customers to use electric meters that infringe the '713 Patent.  Specifically, CoServ's electricity customers use the Landis+Gyr Focus AX electric meter, which infringes one or more claims of the '713 Patent.  On information and belief, CoServ's electricity customers may be using similar electric meters, which also infringe one or more claims of the '713 Patent.

23.     CoServ's infringement of the '713 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for CoServ's infringement, which in no event can be less than a reasonable royalty.

24.     CoServ has caused TransData substantial damage and irreparable injury by its infringement of the '713 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by CoServ is enjoined by this Court.

### COUNT 3 – INFRINGEMENT OF U.S. PATENT NO. 6,903,699

25.     TransData realleges and incorporates by reference the allegations in paragraphs 1 through 22 of this Complaint as though fully set forth herein.

26.     United States Patent No. 6,903,699 ("the '699 Patent"), entitled "Wireless Communication Device for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on June 7, 2005.  The '699 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '699 Patent.  A copy of the '699 Patent is attached hereto as Exhibit 3.

27.     TransData has complied with the requirements of 35 U.S.C. § 287 and marks its products by identifying the '699 Patent on its electric meters.

28.     The '699 Patent is valid and enforceable.

29.     CoServ has infringed, and is still infringing, one or more claims of the '699 Patent by making, using, offering to sell, selling, and/or importing electric meters, specifically including, without limitation, the Landis+Gyr Focus AX electric meter.  On information and belief, CoServ may be using similar electric meters, which also infringe one or more claims of the '699 Patent.

30.     On information and belief, CoServ has actively induced, and continues to actively induce, the infringement of one or more claims of the '699 Patent by actively inducing its electricity customers to use electric meters that infringe the '699 Patent.  Specifically, CoServ's electricity customers use the Landis+Gyr Focus AX electric meter, which infringes

one or more claims of the '699 Patent. On information and belief, CoServ's electricity customers may be using similar electric meters, which also infringe one or more claims of the '699 Patent.

31.    CoServ's infringement of the '699 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for CoServ's infringement, which in no event can be less than a reasonable royalty.

32.    CoServ has caused TransData substantial damage and irreparable injury by its infringement of the '699 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by CoServ is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TransData respectfully requests that judgment be entered in favor of TransData and against Defendant CoServ and further prays that the Court grant the following relief to TransData:

A.    A judgment that CoServ has infringed, and/or induced the infringement of, the '294 Patent, the '713 Patent, and the '699 Patent, and continues to infringe and/or induce the infringement of the '294 Patent, the '713 Patent, and the '699 Patent;

B.    Entry of a permanent injunction pursuant to 35 U.S.C. § 283 enjoining CoServ, as well as its officers, directors, servants, consultants, managers, employees, agents, attorneys, successors, assigns, affiliates, subsidiaries, and all persons in active concert or participation with any of them, from infringement and inducing infringement of the '294 Patent, the '713 Patent, and the '699 Patent, including but not limited to making, using, offering to sell, selling, or importing any

products that infringe or products that perform the patented processes set forth in the '294 Patent, the '713 Patent, and the '699 Patent;

   C. An award of all damages adequate to compensate TransData for CoServ's infringement and/or inducement of infringement, such damages to be determined by a jury and, if necessary, an accounting of all damages;

   D. An award of prejudgment and post-judgment interest to TransData pursuant to 35 U.S.C. § 284;

   E. A declaration that this case is exceptional under 35 U.S.C. § 285 and an award of the reasonable attorneys' fees, costs, and expenses incurred by TransData in this action; and

   F. Such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

TransData hereby demands a trial by jury on all issues and claims so triable.

Dated: April 6, 2011       Respectfully submitted,

              /s/ Eric H. Findlay
              Eric H. Findlay

Paul R. Steadman, P.C.      Eric Findlay
Matthew J. Hertko       Texas State Bar No. 00789886
Bradley W. Micsky       Brian Craft
**KIRKLAND & ELLIS LLP**    Texas State Bar No. 04972020
300 N. LaSalle Street      Joseph O. Seeber, IV
Chicago, Illinois 60654     Texas State Bar No. 17979250
(312) 862-2000 Phone     **FINDLAY CRAFT, LLP**
(312) 862-2200 Fax      6760 Old Jacksonville Hwy.
paul.steadman@kirkland.com   Suite 101
matthew.hertko@kirkland.com   Tyler, TX 75703
bradley.micsky@kirkland.com   (903) 534-1100 Phone
              (903) 534-1137 Fax
Robert G. Krupka, P.C.     efindlay@findlaycraft.com

**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, CA  90071
(213) 680-8400 Phone
(213) 680-8500 Fax
bob.krupka@kirkland.com

bcraft@findlaycraft.com
jseeber@findlaycraft.com

**ATTORNEYS FOR PLAINTIFF**
**TRANSDATA, INC.**

### CERTIFICATE OF SERVICE

I, hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 6th day of April 2011 with a copy of this document by electronic mail according to Local Rule CV-5(a)(3).

*/s/ Eric H. Findlay*
Eric H. Findlay

# U.S. District Court [LIVE]
## Eastern District of TEXAS (Tyler)
## CIVIL DOCKET FOR CASE #: 6:11–cv–00113–LED –JDL

TransData, Inc. v. Denton County Electric Cooperative, Inc.
d/b/a CoServ Electric
Assigned to: Judge Leonard Davis
Referred to: Magistrate Judge John D. Love
 Related Cases:  6:10–cv–00557–LED –JDL
                 6:11–cv–00046–LED –JDL
Cause: 35:145 Patent Infringement

Date Filed: 03/14/2011
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Mediator**

**James W. Knowles**                  represented by  **James W Knowles**
                                                       Knowles Mediations
                                                       909 East South East Loop 323
                                                       Ste 410
                                                       Tyler, TX 75701
                                                       903/534–3800
                                                       Fax: 903/534–3806
                                                       Email: jimk@knowlesmed.com
                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**TransData, Inc.**                   represented by  **Bradley W Micsky**
                                                       Kirkland &Ellis
                                                       300 N. LaSalle
                                                       Chicago, IL 60654
                                                       312–862–2000
                                                       Fax: 312–862–2200
                                                       Email: bradley.micsky@kirkland.com
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Matthew Joseph Hertko**
                                                       Kirkland &Ellis – Chicago
                                                       300 N LaSalle Street
                                                       Suite 2500
                                                       Chicago, IL 60654
                                                       312/861–2000
                                                       Fax: 312/861–2200
                                                       Email: matthew.hertko@kirkland.com
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Paul Richard Steadman**
                                                       Kirkland &Ellis
                                                       300 N. LaSalle
                                                       Chicago, IL 60654
                                                       312/862–2000
                                                       Fax: 312–862–2200
                                                       Email: psteadman@kirkland.com
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Robert G Krupka**
                                                       Kirkland &Ellis LLP – Los Angeles
                                                       333 S Hope Street
                                                       30th Floor
                                                       Los Angeles, CA 90071
                                                       213/680–8400
                                                       Fax: 213/680–8500
                                                       Email: bob.krupka@kirkland.com
                                                       *TERMINATED: 09/16/2011*

Roger Brian Craft
Findlay Craft
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
903/534–1100
Fax: 903/534–1137
Email: bcraft@findlaycraft.com
*ATTORNEY TO BE NOTICED*

Eric Hugh Findlay
Findlay Craft
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
903/534–1100
Fax: 903/534–1137
Email: efindlay@findlaycraft.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Denton County Electric Cooperative,
Inc. d/b/a CoServ Electric**

represented by **Charley F Brown**
Ballard Spahr Andrews &Ingersoll –
Atlanta
999 Peachtree Street, NE
Suite 1000
Atlanta, GA 30309
678/420–9300
Fax: 678/420–9301
Email: browncf@ballardspahr.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Harry Lee Gillam , Jr**
Gillam &Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
903–934–8450
Fax: 903–934–9257
Email: gil@gillamsmithlaw.com
*ATTORNEY TO BE NOTICED*

**Katrina Marie Quicker**
Ballard Spahr Andrews &Ingersoll –
Atlanta
999 Peachtree Street, NE
Suite 1000
Atlanta, GA 30309
678/420–9300
Fax: 678/420–9301
Email: quickerk@ballardspahr.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lawrence K Nodine**
Ballard Spahr Andrews &Ingersoll –
Atlanta
999 Peachtree Street, NE
Suite 1000
Atlanta, GA 30309
678/420–9300

Fax: 678/420–9301
Email: nodinel@ballardspahr.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard William Miller**
Ballard Spahr Andrews &Ingersoll –
Atlanta
999 Peachtree Street, NE
Suite 1000
Atlanta, GA 30309
678/420–9300
Fax: 678/420–9301
Email: millerrw@ballardspahr.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

| | | |
|---|---|---|
| **Denton County Electric Cooperative, Inc. d/b/a CoServ Electric** | represented by | **Charley F Brown** (See above for address) *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |
| | | **Harry Lee Gillam , Jr** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Katrina Marie Quicker** (See above for address) *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |
| | | **Lawrence K Nodine** (See above for address) *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |
| | | **Richard William Miller** (See above for address) *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |

V.

**Counter Defendant**

| | | |
|---|---|---|
| **TransData, Inc.** | represented by | **Bradley W Micsky** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Matthew Joseph Hertko** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Paul Richard Steadman** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Robert G Krupka** (See above for address) *TERMINATED: 09/16/2011* |
| | | **Roger Brian Craft** (See above for address) |

*ATTORNEY TO BE NOTICED*

**Eric Hugh Findlay**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/14/2011 | 1 | COMPLAINT against Denton County Electric Cooperative, Inc. d/b/a CoServ Electric ( Filing fee $ 350 receipt number 0540–2933439.), filed by TransData, Inc.. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Findlay, Eric) (Entered: 03/14/2011) |
| 03/14/2011 | 2 | CORPORATE DISCLOSURE STATEMENT filed by TransData, Inc. identifying Corporate Parent None for TransData, Inc.. (Findlay, Eric) (Entered: 03/14/2011) |
| 03/14/2011 | 3 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (Findlay, Eric) (Entered: 03/14/2011) |
| 03/14/2011 | 4 | NOTICE of Attorney Appearance by Roger Brian Craft on behalf of TransData, Inc. (Craft, Roger) (Entered: 03/14/2011) |
| 03/14/2011 | 5 | NOTICE of Attorney Appearance by Paul Richard Steadman on behalf of TransData, Inc. (Steadman, Paul) (Entered: 03/14/2011) |
| 03/14/2011 | 6 | NOTICE of Attorney Appearance by Robert G Krupka on behalf of TransData, Inc. (Krupka, Robert) (Entered: 03/14/2011) |
| 03/14/2011 | 7 | NOTICE of Attorney Appearance by Bradley W Micsky on behalf of TransData, Inc. (Micsky, Bradley) (Entered: 03/14/2011) |
| 03/14/2011 | 8 | NOTICE of Attorney Appearance by Matthew Joseph Hertko on behalf of TransData, Inc. (Hertko, Matthew) (Entered: 03/14/2011) |
| 03/14/2011 | | Judge Leonard Davis added. (mll, ) (Entered: 03/15/2011) |
| 03/15/2011 | 9 | E–GOV SEALED SUMMONS Issued as to Denton County Electric Cooperative, Inc. d/b/a CoServ Electric, and emailed to pltf for service. (mll, ) (Entered: 03/15/2011) |
| 03/28/2011 | 10 | Return of Service Executed as to Denton County Electric Cooperative, Inc. d/b/a CoServ Electric on 3/15/2011, by personal service; answer due: 4/5/2011. (mll, ) (Entered: 03/29/2011) |
| 04/05/2011 | 11 | Unopposed MOTION for Extension of Time to File Answer re 1 Complaint, by Denton County Electric Cooperative, Inc. d/b/a CoServ Electric. (Attachments: # 1 Text of Proposed Order)(Gillam, Harry) (Entered: 04/05/2011) |
| 04/06/2011 | 12 | AMENDED COMPLAINT against Denton County Electric Cooperative, Inc. d/b/a CoServ Electric, filed by TransData, Inc.. (Attachments: # 1 Exhibit 1 – '294 Patent, # 2 Exhibit 2 – '713 Patent, # 3 Exhibit 3 – '699 Patent)(Findlay, Eric) (Entered: 04/06/2011) |
| 04/12/2011 | 13 | ORDER for the Plaintiff to file a notice that the case is ready for scheduling conference when all of the Defendants have either answered or filed a motion to transfer or dismiss. The notice shall be filed within five days of the last remaining Defendant's answer or motion. Signed by Judge Leonard Davis on 4/12/11. (mjc, ) (Entered: 04/12/2011) |
| 05/19/2011 | 14 | ORDER granting 11 Motion for Extension of Time. Denton County Electric Cooperative Inc shall have to 5–20–2011 to answer or otherwise respond to pltf's Complaint. Signed by Judge Leonard Davis on 05/19/11. cc:attys 5–19–11 (mll, ) (Entered: 05/19/2011) |
| 05/20/2011 | 15 | *Denton County Electric Cooperative Inc.'s* ANSWER to 12 Amended Complaint, *Affirmative Defenses and*, COUNTERCLAIM against TransData, Inc. by Denton County Electric Cooperative, Inc. d/b/a CoServ Electric.(Gillam, Harry) (Entered: |

| | | |
|---|---|---|
| | | 05/20/2011) |
| 05/26/2011 | 16 | APPLICATION to Appear Pro Hac Vice by Attorney Lawrence K Nodine for Denton County Electric Cooperative, Inc. d/b/a CoServ Electric. (mll, ) (Entered: 05/26/2011) |
| 05/26/2011 | 17 | APPLICATION to Appear Pro Hac Vice by Attorney Katrina Marie Quicker for Denton County Electric Cooperative, Inc. d/b/a CoServ Electric. (mll, ) (Entered: 05/26/2011) |
| 05/26/2011 | 18 | APPLICATION to Appear Pro Hac Vice by Attorney Charley F Brown for Denton County Electric Cooperative, Inc. d/b/a CoServ Electric. (mll, ) (Entered: 05/26/2011) |
| 05/26/2011 | 19 | APPLICATION to Appear Pro Hac Vice by Attorney Richard William Miller for Denton County Electric Cooperative, Inc. d/b/a CoServ Electric. (mll, ) (Entered: 05/26/2011) |
| 06/02/2011 | 20 | NOTICE by TransData, Inc. *of Readiness for Scheduling Conference* (Findlay, Eric) (Entered: 06/02/2011) |
| 06/10/2011 | 21 | ANSWER to 15 Answer to Amended Complaint, Counterclaim by TransData, Inc..(Findlay, Eric) (Entered: 06/10/2011) |
| 07/08/2011 | 22 | ORDER setting Status Conference for 8/9/2011 01:30 PM before Judge Leonard Davis. Signed by Judge Leonard Davis on 07/08/11. cc:attys 7–11–11(mll, ) (Entered: 07/11/2011) |
| 08/09/2011 | 24 | Minute Entry for proceedings held before Judge Leonard Davis: **Status Conference held on 8/9/2011.** (Court Reporter Shea Sloan.) (Attachments: # 1 Attorney Sign–In Sheet) (rlf, ) (Entered: 08/16/2011) |
| 08/11/2011 | 23 | ORDER REFERRING CASE to Magistrate Judge John D. Love to conduct pretrial proceedings. Signed by Judge Leonard Davis on 08/11/11. cc:attys 8–12–11(mll, ) (Entered: 08/12/2011) |
| 08/17/2011 | 25 | ORDERED that the following dates be incorporated into the Docket Control Order. Markman Hearing set for 2/2/2012 at 9:00 AM in Ctrm 207 (Tyler) before Magistrate Judge John D. Love. Jury Selection set for 11/5/2012 at 9:00 AM in Ctrm 361 (Tyler) before Judge Leonard Davis, with Jury Trial set for 11/13/2012 at 9:00 AM. Pretrial Conference set for 10/18/2012 at 9:00 AM in Ctrm 207 (Tyler) before Magistrate Judge John D. Love. Signed by Magistrate Judge John D. Love on 8/17/11. (leh, ) (Entered: 08/18/2011) |
| 08/18/2011 | 26 | ORDER regarding submission of proposed technical advisors, letter briefs and briefing schedule for claim construction/summary judgment. Signed by Magistrate Judge John D. Love on 08/18/11. cc:attys 8–19–11(mll, ) (Entered: 08/19/2011) |
| 08/19/2011 | 27 | NOTICE by Denton County Electric Cooperative, Inc. d/b/a CoServ Electric *of Compliance with Patent Rule 4–1* (Miller, Richard) (Entered: 08/19/2011) |
| 08/19/2011 | 28 | NOTICE by TransData, Inc. *of Compliance with P.R. 4–1* (Findlay, Eric) (Entered: 08/19/2011) |
| 08/22/2011 | 29 | NOTICE by Denton County Electric Cooperative, Inc. d/b/a CoServ Electric *of Service of Defendant's Initial Disclosures* (Miller, Richard) (Entered: 08/22/2011) |
| 08/22/2011 | 30 | NOTICE by TransData, Inc. *of Service of Initial Disclosures* (Findlay, Eric) (Entered: 08/22/2011) |
| 08/23/2011 | 31 | Joint MOTION for Entry of Docket Control Order and Discovery Order by TransData, Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Text of Proposed Order)(Findlay, Eric) (Entered: 08/23/2011) |
| 08/23/2011 | 32 | NOTICE by TransData, Inc. *Joint Notice of Agreed Mediator* (Findlay, Eric) (Entered: 08/23/2011) |
| 08/24/2011 | 33 | AGREED DISCOVERY ORDER. Signed by Magistrate Judge John D. Love on 08/24/11. cc:attys 8–24–11(mll, ) (Entered: 08/24/2011) |

| 08/24/2011 | 34 | ORDER REFERRING CASE to Mediator. James W. Knowles added as Mediator. Signed by Magistrate Judge John D. Love on 08/24/11. cc:attys 8−25−11(mll, ) (Entered: 08/25/2011) |
|---|---|---|
| 08/25/2011 | 35 | DOCKET CONTROL ORDER. Signed by Magistrate Judge John D. Love on 08/25/11. cc:attys 8−25−11(mll, ) (Entered: 08/25/2011) |
| 08/25/2011 | | Deadlines set per 35 Docket Control Order: Amended Pleadings due by 10/13/2011; Respond to Amended Pleadings by 10−27−2011. Fact Discovery due by 5/7/2012. Expert Witness List due by 3/28/2012; Rebuttal Expert Witnesses designated by 4−09−2012. Identify trial witnesses by 5/21/2012; Rebuttal Trial Witnesses identified by 6−01−2012. Jury instructions due by 9/13/2012. Mediation Completion due by 12/31/2011. Dispositive Motions due by 6/4/2012; Response to Dispositive Motions due 6−19−2012. Proposed Pretrial Order due by 9/13/2012. Jury Selection set for 11/5/2012 09:00AM before Judge Leonard Davis. Jury Trial set for 11/13/2012 09:00 AM before Judge Leonard Davis. Markman Hearing set for 2/2/2012 09:00 AM before Magistrate Judge John D. Love. Pretrial Conference set for 10/18/2012 09:00 AM before Magistrate Judge John D. Love. Expected Length of Trial is 5 days. (mll, ) (Entered: 08/26/2011) |
| 09/02/2011 | 36 | NOTICE by Denton County Electric Cooperative, Inc. d/b/a CoServ Electric *of compliance with Patent Rules 3−3 and 3−4* (Miller, Richard) (Entered: 09/02/2011) |
| 09/09/2011 | 37 | NOTICE by Denton County Electric Cooperative, Inc. d/b/a CoServ Electric *Notice Of Compliance With P.R. 4−2* (Miller, Richard) (Entered: 09/09/2011) |
| 09/12/2011 | 38 | NOTICE by TransData, Inc. *of Compliance with P. R. 4−2* (Findlay, Eric) (Entered: 09/12/2011) |
| 09/15/2011 | 39 | Unopposed MOTION to Withdraw as Attorney by TransData, Inc.. (Attachments: # 1 Text of Proposed Order)(Krupka, Robert) (Entered: 09/15/2011) |
| 09/16/2011 | 40 | ORDER granting 39 Motion to Withdraw as Attorney. Attorney Robert G Krupka terminated as counsel for TransData Inc. Signed by Magistrate Judge John D. Love on 09/16/11. cc:attys 9−19−11 (mll, ) (Entered: 09/19/2011) |
| 09/23/2011 | 41 | NOTICE of Discovery Disclosure by TransData, Inc. *Pursuant to Paragraph 2(C) of Agreed Discovery Order* (Findlay, Eric) (Entered: 09/23/2011) |

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE TRANSDATA, INC. SMART
METER PATENT LITIGATION

MDL Docket No. _____

**Complaint and Docket Sheet for *TransData, Inc. v. Oklahoma Gas & Electric Co.*,
Case No. 5:11-cv-01032 (W.D. Okla.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) TRANSDATA, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Case No.** CIV-11-1032-C |
| | § | |
| **(1) OKLAHOMA GAS & ELECTRIC** | § | **JURY TRIAL DEMANDED** |
| **COMPANY,** | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF TRANSDATA, INC.'S
## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff TransData, Inc., for its complaint against Defendant Oklahoma Gas & Electric Company, hereby demands a jury trial and alleges as follows:

### THE PARTIES

1.     Plaintiff TransData, Inc. ("TransData") is a Texas corporation having a place of business at 2560 Tarpley Road, Carrollton, Texas 75006.

2.     TransData was founded in 1969, and has been involved in the design and manufacture of power and energy metering products for over 40 years.  Specifically, TransData has been active in the design and manufacture of digital solid-state electric meters since approximately 1979 and has brought six generations of solid-state electric meters to market.  TransData had its headquarters in Tyler, Texas from 1987 to 1990, and has occupied its current suburban-Dallas location since 1990.

3.     TransData has provided electric meters and related products and services

to over 500 electric utilities and power producers in more than 25 countries worldwide, including all of the 50 largest electric utility companies in the United States.

4.     Upon information and belief, Defendant Oklahoma Gas & Electric Company ("OG&E"), is an Oklahoma Corporation having a place of business at 321 North Harvey, Oklahoma City, Oklahoma 73101.

## JURISDICTION

5.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 e*t seq.*  This Court has original and exclusive subject matter jurisdiction over the patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338.

6.     This Court has personal jurisdiction over OG&E because OG&E has established contacts with the forum—including by voluntarily conducting business and soliciting customers in the State of Oklahoma—and the exercise of jurisdiction over OG&E would not offend the traditional notions of fair play and substantial justice. OG&E is an Oklahoma Corporation and has extensive business operations in Oklahoma.

## VENUE

7.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and/or 1400 because the Defendant is subject to personal jurisdiction in the Western District of Oklahoma.

8.     Venue is proper in this judicial district as to OG&E because OG&E is doing business in the Western District of Oklahoma, and also because it is currently

using infringing electric meters (including but not limited to General Electric I-210 electric meters with Silver Spring Networks wireless modules) within the Western District of Oklahoma.

## **RELATED CASES**

9.     The following actions asserting the same patents-in-suit are pending: *TransData, Inc. v. CenterPoint Energy Houston Electric, LLC et al.*, 6:10-cv-557-LED-JDL (E.D.Tex.); *TransData, Inc. v. Tri-County Electric Cooperative, Inc.*, 6:11-cv-46-LED-JDL (E.D.Tex.); *TransData, Inc. v. Denton County Electric Cooperative, Inc. d/b/a CoServ Electric*, 6:11-cv-113-LED-JDL (E.D.Tex.); *TransData, Inc. v. Georgia Power Co.*, 5:11-cv-305-MTT (M.D.Ga.); *TransData, Inc. v. Alabama Power Co.*, 2:11-cv-635-MHT-TFM (M.D.Ala.); and *TransData, Inc. v. Mississippi Power Co.*, 3:11-cv-499-CWR-FKB (S.D.Miss.).

## **COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 6,181,294**

10.     TransData realleges and incorporates by reference the allegations in paragraphs 1 through 9 of this Complaint as though fully set forth herein.

11.     United States Patent No. 6,181,294 ("the '294 Patent"), entitled "Antenna for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on January 30, 2001.  The '294 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '294 Patent.  A copy of the '294 Patent is attached hereto as Exhibit 1.

12.     TransData has complied with the requirements of 35 U.S.C. § 287 and

marks its products by identifying the '294 Patent on its electric meters.

13.    The '294 Patent is valid and enforceable.

14.    OG&E has infringed, and is still infringing, one or more claims of the '294 Patent by making, using, offering to sell, selling, and/or importing electric meters, specifically including, without limitation, General Electric I-210 electric meters with Silver Spring Networks wireless modules.

15.    On information and belief, OG&E is also making, using, offering to sell, selling, and/or importing additional wireless electric meters, which are similar to the General Electric I-210 electric meters with Silver Spring Networks wireless modules and which may also infringe one or more claims of the '294 Patent. Although publicly-available information on these additional meters is very limited, TransData believes, on information and belief, that discovery will show that they also infringe one or more claims of the '294 Patent.

16.    OG&E's infringement of the '294 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for OG&E's infringement, which in no event can be less than a reasonable royalty.

17.    OG&E has caused TransData substantial damage and irreparable injury by its infringement of the '294 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by OG&E is enjoined by this Court.

## COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 6,462,713

18.     TransData realleges and incorporates by reference the allegations in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19.     United States Patent No. 6,462,713 ("the '713 Patent"), entitled "Antenna for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on October 8, 2002.  The '713 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '713 Patent.  A copy of the '713 Patent is attached hereto as Exhibit 2.

20.     TransData has complied with the requirements of 35 U.S.C. § 287 and marks its products by identifying the '713 Patent on its electric meters.

21.     The '713 Patent is valid and enforceable.

22.     OG&E has infringed, and is still infringing, one or more claims of the '713 Patent by making, using, offering to sell, selling, and/or importing electric meters, specifically including, without limitation, General Electric I-210 electric meters with Silver Spring Networks wireless modules.

23.     On information and belief, OG&E is also making, using, offering to sell, selling, and/or importing additional wireless electric meters, which are similar to the General Electric I-210 electric meters with Silver Spring Networks wireless modules and which may also infringe one or more claims of the '713 Patent.  Although publicly-available information on these additional meters is very limited, TransData believes, on information and belief, that discovery will show that they also infringe one or more

claims of the '713 Patent.

24.     OG&E's infringement of the '713 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for OG&E's infringement, which in no event can be less than a reasonable royalty.

25.     OG&E has caused TransData substantial damage and irreparable injury by its infringement of the '713 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by OG&E is enjoined by this Court.

## COUNT 3 – INFRINGEMENT OF U.S. PATENT NO. 6,903,699

26.     TransData realleges and incorporates by reference the allegations in paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27.     United States Patent No. 6,903,699 ("the '699 Patent"), entitled "Wireless Communication Device for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on June 7, 2005.  The '699 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '699 Patent.  A copy of the '699 Patent is attached hereto as Exhibit 3.

28.     TransData has complied with the requirements of 35 U.S.C. § 287 and marks its products by identifying the '699 Patent on its electric meters.

29.     The '699 Patent is valid and enforceable.

30.     OG&E has infringed, and is still infringing, one or more claims of the '699 Patent by making, using, offering to sell, selling, and/or importing electric meters,

specifically including, without limitation, General Electric I-210 electric meters with Silver Spring Networks wireless modules.

31.     On information and belief, OG&E is also making, using, offering to sell, selling, and/or importing additional wireless electric meters, which are similar to the General Electric I-210 electric meters with Silver Spring Networks wireless modules and which may also infringe one or more claims of the '699 Patent.  Although publicly-available information on these additional meters is very limited, TransData believes, on information and belief, that discovery will show that they also infringe one or more claims of the '699 Patent.

32.     OG&E's infringement of the '699 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for OG&E's infringement, which in no event can be less than a reasonable royalty.

33.     OG&E has caused TransData substantial damage and irreparable injury by its infringement of the '699 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by OG&E is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TransData respectfully requests that judgment be entered in favor of TransData and against Defendant OG&E, and further prays that the Court grant the following relief to TransData:

A.      A judgment that OG&E has infringed the '294 Patent, the '713 Patent, and the '699 Patent, and continues to infringe the '294 Patent, the '713 Patent, and

the '699 Patent;

B.     Entry of a permanent injunction pursuant to 35 U.S.C. § 283 enjoining OG&E, as well as its officers, directors, servants, consultants, managers, employees, agents, attorneys, successors, assigns, affiliates, subsidiaries, and all persons in active concert or participation with any of them, from infringement of the '294 Patent, the '713 Patent, and the '699 Patent, including but not limited to making, using, offering to sell, selling, or importing any products that infringe or products that perform the patented processes set forth in the '294 Patent, the '713 Patent, and the '699 Patent;

C.     An award of all damages adequate to compensate TransData for OG&E's infringement, such damages to be determined by a jury and, if necessary, an accounting of all damages;

D.     An award of prejudgment and post-judgment interest to TransData pursuant to 35 U.S.C. § 284;

E.     A declaration that this case is exceptional under 35 U.S.C. § 285 and an award of the reasonable attorneys' fees, costs, and expenses incurred by TransData in this action; and

F.     Such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

TransData hereby demands a trial by jury on all issues and claims so triable.

Dated: September 16, 2011

**TRANSDATA, INC.'S COMPLAINT**                                          **PAGE 8**
**FOR PATENT INFRINGEMENT**

Respectfully submitted,


/s/ R. Scott Thompson
Andrew W. Lester, OBA No. 5388
R. Scott Thompson
Carrie L. Vaughn, OBA No. 21866
**LESTER, LOVING & DAVIES, P.C.**
1701 South Kelly Avenue
Edmond, Oklahoma 73013-3623
Telephone: 405-844-9900
Facsimile: 405-844-9958
alester@lldlaw.com

**-and-**

Paul R. Steadman, P.C.
**KIRKLAND & ELLIS LLP**
300 N. LaSalle Street
Chicago, Illinois 60654
(312) 862-2000 Phone
(312) 862-2200 Fax
paul.steadman@kirkland.com

*Attorneys for Plaintiff TransData, Inc.*

COUCH

## U.S. District Court
### Western District of Oklahoma[LIVE] (Oklahoma City)
### CIVIL DOCKET FOR CASE #: 5:11–cv–01032–C

Transdata Inc v. Oklahoma Gas &Electric Company
Assigned to: Honorable Robin J. Cauthron
Cause: 28:1331 Fed. Question

Date Filed: 09/16/2011
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Transdata Inc**

represented by **Andrew W Lester**
Lester Loving &Davies
1701 S Kelly Ave
Edmond, OK 73013–3623
405–844–9900
Fax: 405–844–9958
Email: alester@lldlaw.com
*ATTORNEY TO BE NOTICED*

**R Scott Thompson**
Lester Loving &Davies
1701 S Kelly Ave
Edmond, OK 73013–3623
405–844–9900
Fax: 405–844–9958
Email: sthompson@LLDLAW.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Oklahoma Gas &Electric Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/16/2011 | 1 | COMPLAINT against Oklahoma Gas &Electric Company filed by Transdata Inc. (Attachments: # 1 Exhibit 1 – Patent # 6,181,294 B1, # 2 Exhibit 2 – Patent # 6,462,713 B2, # 3 Exhibit 3 –Patent # 6,903,699 B2, # 4 Exhibit 4 – Prepared Patent Report, # 5 Civil Cover Sheet)(cps) (Entered: 09/16/2011) |
| 09/16/2011 | 2 | Summons Issued Electronically as to Oklahoma Gas &Electric Company. (cps) (Entered: 09/16/2011) |
| 09/16/2011 | 3 | Report Regarding Patent and Trademark. (cps) (Entered: 09/16/2011) |
| 09/16/2011 | 4 | ENTRY of Appearance by R Scott Thompson on behalf of Transdata Inc (Thompson, R) (Entered: 09/16/2011) |
| 09/16/2011 | 5 | DISCLOSURE STATEMENT – CORPORATE by Transdata Inc. (Thompson, R) (Entered: 09/16/2011) |
| 09/16/2011 | 6 | Receipt for Money Received from Lester Loving DD Transdata Inc in the amount of $350.00, receipt number OKW500019484 regarding 1 Complaint. (cps) (Entered: 09/19/2011) |
| 09/26/2011 | 7 | ENTRY of Appearance by Andrew W Lester on behalf of Transdata Inc (Lester, Andrew) (Entered: 09/26/2011) |
| 09/28/2011 | 8 | SUMMONS Returned Executed by Transdata Inc. Oklahoma Gas &Electric Company served on 9/21/2011. (Attachments: # 1 Attachment Receipt of Certified Mailing)(Thompson, R) (Entered: 09/28/2011) |

| 10/03/2011 | 9 | MOTION for Leave to Appear Pro Hac Vice by Transdata Inc. (Attachments: # 1 Exhibit Steadman – Pro Hac Vice Application)(Thompson, R) (Entered: 10/03/2011) |
| 10/03/2011 | 10 | Receipt for Money Received from Transdata Inc in the amount of $50.00, receipt number OKW500019766 regarding 9 MOTION for Leave to Appear Pro Hac Vice. (njr) (Entered: 10/03/2011) |

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE TRANSDATA, INC. SMART
METER PATENT LITIGATION

MDL Docket No. _____

**Complaint and Docket Sheet for *TransData, Inc. v. Mississippi Power Co.*,
No. 3:11-cv-00499 (S.D. Miss.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

AUG - 8 2011

J T NOBLIN, CLERK
BY_____ DEPUTY

| | | |
|---|---|---|
| **TRANSDATA, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | 3:11 CV 499 CWR-FKB |
| | § | |
| **MISSISSIPPI POWER COMPANY,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendant.* | § | |
| | § | |

## PLAINTIFF TRANSDATA, INC.'S
## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff TransData, Inc., for its complaint against Defendant Mississippi Power Company, hereby demands a jury trial and alleges as follows:

## THE PARTIES

1.　　Plaintiff TransData, Inc. ("TransData") is a Texas corporation having a place of business at 2560 Tarpley Road, Carrollton, Texas 75006.

2.　　TransData was founded in 1969, and has been involved in the design and manufacture of power and energy metering products for over 40 years. Specifically, TransData has been active in the design and manufacture of digital solid-state electric meters since approximately 1979 and has brought six generations of solid-state electric meters to market. TransData had its headquarters in Tyler, Texas from 1987 to 1990, and has occupied its current suburban-Dallas location since 1990.

3.　　TransData has provided electric meters and related products and services to over 500 electric utilities and power producers in more than 25 countries worldwide, including all of the 50 largest electric utility companies in the United States.

4.     Upon information and belief, Defendant Mississippi Power Company ("Mississippi Power"), is a Mississippi Corporation having a place of business at 2992 West Beach Blvd, Gulfport, Mississippi 39501.

## JURISDICTION

5.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has original and exclusive subject matter jurisdiction over the patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338.

6.     This Court has personal jurisdiction over Mississippi Power because Mississippi Power has established contacts with the forum—including by voluntarily conducting business and soliciting customers in the State of Mississippi—and the exercise of jurisdiction over Mississippi Power would not offend the traditional notions of fair play and substantial justice. Mississippi Power is a Mississippi Corporation and has extensive business operations in Mississippi.

## VENUE

7.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and/or 1400 because the Defendant is subject to personal jurisdiction in the Southern District of Mississippi.

8.     Venue is proper in this judicial district as to Mississippi Power because Mississippi Power is doing business in the Southern District of Mississippi, and also because it is currently using infringing electric meters (including but not limited to Sensus iCon electric meters) within the Southern District of Mississippi.

## RELATED CASES

9.     The following actions asserting the same patents-in-suit are pending in the U.S. District Court for the Eastern District of Texas (Tyler Division): *TransData, Inc. v. CenterPoint Energy Houston Electric, LLC et al.*, 6:10-cv-557-LED-JDL; *TransData, Inc. v. Tri-County Electric Cooperative, Inc.*, 6:11-cv-46-LED-JDL; and *TransData, Inc. v. Denton County Electric Cooperative, Inc. d/b/a CoServ Electric*, 6:11-cv-113-LED-JDL.

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 6,181,294

10.     TransData realleges and incorporates by reference the allegations in paragraphs 1 through 9 of this Complaint as though fully set forth herein.

11.     United States Patent No. 6,181,294 ("the '294 Patent"), entitled "Antenna for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on January 30, 2001. The '294 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '294 Patent. A copy of the '294 Patent is attached hereto as Exhibit 1.

12.     TransData has complied with the requirements of 35 U.S.C. § 287 and marks its products by identifying the '294 Patent on its electric meters.

13.     The '294 Patent is valid and enforceable.

14.     Mississippi Power has infringed, and is still infringing, one or more claims of the '294 Patent by making, using, offering to sell, selling, and/or importing electric meters, specifically including, without limitation, Sensus iCon electric meters.

15.     On information and belief, Mississippi Power is also making, using, offering to sell, selling, and/or importing additional wireless electric meters, including without limitation Elster Alpha A3 electric meters and/or Elster REX electric meters, which are similar to the Sensus iCon electric meters and which may also infringe one or more claims of the '294 Patent. Although publicly-available information on these additional meters is very limited, TransData believes, on information and belief, that discovery will show that they also infringe one or more claims of the '294 Patent.

16.     Mississippi Power's infringement of the '294 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for Mississippi Power's infringement, which in no event can be less than a reasonable royalty.

17.     Mississippi Power has caused TransData substantial damage and irreparable injury by its infringement of the '294 Patent, and TransData will continue to suffer damage and

irreparable injury unless and until the infringement by Mississippi Power is enjoined by this Court.

## COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 6,462,713

18. TransData realleges and incorporates by reference the allegations in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19. United States Patent No. 6,462,713 ("the '713 Patent"), entitled "Antenna for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on October 8, 2002. The '713 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '713 Patent. A copy of the '713 Patent is attached hereto as Exhibit 2.

20. TransData has complied with the requirements of 35 U.S.C. § 287 and marks its products by identifying the '713 Patent on its electric meters.

21. The '713 Patent is valid and enforceable.

22. Mississippi Power has infringed, and is still infringing, one or more claims of the '713 Patent by making, using, offering to sell, selling, and/or importing electric meters, specifically including, without limitation, Sensus iCon electric meters.

23. On information and belief, Mississippi Power is also making, using, offering to sell, selling, and/or importing additional wireless electric meters, including without limitation Elster Alpha A3 electric meters and/or Elster REX electric meters, which are similar to the Sensus iCon electric meters and which may also infringe one or more claims of the '713 Patent. Although publicly-available information on these additional meters is very limited, TransData believes, on information and belief, that discovery will show that they also infringe one or more claims of the '713 Patent.

24. Mississippi Power's infringement of the '713 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for Mississippi Power's infringement, which in no event can be less than a reasonable royalty.

**TRANSDATA, INC.'S COMPLAINT**                                                   **PAGE 4**
**FOR PATENT INFRINGEMENT**

25. Mississippi Power has caused TransData substantial damage and irreparable injury by its infringement of the '713 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by Mississippi Power is enjoined by this Court.

## COUNT 3 – INFRINGEMENT OF U.S. PATENT NO. 6,903,699

26. TransData realleges and incorporates by reference the allegations in paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. United States Patent No. 6,903,699 ("the '699 Patent"), entitled "Wireless Communication Device for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on June 7, 2005. The '699 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '699 Patent. A copy of the '699 Patent is attached hereto as Exhibit 3.

28. TransData has complied with the requirements of 35 U.S.C. § 287 and marks its products by identifying the '699 Patent on its electric meters.

29. The '699 Patent is valid and enforceable.

30. Mississippi Power has infringed, and is still infringing, one or more claims of the '699 Patent by making, using, offering to sell, selling, and/or importing electric meters, specifically including, without limitation, Sensus iCon electric meters.

31. On information and belief, Mississippi Power is also making, using, offering to sell, selling, and/or importing additional wireless electric meters, including without limitation Elster Alpha A3 electric meters and/or Elster REX electric meters, which are similar to the Sensus iCon electric meters and which may also infringe one or more claims of the '699 Patent. Although publicly-available information on these additional meters is very limited, TransData believes, on information and belief, that discovery will show that they also infringe one or more claims of the '699 Patent.

32.     Mississippi Power's infringement of the '699 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for Mississippi Power's infringement, which in no event can be less than a reasonable royalty.

33.     Mississippi Power has caused TransData substantial damage and irreparable injury by its infringement of the '699 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by Mississippi Power is enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff TransData respectfully requests that judgment be entered in favor of TransData and against Defendant Mississippi Power and further prays that the Court grant the following relief to TransData:

A.     A judgment that Mississippi Power has infringed the '294 Patent, the '713 Patent, and the '699 Patent, and continues to infringe the '294 Patent, the '713 Patent, and the '699 Patent;

B.     Entry of a permanent injunction pursuant to 35 U.S.C. § 283 enjoining Mississippi Power, as well as its officers, directors, servants, consultants, managers, employees, agents, attorneys, successors, assigns, affiliates, subsidiaries, and all persons in active concert or participation with any of them, from infringement of the '294 Patent, the '713 Patent, and the '699 Patent, including but not limited to making, using, offering to sell, selling, or importing any products that infringe or products that perform the patented processes set forth in the '294 Patent, the '713 Patent, and the '699 Patent;

C.     An award of all damages adequate to compensate TransData for Mississippi Power's infringement, such damages to be determined by a jury and, if necessary, an accounting of all damages;

D.     An award of prejudgment and post-judgment interest to TransData pursuant to 35 U.S.C. § 284;

E.     A declaration that this case is exceptional under 35 U.S.C. § 285 and an award of the reasonable attorneys' fees, costs, and expenses incurred by TransData in this action; and

F.     Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

TransData hereby demands a trial by jury on all issues and claims so triable.

Dated: August 8, 2011

Respectfully submitted,

Stephen L. Thomas (MBN 8309)

Stephen L. Thomas
Bradley Arant Boult Cummings LLP
One Jackson Place
188 East Capitol Street, Suite 400
PO Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
Email: sthomas@babc.com

Paul R. Steadman, P.C.
**KIRKLAND & ELLIS LLP**
300 N. LaSalle Street
Chicago, Illinois 60654
(312) 862-2000 Phone
(312) 862-2200 Fax paul.steadman@kirkland.com

*Attorneys for Plaintiff TransData, Inc.*

JS 44 (Rev. 11/04)

**3:11cv499 cwr-FKB**

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Transdata, Inc.

**DEFENDANTS**
Mississippi Power Company

**(b)** County of Residence of First Listed Plaintiff    Carrollton, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Harrison County, Mississippi
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
Stephen L. Thomas
Bradley Arant Boult Cummings LLP
P.O. Box 1789
Jackson, MS 39215
601-948-8000                    Also see attached

Attorneys (If Known)

SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**
AUG - 8 2011
J T NOBLIN, CLERK
BY _____ DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an X in One Box for Plaintiff
(For Diversity Cases Only)                                  and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [x] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury | **PERSONAL INJURY**<br>[ ] 362 Personal Injury -- Med Malpractice<br>[ ] 365 Personal Injury -- Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 610 Agriculture<br>[ ] 620 Other Food & Drug<br>[ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 630 Liquor Laws<br>[ ] 640 R.R. & Truck<br>[ ] 650 Airline Regs.<br>[ ] 660 Occupational Safety/Health<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[x] 830 Patent<br>[ ] 840 Trademark<br>**SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g)) | [ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit<br>[ ] 490 Cable/Sat TV<br>[ ] 810 Selective Service<br>[ ] 850 Securities/Commodities/Exchange<br>[ ] 875 Customer Challenge 12 USC 3410<br>[x] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/Accommodations<br>[ ] 444 Welfare<br>[ ] 445 Amer. w/Disabilities -- Employment<br>[ ] 446 Amer. w/Disabilities -- Other<br>[ ] 440 Other Civil Rights | [ ] 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Mgmt. Relations<br>[ ] 730 Labor/Mgmt. Reporting & Disclosure Act<br>[ ] 740 Railway Labor Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Empl. Ret. Inc. Security Act | [ ] 892 Economic Stabilization Act<br>[ ] 893 Environmental Matters<br>[ ] 894 Energy Allocation Act<br>[ ] 895 Freedom of Information Act<br>[ ] 900 Appeal of Fee Determination Under Equal Access to Justice<br>[ ] 950 Constitutionality of State Statutes |
| | | | **FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS -- Third Party 26 USC 7609 | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**    Cite the U.S. Civil Statute under which you are filing. (Do not cite jurisdictional statutes unless diversity.)    35 U.S.C. § 1 et. seq.

Brief Description of cause: patent infringement

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY**    (See instructions)    See ¶ 9 of Complaint.    JUDGE _____    DOCKET NUMBER _____

DATE    August 8, 2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

#34643011190

# U.S. District Court
## Southern District of Mississippi (Jackson)
## CIVIL DOCKET FOR CASE #: 3:11–cv–00499–CWR–FKB

Transdata, Inc. v. Mississippi Power Company
Assigned to: District Judge Carlton W. Reeves
Referred to: Magistrate Judge F. Keith Ball
Cause: 35:271 Patent Infringement

Date Filed: 08/08/2011
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Transdata, Inc.** represented by **Paul R. Steadman – PHV**
KIRKLAND &ELLIS, LLP – Chicago
300 N. LaSalle Street
Chicago, IL 60654
312/862–2000
Fax: 312/862–2200
Email: paul.steadman@kirkland.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Lee Thomas**
BRADLEY ARANT BOULT
CUMMINGS LLP – Jackson
P.O. Box 1789
Jackson, MS 39215–1789
601/948–8000
Fax: 601/948–3000
Email: sthomas@babc.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Mississippi Power Company** represented by **John G. Corlew**
CORLEW MUNFORD &SMITH, PLLC
P. O. Box 16807
Jackson, MS 39236–6807
601/366–1106
Fax: 601/366–1052
Email: jcorlew@cmslawyers.com
*ATTORNEY TO BE NOTICED*

**Katherine K. Smith**
CORLEW MUNFORD &SMITH, PLLC
P. O. Box 16807
Jackson, MS 39236–6807
601/366–1106
Email: ksmith@cmslawyers.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/08/2011 | 1 | COMPLAINT against Mississippi Power Company ( Filing fee $ 350 receipt number 34643011190), filed by Transdata, Inc.. (Attachments: # 1 Exhibit 1 – '294 Patent, # 2 Exhibit 2 – '713 Patent, # 3 Exhibit 3 – '699 Patent, # 4 Civil Cover Sheet)(ND) (Entered: 08/09/2011) |
| 08/09/2011 | 2 | NOTICE OF MAILING – Report on Filing or Determination of an Action regarding a Patent or Trademark mailed to the Director of Patent and Trademark. (ND) (Entered: 08/09/2011) |

| 08/09/2011 | 3 | Corporate Disclosure Statement by Transdata, Inc. (Thomas, Stephen) (Entered: 08/09/2011) |
|---|---|---|
| 08/09/2011 | 4 | Summons Issued as to Mississippi Power Company. (ND) (Entered: 08/09/2011) |
| 08/15/2011 | 5 | SUMMONS Returned Executed by Transdata, Inc. Mississippi Power Company served on 8/11/2011, answer due 9/1/2011. (Thomas, Stephen) (Entered: 08/15/2011) |
| 08/22/2011 | 6 | MOTION for Paul R. Steadman, P.C. to Appear Pro Hac Vice by Transdata, Inc. (Attachments: # 1 Exhibit Certificate of Good Standing)(Thomas, Stephen) (Entered: 08/22/2011) |
| 08/22/2011 | | Pro Hac Vice fee paid by Paul R. Steadman $ 100, receipt number 34643011423. (ND) (Entered: 08/22/2011) |
| 08/24/2011 | | TEXT ONLY ORDER denying 6 Motion to Appear Pro Hac Vice that the motion for pro hac vice admission of Paul R. Steadman is denied for failure to attach a certificate of good standing by the appropriate licensing authority according to L. U. R. Civ. 83.1(d)(4). NO FURTHER WRITTEN ORDER WILL ISSUE FROM THE COURT. Signed by Magistrate Judge F. Keith Ball on 8/24/11. (JEJ) (Entered: 08/24/2011) |
| 08/29/2011 | 7 | MOTION for Extension of Time to File Answer re 1 Complaint, by Mississippi Power Company (Smith, Katherine) (Entered: 08/29/2011) |
| 09/01/2011 | | TEXT ONLY ORDER granting 7 Motion for Extension of Time to Answer. Mississippi Power Company answer due 10/3/2011. NO FURTHER WRITTEN ORDER WILL ISSUE. Signed by Magistrate Judge F. Keith Ball on September 1, 2011. (WS) (Entered: 09/01/2011) |
| 09/06/2011 | 8 | Amended MOTION for Paul R. Steadman to Appear Pro Hac Vice by Transdata, Inc. (Attachments: # 1 Exhibit Certificate of Good Standing)(Thomas, Stephen) (Entered: 09/06/2011) |
| 09/07/2011 | | ORDER granting 8 Motion to Appear Pro Hac Vice that Paul R. Steadman be admitted pro hac vice in this case on behalf of Transdata, Inc. in association with local counsel and upon registration for electronic filing as required by the Court. NO FURTHER WRITTEN ORDER WILL ISSUE FROM THE COURT. Signed by Magistrate Judge F. Keith Ball on 9/7/11 (JEJ) (Entered: 09/07/2011) |
| 09/15/2011 | 9 | Corporate Disclosure Statement by Mississippi Power Company (Smith, Katherine) (Entered: 09/15/2011) |
| 10/03/2011 | 10 | MOTION to Stay Case *Pending Reexamination of the Patents−in−Suit* by Mississippi Power Company (Attachments: # 1 Exhibit 1 − Patent '294, # 2 Exhibit 2 − Patent '713, # 3 Exhibit 3 − Patent '699, # 4 Exhibit 4 − ex Parte Reexam for '294 patent, # 5 Exhibit 5 − Ex Parte Reexam for '713 Patent, # 6 Exhibit 6 − 1−14−2011 Ex parte reexam for '699, # 7 Exhibit 7 − 8−12−2011 Reexam Order '294, # 8 Exhibit 8 − 4−21−2011 Reexam Order '713, # 9 Exhibit 9 − 2−18−2011 Reexam Order '699, # 10 Exhibit 10 − Office Action Reject '294 Claims, # 11 Exhibit 11 − Office Action Reject '713 Claims, # 12 Exhibit 12 − Office Action Reject '699 Claims, # 13 Exhibit 13 − 50802911 Amdmt and Response, # 14 Exhibit 14 − Ex parte Reexam Report 6−30−2011, # 15 Exhibit 15 − Declaration of Cristiain Paun)(Corlew, John) (Entered: 10/03/2011) |
| 10/03/2011 | 11 | MEMORANDUM in Support re 10 MOTION to Stay Case *Pending Reexamination of the Patents−in−Suit* filed by Mississippi Power Company (Corlew, John) (Entered: 10/03/2011) |
| 10/03/2011 | 12 | MOTION to Dismiss *Pursuant to Rule 12(B)(6)* by Mississippi Power Company (Attachments: # 1 Exhibit 1 − Patent '294, # 2 Exhibit 2 − Patent '713, # 3 Exhibit 3 − Patent '699, # 4 Exhibit 4 − Ex parte Reexam for '294 patent, # 5 Exhibit 5 − Ex parte Reexam for '713 patent, # 6 Exhibit 6 − 1−14−2011 Ex parte Reexam for '699, # 7 Exhibit 7 − 8−12−2011 Reexam Order '294, # 8 Exhibit 8 − 4−21−2011 Reexam Order '713, # 9 Exhibit 9 − 2−18−2011 Reexam Order '699, # 10 Exhibit 10 − Office Action Reject '294 Claims, # 11 Exhibit 11 − Office Action Reject '713 Claims, # 12 Exhibit 12 − Office Action Reject '699 Claims, # 13 Exhibit 13 − |

| | | |
|---|---|---|
| | | 5–9–2011 Amdmt and Response, #_14 Exhibit 14 – Ex Parte Reexam Report 6–30–2011, #_15 Exhibit 15 – Declaration of Cristian Paun)(Corlew, John) (Entered: 10/03/2011) |
| 10/03/2011 | 13 | MEMORANDUM in Support re_12 MOTION to Dismiss *Pursuant to Rule 12(B)(6)* MOTION to Dismiss *Pursuant to Rule 12(B)(6)* MOTION to Dismiss *Pursuant to Rule 12(B)(6)* MOTION to Dismiss *Pursuant to Rule 12(B)(6)* filed by Mississippi Power Company (Corlew, John) (Entered: 10/03/2011) |
| 10/04/2011 | 14 | MOTION for Mark Berkowitz to Appear Pro Hac Vice by Mississippi Power Company (Attachments: #_1 Exhibit A – Certificate of Good Standing)(Corlew, John) (Entered: 10/04/2011) |
| 10/04/2011 | | Pro Hac Vice fee paid for Mark Berkowitz receipt number 0538–1969238 $ 100 (Corlew, John) (Entered: 10/04/2011) |
| 10/04/2011 | 15 | MOTION for Michael J. Word to Appear Pro Hac Vice by Mississippi Power Company (Attachments: #_1 Exhibit A – Certificate of Good Standing)(Corlew, John) (Entered: 10/04/2011) |
| 10/04/2011 | | Pro Hac Vice fee paid for Michael J. Word receipt number 0538–1969285 $ 100 (Corlew, John) (Entered: 10/04/2011) |
| 10/04/2011 | 16 | NOTICE of Appearance by Katherine K. Smith on behalf of Mississippi Power Company (Smith, Katherine) (Entered: 10/04/2011) |

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE TRANSDATA, INC. SMART
METER PATENT LITIGATION

MDL Docket No. _____

Complaint and Docket Sheet for *TransData, Inc. v. Georgia Power Co.*,
No. 5:11-cv-00305 (M.D. Ga.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| **TRANSDATA, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | _____ |
| | § | |
| **GEORGIA POWER COMPANY,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |
| | § | |

### PLAINTIFF TRANSDATA, INC.'S
### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff TransData, Inc., for its complaint against Defendant Georgia Power Company, hereby demands a jury trial and alleges as follows:

### THE PARTIES

1.      Plaintiff TransData, Inc. ("TransData") is a Texas corporation having a place of business at 2560 Tarpley Road, Carrollton, Texas 75006.

2.      TransData was founded in 1969, and has been involved in the design and manufacture of power and energy metering products for over 40 years. Specifically, TransData has been active in the design and manufacture of digital solid-state electric meters since approximately 1979 and has brought six generations of solid-state electric meters to market. TransData had its headquarters in Tyler, Texas from 1987 to 1990, and has occupied its current suburban-Dallas location since 1990.

3.      TransData has provided electric meters and related products and services to over 500 electric utilities and power producers in more than 25 countries worldwide, including all of the 50 largest electric utility companies in the United States.

4.      Upon information and belief, Defendant Georgia Power Company ("Georgia Power"), is a Georgia Corporation having a place of business at 241 Ralph McGill Blvd NE, Atlanta, Georgia 30308.

## JURISDICTION

5.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.  This Court has original and exclusive subject matter jurisdiction over the patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338.

6.      This Court has personal jurisdiction over Georgia Power because Georgia Power has established contacts with the forum—including by voluntarily conducting business and soliciting customers in the State of Georgia—and the exercise of jurisdiction over Georgia Power would not offend the traditional notions of fair play and substantial justice.  Georgia Power is a Georgia Corporation and has extensive business operations in Georgia.

## VENUE

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and/or 1400 because the Defendant is subject to personal jurisdiction in the Middle District of Georgia.

8.      Venue is proper in this judicial district as to Georgia Power because Georgia Power is doing business in the Middle District of Georgia, and also because it is currently using infringing electric meters (including but not limited to Sensus iCon electric meters) within the Middle District of Georgia.

## RELATED CASES

9.      The following actions asserting the same patents-in-suit are pending in the U.S. District Court for the Eastern District of Texas (Tyler Division): *TransData, Inc. v. CenterPoint Energy Houston Electric, LLC et al.*, 6:10-cv-557-LED-JDL; *TransData, Inc. v. Tri-County Electric Cooperative, Inc.*, 6:11-cv-46-LED-JDL; and *TransData, Inc. v. Denton County Electric Cooperative, Inc. d/b/a CoServ Electric*, 6:11-cv-113-LED-JDL

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 6,181,294

10.     TransData realleges and incorporates by reference the allegations in paragraphs 1 through 9 of this Complaint as though fully set forth herein.

11.     United States Patent No. 6,181,294 ("the '294 Patent"), entitled "Antenna for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on January 30, 2001.  The '294 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '294 Patent.  A copy of the '294 Patent is attached hereto as Exhibit 1.

12.     TransData has complied with the requirements of 35 U.S.C. § 287 and marks its products by identifying the '294 Patent on its electric meters.

13.     The '294 Patent is valid and enforceable.

14.     Georgia Power has infringed, and is still infringing, one or more claims of the '294 Patent by making, using, offering to sell, selling, and/or importing electric meters, specifically including, without limitation, Sensus iCon electric meters.

15.     On information and belief, Georgia Power is also making, using, offering to sell, selling, and/or importing additional wireless electric meters, which are similar to the Sensus iCon electric meters and which may also infringe one or more claims of the '294 Patent. Although publicly-available information on these additional meters is very limited, TransData believes, on information and belief, that discovery will show that they also infringe one or more claims of the '294 Patent.

16.     Georgia Power's infringement of the '294 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for Georgia Power's infringement, which in no event can be less than a reasonable royalty.

17.     Georgia Power has caused TransData substantial damage and irreparable injury by its infringement of the '294 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by Georgia Power is enjoined by this Court.

## COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 6,462,713

18.      TransData realleges and incorporates by reference the allegations in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19.      United States Patent No. 6,462,713 ("the '713 Patent"), entitled "Antenna for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on October 8, 2002.  The '713 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '713 Patent.  A copy of the '713 Patent is attached hereto as Exhibit 2.

20.      TransData has complied with the requirements of 35 U.S.C. § 287 and marks its products by identifying the '713 Patent on its electric meters.

21.      The '713 Patent is valid and enforceable.

22.      Georgia Power has infringed, and is still infringing, one or more claims of the '713 Patent by making, using, offering to sell, selling, and/or importing electric meters, specifically including, without limitation, Sensus iCon electric meters.

23.      On information and belief, Georgia Power is also making, using, offering to sell, selling, and/or importing additional wireless electric meters, which are similar to the Sensus iCon electric meters and which may also infringe one or more claims of the '713 Patent.  Although publicly-available information on these additional meters is very limited, TransData believes, on information and belief, that discovery will show that they also infringe one or more claims of the '713 Patent.

24.      Georgia Power's infringement of the '713 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for Georgia Power's infringement, which in no event can be less than a reasonable royalty.

25.      Georgia Power has caused TransData substantial damage and irreparable injury by its infringement of the '713 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by Georgia Power is enjoined by this Court.

## COUNT 3 – INFRINGEMENT OF U.S. PATENT NO. 6,903,699

26.     TransData realleges and incorporates by reference the allegations in paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27.     United States Patent No. 6,903,699 ("the '699 Patent"), entitled "Wireless Communication Device for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on June 7, 2005.  The '699 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '699 Patent.  A copy of the '699 Patent is attached hereto as Exhibit 3.

28.     TransData has complied with the requirements of 35 U.S.C. § 287 and marks its products by identifying the '699 Patent on its electric meters.

29.     The '699 Patent is valid and enforceable.

30.     Georgia Power has infringed, and is still infringing, one or more claims of the '699 Patent by making, using, offering to sell, selling, and/or importing electric meters, specifically including, without limitation, Sensus iCon electric meters.

31.     On information and belief, Georgia Power is also making, using, offering to sell, selling, and/or importing additional wireless electric meters, which are similar to the Sensus iCon electric meters and which may also infringe one or more claims of the '699 Patent. Although publicly-available information on these additional meters is very limited, TransData believes, on information and belief, that discovery will show that they also infringe one or more claims of the '699 Patent.

32.     Georgia Power's infringement of the '699 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for Georgia Power's infringement, which in no event can be less than a reasonable royalty.

33.     Georgia Power has caused TransData substantial damage and irreparable injury by its infringement of the '699 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by Georgia Power is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TransData respectfully requests that judgment be entered in favor of TransData and against Defendant Georgia Power, and further prays that the Court grant the following relief to TransData:

A.  A judgment that Georgia Power has infringed the '294 Patent, the '713 Patent, and the '699 Patent, and continues to infringe the '294 Patent, the '713 Patent, and the '699 Patent;

B.  Entry of a permanent injunction pursuant to 35 U.S.C. § 283 enjoining Georgia Power, as well as its officers, directors, servants, consultants, managers, employees, agents, attorneys, successors, assigns, affiliates, subsidiaries, and all persons in active concert or participation with any of them, from infringement of the '294 Patent, the '713 Patent, and the '699 Patent, including but not limited to making, using, offering to sell, selling, or importing any products that infringe or products that perform the patented processes set forth in the '294 Patent, the '713 Patent, and the '699 Patent;

C.  An award of all damages adequate to compensate TransData for Georgia Power's infringement, such damages to be determined by a jury and, if necessary, an accounting of all damages;

D.  An award of prejudgment and post-judgment interest to TransData pursuant to 35 U.S.C. § 284;

E.  A declaration that this case is exceptional under 35 U.S.C. § 285 and an award of the reasonable attorneys' fees, costs, and expenses incurred by TransData in this action; and

F.  Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

TransData hereby demands a trial by jury on all issues and claims so triable.

Dated: August 8, 2011                    Respectfully submitted,


                                        /s/ Richard H. Monk III
                                        Bar Number:  557208
                                        *Attorneys for Plaintiff TransData, Inc.*

OF COUNSEL

Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail:  rmonk@babc.com

Paul R. Steadman, P.C.
**KIRKLAND & ELLIS LLP**
300 N. LaSalle Street
Chicago, Illinois 60654
(312) 862-2000 Phone
(312) 862-2200 Fax paul.steadman@kirkland.com
(*Pro Hac Vice* Application to be Submitted)

🖎JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| TransData, Inc. | Georgia Power Company |

| **(b)** County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Richard H. Monk III, Bradley Arant Boult Cummings LLP, 205.521.8516
One Federal Place, 1819 Fifth Avenue North, Birmingham, AL 35203

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
35 U.S.C. § 1 et seq.

Brief description of cause:
Patent Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| August 8, 2011 | /s/ Richard H. Monk III |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

# U.S. District Court [LIVE AREA]
## Georgia Middle District (Macon)
## CIVIL DOCKET FOR CASE #: 5:11–cv–00305–MTT

TRANSDATA INC v. GEORGIA POWER COMPANY
Assigned to: Judge Marc Thomas Treadwell
Cause: 35:145 Patent Infringement

Date Filed: 08/08/2011
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**TRANSDATA INC**
represented by
**PAUL R STEADMAN**
300 N LASALLE ST
CHICAGO, IL 60654
312–862–2000
Fax: 312–862–2200
Email: paul.steadman@kirkland.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard Hunley Monk , III**
1819 5TH AVE N
BIRMINGHAM, AL 35203
205–521–8516
Fax: 205–488–6515
Email: rmonk@babc.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**GEORGIA POWER COMPANY**
represented by
**DUANE–DAVID HOUGH**
1675 BROADWAY
NEW YORK, NY 10019
212–506–2500
Fax: 212–262–1910
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Howard Jerome Strickland**
P.O. Box 6437
Macon, GA 31208
478–745–2821
Email: jerome.strickland@jonescork.com
*ATTORNEY TO BE NOTICED*

**MARK BERKOWITZ**
1675 BROADWAY
NEW YORK, NY 10019
212–506–2395
Email: mberkowitz@mayerbrown.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MICHAEL J WORD**
1675 BROADWAY
NEW YORK, NY 10019
212–506–2628
Email: mword@mayerbrown.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/08/2011 | 1 | COMPLAINT against GEORGIA POWER COMPANY Filing Fee $ 350, Receipt Number 113G–1167849 filed by TRANSDATA INC. (Attachments: # 1 Exhibits, # 2 Civil Cover Sheet)(cma) (Entered: 08/08/2011) |
| 08/08/2011 | 2 | Summons Issued as to GEORGIA POWER COMPANY on 8/8/2011. (cma) (Entered: 08/08/2011) |
| 08/08/2011 | 3 | Corporate Disclosure Statement by TRANSDATA INC (Monk, Richard) (Entered: 08/08/2011) |
| 08/09/2011 | 4 | Consent Form (28 USC 636(c)(1)) sent to TRANSDATA INC (cma) (Entered: 08/09/2011) |
| 08/18/2011 | 5 | SUMMONS Returned Executed by TRANSDATA INC as to GEORGIA POWER COMPANY. (Monk, Richard) (Entered: 08/18/2011) |
| 08/26/2011 | | PRO HAC VICE FEE Paid by PAUL R STEADMAN $ 100, receipt # 5375 – admitted pro hac vice as of 8/19/11. (nop) (Entered: 08/26/2011) |
| 08/30/2011 | 6 | STIPULATION by GEORGIA POWER COMPANY, TRANSDATA INC (Strickland, Howard) (Entered: 08/30/2011) |
| 08/30/2011 | 7 | NOTICE of Attorney Appearance by Howard Jerome Strickland on behalf of GEORGIA POWER COMPANY (Strickland, Howard) (Entered: 08/30/2011) |
| 09/08/2011 | 8 | Corporate Disclosure Statement by GEORGIA POWER COMPANY (Strickland, Howard) (Entered: 09/08/2011) |
| 09/09/2011 | 9 | Notice of Error in Filing (related document(s): 8 Corporate Disclosure Statement filed by GEORGIA POWER COMPANY ). (dcp) (Entered: 09/09/2011) |
| 09/09/2011 | 10 | Corporate Disclosure Statement by GEORGIA POWER COMPANY identifying Corporate Parent The Southern Company, Other Affiliate Georgia Power Capital Trust VII, Other Affiliate Georgia Power Capital Trust VII, Other Affiliate Gulf Power Company, Other Affiliate Mississippi Power Company, Other Affiliate Southern Power Company, Other Affiliate Southern Electric Generating Company, Other Affiliate Alabama Power Capital Trust V, Other Affiliate Alabama Power Company for GEORGIA POWER COMPANY. (Strickland, Howard) (Entered: 09/09/2011) |
| 09/30/2011 | 11 | MOTION to Dismiss Complaint, MOTION to Stay re 1 Complaint by GEORGIA POWER COMPANY filed by Howard Jerome Strickland. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15)(Strickland, Howard) (Entered: 09/30/2011) |
| 09/30/2011 | 12 | MEMORANDUM in Support filed by GEORGIA POWER COMPANY re: 11 MOTION to Dismiss ComplaintMOTION to Stay re 1 ComplaintMOTION to Stay re 1 Complaint (Strickland, Howard) (Entered: 09/30/2011) |
| 10/05/2011 | | PRO HAC VICE FEES Paid by MARK BERKOWITZ, MICHAEL J WORD $ 100 each, receipt # 1205202 and 1205616. Attorneys admitted pro hac vice as of 9/29/11. (nop) (Entered: 10/05/2011) |

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE TRANSDATA, INC. SMART
METER PATENT LITIGATION

MDL Docket No. _____

**Complaint and Docket Sheet for *TransData, Inc. v. Alabama Power Co.*,
No. 2:11-cv-00635 (M.D. Ala.)**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

'2011 AUG -8 P 3:59

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TRANSDATA, INC., | § |
| | § |
| *Plaintiff,* | § |
| | § |
| v. | § |
| | § |
| ALABAMA POWER COMPANY, | § |
| | § |
| *Defendant.* | § |
| | § |
| | § |
| | § |

CIVIL ACTION NO.
2:11-CV-00635-MPT

JURY TRIAL DEMANDED

## PLAINTIFF TRANSDATA, INC.'S
## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff TransData, Inc., for its complaint against Defendant Alabama Power Company, hereby demands a jury trial and alleges as follows:

## THE PARTIES

1.     Plaintiff TransData, Inc. ("TransData") is a Texas corporation having a place of business at 2560 Tarpley Road, Carrollton, Texas 75006.

2.     TransData was founded in 1969, and has been involved in the design and manufacture of power and energy metering products for over 40 years. Specifically, TransData has been active in the design and manufacture of digital solid-state electric meters since approximately 1979 and has brought six generations of solid-state electric meters to market. TransData had its headquarters in Tyler, Texas from 1987 to 1990, and has occupied its current suburban-Dallas location since 1990.

3.     TransData has provided electric meters and related products and services to over 500 electric utilities and power producers in more than 25 countries worldwide, including all of the 50 largest electric utility companies in the United States.

4.      Upon information and belief, Defendant Alabama Power Company ("Alabama Power"), is an Alabama Corporation having a place of business at 600 North 18th St., Birmingham, Alabama 35203.

## JURISDICTION

5.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has original and exclusive subject matter jurisdiction over the patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338.

6.      This Court has personal jurisdiction over Alabama Power because Alabama Power has established contacts with the forum—including by voluntarily conducting business and soliciting customers in the State of Alabama—and the exercise of jurisdiction over Alabama Power would not offend the traditional notions of fair play and substantial justice. Alabama Power is an Alabama Corporation and has extensive business operations in Alabama.

## VENUE

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and/or 1400 because the Defendant is subject to personal jurisdiction in the Middle District of Alabama.

8.      Venue is proper in this judicial district as to Alabama Power because Alabama Power is doing business in the Middle District of Alabama, and also because it is currently using infringing electric meters (including but not limited to Sensus iCon electric meters) within the Middle District of Alabama.

## RELATED CASES

9.      The following actions asserting the same patents-in-suit are pending in the U.S. District Court for the Eastern District of Texas (Tyler Division): *TransData, Inc. v. CenterPoint Energy Houston Electric, LLC et al.*, 6:10-cv-557-LED-JDL; *TransData, Inc. v. Tri-County Electric Cooperative, Inc.*, 6:11-cv-46-LED-JDL; and *TransData, Inc. v. Denton County Electric Cooperative, Inc. d/b/a CoServ Electric*, 6:11-cv-113-LED-JDL.

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 6,181,294

10.     TransData realleges and incorporates by reference the allegations in paragraphs 1 through 9 of this Complaint as though fully set forth herein.

11.     United States Patent No. 6,181,294 ("the '294 Patent"), entitled "Antenna for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on January 30, 2001. The '294 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '294 Patent. A copy of the '294 Patent is attached hereto as Exhibit 1.

12.     TransData has complied with the requirements of 35 U.S.C. § 287 and marks its products by identifying the '294 Patent on its electric meters.

13.     The '294 Patent is valid and enforceable.

14.     Alabama Power has infringed, and is still infringing, one or more claims of the '294 Patent by making, using, offering to sell, selling, and/or importing electric meters, specifically including, without limitation, Sensus iCon electric meters.

15.     On information and belief, Alabama Power is also making, using, offering to sell, selling, and/or importing additional wireless electric meters, including without limitation Elster Alpha A3 electric meters and/or electric meters with SmartSynch, Inc. wireless modules, which are similar to the Sensus iCon electric meters and which may also infringe one or more claims of the '294 Patent. Although publicly-available information on these additional meters is very limited, TransData believes, on information and belief, that discovery will show that they also infringe one or more claims of the '294 Patent.

16.     Alabama Power's infringement of the '294 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for Alabama Power's infringement, which in no event can be less than a reasonable royalty.

17.     Alabama Power has caused TransData substantial damage and irreparable injury by its infringement of the '294 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by Alabama Power is enjoined by this Court.

## COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 6,462,713

18.     TransData realleges and incorporates by reference the allegations in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19.     United States Patent No. 6,462,713 ("the '713 Patent"), entitled "Antenna for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on October 8, 2002.  The '713 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '713 Patent.  A copy of the '713 Patent is attached hereto as Exhibit 2.

20.     TransData has complied with the requirements of 35 U.S.C. § 287 and marks its products by identifying the '713 Patent on its electric meters.

21.     The '713 Patent is valid and enforceable.

22.     Alabama Power has infringed, and is still infringing, one or more claims of the '713 Patent by making, using, offering to sell, selling, and/or importing electric meters, specifically including, without limitation, Sensus iCon electric meters.

23.     On information and belief, Alabama Power is also making, using, offering to sell, selling, and/or importing additional wireless electric meters, including without limitation Elster Alpha A3 electric meters and/or electric meters with SmartSynch, Inc. wireless modules, which are similar to the Sensus iCon electric meters and which may also infringe one or more claims of the '713 Patent.  Although publicly-available information on these additional meters is very limited, TransData believes, on information and belief, that discovery will show that they also infringe one or more claims of the '713 Patent.

24.     Alabama Power's infringement of the '713 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for Alabama Power's infringement, which in no event can be less than a reasonable royalty.

25.     Alabama Power has caused TransData substantial damage and irreparable injury by its infringement of the '713 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by Alabama Power is enjoined by this Court.

## COUNT 3 – INFRINGEMENT OF U.S. PATENT NO. 6,903,699

26.     TransData realleges and incorporates by reference the allegations in paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27.     United States Patent No. 6,903,699 ("the '699 Patent"), entitled "Wireless Communication Device for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on June 7, 2005. The '699 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '699 Patent. A copy of the '699 Patent is attached hereto as Exhibit 3.

28.     TransData has complied with the requirements of 35 U.S.C. § 287 and marks its products by identifying the '699 Patent on its electric meters.

29.     The '699 Patent is valid and enforceable.

30.     Alabama Power has infringed, and is still infringing, one or more claims of the '699 Patent by making, using, offering to sell, selling, and/or importing electric meters, specifically including, without limitation, Sensus iCon electric meters.

31.     On information and belief, Alabama Power is also making, using, offering to sell, selling, and/or importing additional wireless electric meters, including without limitation Elster Alpha A3 electric meters and/or electric meters with SmartSynch, Inc. wireless modules, which are similar to the Sensus iCon electric meters and which may also infringe one or more claims of the '699 Patent. Although publicly-available information on these additional meters is very

limited, TransData believes, on information and belief, that discovery will show that they also infringe one or more claims of the '699 Patent.

32.     Alabama Power's infringement of the '699 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for Alabama Power's infringement, which in no event can be less than a reasonable royalty.

33.     Alabama Power has caused TransData substantial damage and irreparable injury by its infringement of the '699 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by Alabama Power is enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff TransData respectfully requests that judgment be entered in favor of TransData and against Defendant Alabama Power and further prays that the Court grant the following relief to TransData:

A.     A judgment that Alabama Power has infringed the '294 Patent, the '713 Patent, and the '699 Patent, and continues to infringe '294 Patent, the '713 Patent, and the '699 Patent;

B.     Entry of a permanent injunction pursuant to 35 U.S.C. § 283 enjoining Alabama Power, as well as its officers, directors, servants, consultants, managers, employees, agents, attorneys, successors, assigns, affiliates, subsidiaries, and all persons in active concert or participation with any of them, from infringement of the '294 Patent, the '713 Patent, and the '699 Patent, including but not limited to making, using, offering to sell, selling, or importing any products that infringe or products that perform the patented processes set forth in the '294 Patent, the '713 Patent, and the '699 Patent;

C.     An award of all damages adequate to compensate TransData for Alabama Power's infringement, such damages to be determined by a jury and, if necessary, an accounting of all damages;

D.     An award of prejudgment and post-judgment interest to TransData pursuant to 35 U.S.C. § 284;

E.     A declaration that this case is exceptional under 35 U.S.C. § 285 and an award of the reasonable attorneys' fees, costs, and expenses incurred by TransData in this action; and

F.     Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

TransData hereby demands a trial by jury on all issues and claims so triable.

Done this the 8th day of August, 2011

Respectfully submitted,

*Charles A. Stewart III*

Charles A. Stewart, III (STE067)
Bradley Arant Boult Cummings LLP
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7608
Facsimile: (334) 956-7808
E-mail: qsegall@babc.com

Of Counsel:

Paul R. Steadman, P.C.
**KIRKLAND & ELLIS LLP**
300 N. LaSalle Street
Chicago, Illinois 60654
(312) 862-2000 Phone
(312) 862-2200 Fax paul.steadman@kirkland.com

*Attorneys for Plaintiff TransData, Inc.*

# U.S. District Court
## Alabama Middle District (Montgomery)
## CIVIL DOCKET FOR CASE #: 2:11–cv–00635–MHT–TFM

TransData, Inc. v. Alabama Power Company                    Date Filed: 08/08/2011
Assigned to: Honorable Judge Myron H. Thompson            Jury Demand: Plaintiff
Referred to: Honorable Judge Terry F. Moorer              Nature of Suit: 830 Patent
Cause: 35:271 Patent Infringement                         Jurisdiction: Federal Question

**Plaintiff**

**TransData, Inc.**                    represented by    **Charles Andrew Stewart , III**
                                                        Bradley Arant Boult Cummings LLP
                                                        401 Adams Ave, Suite 780
                                                        Montgomery, AL 36104
                                                        334–956–7700
                                                        Fax: 334–956–7701
                                                        Email: cstewart@babc.com
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Paul R. Steadman**
                                                        Kirkland &Ellis, LLP
                                                        300 N. LaSalle Street
                                                        Chicago, IL 60654
                                                        312–862–2000
                                                        Email: psteadman@kirkland.com
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Robert G. Krupka**
                                                        KIRKLAND &ELLIS LLP
                                                        333 South Hope Street
                                                        Los Angeles, CA 90071
                                                        213–680–8400
                                                        Fax: 213–680–8500
                                                        *TERMINATED: 09/15/2011*
                                                        *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Alabama Power Company**              represented by    **Duane–David Hough**
                                                        Mayer Brown LLP
                                                        1675 Broadway
                                                        New York, NY 10019
                                                        212–506–2675
                                                        Fax: 212–849–5675
                                                        *LEAD ATTORNEY*
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Mark Berkowitz**
                                                        Mayer Brown LLP
                                                        1675 Broadway
                                                        New York, NY 10019
                                                        212–506–2395
                                                        Fax: 212–849–5595
                                                        *LEAD ATTORNEY*
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Michael J. Word**
                                                        Mayer Brown LLP
                                                        1675 Broadway

New York, NY 10019
212−506−2628
Fax: 212−262−1910
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert F. Northcutt**
Capell Howard PC
150 S. Perry Street
Montgomery, AL 36104
334−241−8000
Fax: 334−241−8283
Email: rfn@chlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/08/2011 | 2 | COMPLAINT FOR PATENT INFRINGEMENT against Alabama Power Company ( Filing fee $ 350.00 receipt number 4602019475), filed by TransData, Inc. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Receipt)(cc, ) (Entered: 08/11/2011) |
| 08/08/2011 | | DEMAND for Trial by Jury by TransData, Inc. See 2 Complaint for pdf for this entry. (cc, ) (Entered: 08/11/2011) |
| 08/08/2011 | 3 | Summons Issued as to Alabama Power Company and returned to counsel for personal service. (cc, ) (Entered: 08/11/2011) |
| 08/09/2011 | 1 | Corporate/Conflict Disclosure Statement by TransData, Inc.. (Stewart, Charles) (Entered: 08/09/2011) |
| 08/09/2011 | | ***Attorney Robert G. Krupka added for TransData, Inc. pursuant to 1 Statement. (cc, ) (Entered: 08/10/2011) |
| 08/11/2011 | 4 | Notice of Deficiency requiring filing of Corporate Disclosure/Conflict Statement sent to plaintiff TransData, Inc.; Corporate Disclosures due by 8/22/2011. (Attachments: # 1 Corporate Conflict Standing Order)(cc, ) (Entered: 08/11/2011) |
| 08/12/2011 | 5 | SUMMONS Returned Executed by TransData, Inc. Alabama Power Company served by personal service on 8/10/2011, answer due 8/31/2011. (cc, ) (Entered: 08/15/2011) |
| 08/19/2011 | 6 | Motion for Paul R. Steadman to Appear Pro Hac Vice ( Filing fee $ 50.00 receipt number 4602019574.) by TransData, Inc.. (Attachments: # 1 Exhibit A−certificate of good standing, # 2 fee receipt)(djy, ) (Entered: 08/22/2011) |
| 08/23/2011 | 7 | ORDER granting 6 Motion for Paul R. Steadman Leave to Appear Pro Hac Vice. Signed by Honorable Judge Myron H. Thompson on 8/23/11. (djy, ) (Entered: 08/23/2011) |
| 08/29/2011 | 8 | MOTION for Extension of Time to File Response/Reply by Alabama Power Company. (Northcutt, Robert) (Entered: 08/29/2011) |
| 08/31/2011 | 9 | ORDER GRANTING 8 MOTION for Extension of Time to respond to complaint. Signed by Honorable Judge Myron H. Thompson on 8/31/11. (djy, ) (Entered: 08/31/2011) |
| 09/01/2011 | 10 | Notice of Deficiency requiring filing of Corporate Disclosure/Conflict Statement sent to Alabama Power Company; Corporate Disclosures due by 9/12/2011. (Attachments: # 1 standing order &format)(djy, ) (Entered: 09/01/2011) |
| 09/07/2011 | 11 | MOTION for Robert G. Krupka to Withdraw as Attorney by TransData, Inc. (Stewart, Charles) Modified on 9/8/2011 to identify attorney requesting withdrawal (cc, ). (Entered: 09/07/2011) |

| 09/08/2011 | 12 | Corporate/Conflict Disclosure Statement by Alabama Power Company re 10 Notice of Deficiency requiring filing of Corporate Disclosure/Conflict Statement. (Northcutt, Robert) (Entered: 09/08/2011) |
|---|---|---|
| 09/15/2011 | 13 | ORDER granting 11 Motion for Robert G. Krupka to Withdraw as Attorney. Signed by Honorable Judge Myron H. Thompson on 9/15/11. (djy, ) (Entered: 09/15/2011) |
| 09/15/2011 | | *** Attorney Robert G. Krupka terminated pursuant to 13 order (NO PDF Document attached to this notice). (djy, ) (Entered: 09/15/2011) |
| 09/29/2011 | 14 | Motion for Mark Berkowitz to Appear Pro Hac Vice by Alabama Power Company. (Northcutt, Robert) (Main Document 14 replaced on 9/29/2011 to correct the main PDF document previously attached by E–Filer) (qc/djy, ). (Additional attachment(s) added on 10/3/2011 to attach the Federal Court certificate: # 1 Correct certificate of good standing) (qc/djy, ). (Entered: 09/29/2011) |
| 09/29/2011 | 15 | Motion for Michael Word to Appear Pro Hac Vice by Alabama Power Company. (Northcutt, Robert) Modified on 9/29/2011 to insert PHV attorney name (qc/djy, ). (Additional attachment(s) added on 9/30/2011 to attach the Federal Court certificate: # 1 Correct certificate of good standing) (qc/djy, ). (Entered: 09/29/2011) |
| 09/29/2011 | 16 | NOTICE of Correction re 14 Motion to Appear Pro Hac Vice to correct the main PDF document previously attached by E–Filer (Attachments: # 1 Corrected main document to Docket Entry 14 )(djy, ) (Entered: 09/29/2011) |
| 09/29/2011 | 17 | Filing fee received re: 14 pro hac for Berkowitz: $ 50.00, receipt number 4602020000 (djy, ) (Entered: 09/30/2011) |
| 09/29/2011 | 18 | Filing fee received re: 15 pro hac for Word: $ 50.00, receipt number 4602020001 (djy, ) (Entered: 09/30/2011) |
| 09/29/2011 | | ***Attorney Mark Berkowitz,Michael J. Word for Alabama Power Company added pursuant to 14 & 15 motions (NO PDF document attached to this notice). (djy, ) (Entered: 10/03/2011) |
| 09/30/2011 | 19 | Motion for Duane–David Hough to Appear Pro Hac Vice by Alabama Power Company. (Northcutt, Robert) Modified on 10/3/2011 to insert PHV attorney name (qc/ djy, ). (Entered: 09/30/2011) |
| 09/30/2011 | 20 | NOTICE of Correction re 15 Motion to Appear Pro Hac Vice to attach the Federal Court certificate of Michael Word (Attachments: # 1 Corrected certificate of good standing attachment to Docket Entry 15 )(djy, ) (Entered: 09/30/2011) |
| 09/30/2011 | 21 | MOTION to Dismiss, MOTION to Stay re 2 Complaint by Alabama Power Company. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15)(Northcutt, Robert) (Entered: 09/30/2011) |
| 09/30/2011 | 22 | BRIEF/MEMORANDUM in Support re 21 MOTION to Dismiss MOTION to Stay re 2 Complaint MOTION to Stay re 2 Complaint filed by Alabama Power Company. (Northcutt, Robert) (Entered: 09/30/2011) |
| 09/30/2011 | | ***Attorney Duane–David Hough for Alabama Power Company added pursuant to 19 motion (NO PDF document attached to this notice). (djy, ) (Entered: 10/03/2011) |
| 10/03/2011 | 23 | NOTICE of Correction re 14 Motion to Appear Pro Hac Vice to attach the Federal Court certificate of Mark Berkowitz (Attachments: # 1 Corrected certificate of good standing attachment to Docket Entry 14 )(djy, ) (Entered: 10/03/2011) |
| 10/03/2011 | 24 | ORDER granting 14 15 and 19 Motions for Berkowitz, Word and Hough Leave to Appear Pro Hac Vice. Signed by Honorable Judge Myron H. Thompson on 10/3/11. (djy, ) (Entered: 10/03/2011) |
| 10/03/2011 | 25 | Filing fee received re: 19 pro hac for Duane David Hough: $ 50.00, receipt number 4602020030 (djy, ) (Entered: 10/04/2011) |

| 10/04/2011 | 26 | ORDER directing that the 21 MOTION to Stay and alternative MOTION to Dismiss are set for Submission, without oral argument, on 10/14/2011, with all briefs due by said date. Signed by Honorable Judge Myron H. Thompson on 10/4/11. (djy, ) (Entered: 10/04/2011) |

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

**IN RE TRANSDATA, INC. SMART
METER PATENT LITIGATION**

**MDL Docket No. _____**

**Complaint and Docket Sheet for** *TransData, Inc. v. Tri-County Electric Cooperative, Inc.*,
**No. 6:11-cv-00046 (E.D. Tex.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **TRANSDATA, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | **6:11-cv-46 LED** |
| | § | |
| **TRI-COUNTY ELECTRIC** | § | **JURY TRIAL DEMANDED** |
| **COOPERATIVE, INC.** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

## PLAINTIFF TRANSDATA, INC.'S
## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff TransData, Inc., for its complaint against Defendant Tri-County Electric Cooperative, Inc., hereby demands a jury trial and alleges as follows:

## THE PARTIES

1.      Plaintiff TransData, Inc. ("TransData") is a Texas Corporation having a place of business at 2560 Tarpley Road, Carrollton, Texas  75006.

2.      TransData was founded in 1969, and has been involved in the design and manufacture of power and energy metering products for over 40 years.  Specifically, TransData has been active in the design and manufacture of digital solid-state electric meters since approximately 1979 and has brought six generations of solid-state electric meters to market. TransData had its headquarters in Tyler, Texas from 1987 to 1990, and has occupied its current suburban-Dallas location since 1990.

3.      TransData has provided electric meters and related products and services to over 500 electric utilities and power producers in more than 25 countries worldwide, including all of the 50 largest electric utility companies in the United States.

4.      Upon information and belief, Defendant Tri-County Electric Cooperative, Inc. ("Tri-County") is a Texas Corporation having a place of business at 600 NW Parkway, Azle, TX 76020.  Tri-County has appointed John E. Westhoff, located at 1250 Santa Fe Drive, Weatherford, TX 76086, as its agent for service of process in Texas.

## JURISDICTION

5.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.  This Court has original and exclusive subject matter jurisdiction over the patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338.

6.     This Court has personal jurisdiction over Tri-County because Tri-County has established contacts with the forum—including by voluntarily conducting business and soliciting customers in the State of Texas—and the exercise of jurisdiction over Tri-County would not offend the traditional notions of fair play and substantial justice.  Tri-County is a Texas Corporation and has extensive business operations in Texas.

## **VENUE**

7.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and/or 1400 because the defendant is subject to personal jurisdiction in the Eastern District of Texas.

8.     Venue is proper in this judicial district as to Tri-County because Tri-County is doing business in the Eastern District of Texas, and also because it is currently using infringing electric meters (including but not limited to the General Electric kV2c electric meter) within the Eastern District of Texas.

## **COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 6,181,294**

9.     TransData realleges and incorporates by reference the allegations in paragraphs 1 through 8 of this Complaint as though fully set forth herein.

10.     United States Patent No. 6,181,294 ("the '294 Patent"), entitled "Antenna for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on January 30, 2001.  The '294 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '294 Patent.  A copy of the '294 Patent is attached hereto as Exhibit 1.

11.     TransData has complied with the requirements of 35 U.S.C. § 287 and marks its products by identifying the '294 Patent on its electric meters.

12.     The '294 Patent is valid and enforceable.

13.     Tri-County has infringed, and is still infringing, one or more claims of the '294 Patent by making, using, offering to sell, selling, and/or importing electric meters, specifically including, without limitation, the General Electric kV2c electric meter.  On information and belief, Tri-County may be using similar electric meters, which also infringe one or more claims of the '294 Patent.

14.     On information and belief, Tri-County has actively induced, and continues to actively induce, the infringement of one or more claims of the '294 Patent by actively inducing its electricity customers to use electric meters that infringe the '294 Patent.  Specifically, Tri-County's electricity customers use the General Electric kV2c electric meter, which infringes one or more claims of the '294 Patent.  On information and belief, Tri-County's electricity customers may be using similar electric meters, which also infringe one or more claims of the '294 Patent.

15.     Tri-County's infringement of the '294 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for Tri-County's infringement, which in no event can be less than a reasonable royalty.

16.     Tri-County has caused TransData substantial damage and irreparable injury by its infringement of the '294 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by Tri-County is enjoined by this Court.

## COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 6,462,713

17.     TransData realleges and incorporates by reference the allegations in paragraphs 1 through 8 of this Complaint as though fully set forth herein.

18.     United States Patent No. 6,462,713 ("the '713 Patent"), entitled "Antenna for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on October 8, 2002.  The '713 Patent was duly and legally assigned to TransData, and TransData owns and

has full rights to sue and recover damages for infringement of the '713 Patent. A copy of the '713 Patent is attached hereto as Exhibit 2.

19. TransData has complied with the requirements of 35 U.S.C. § 287 and marks its products by identifying the '713 Patent on its electric meters.

20. The '713 Patent is valid and enforceable.

21. Tri-County has infringed, and is still infringing, one or more claims of the '713 Patent by making, using, offering to sell, selling, and/or importing electric meters, specifically including, without limitation, the General Electric kV2c electric meter. On information and belief, Tri-County may be using similar electric meters, which also infringe one or more claims of the '713 Patent.

22. On information and belief, Tri-County has actively induced, and continues to actively induce, the infringement of one or more claims of the '713 Patent by actively inducing its electricity customers to use electric meters that infringe the '713 Patent. Specifically, Tri-County's electricity customers use the General Electric kV2c electric meter, which infringes one or more claims of the '713 Patent. On information and belief, Tri-County's electricity customers may be using similar electric meters, which also infringe one or more claims of the '713 Patent.

23. Tri-County's infringement of the '713 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for Tri-County's infringement, which in no event can be less than a reasonable royalty.

24. Tri-County has caused TransData substantial damage and irreparable injury by its infringement of the '713 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by Tri-County is enjoined by this Court.

## COUNT 3 – INFRINGEMENT OF U.S. PATENT NO. 6,903,699

25.     TransData realleges and incorporates by reference the allegations in paragraphs 1 through 8 of this Complaint as though fully set forth herein.

26.     United States Patent No. 6,903,699 ("the '699 Patent"), entitled "Wireless Communication Device for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on June 7, 2005.  The '699 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '699 Patent.  A copy of the '699 Patent is attached hereto as Exhibit 3.

27.     TransData has complied with the requirements of 35 U.S.C. § 287 and marks its products by identifying the '699 Patent on its electric meters.

28.     The '699 Patent is valid and enforceable.

29.     Tri-County has infringed, and is still infringing, one or more claims of the '699 Patent by making, using, offering to sell, selling, and/or importing electric meters, specifically including, without limitation, the General Electric kV2c electric meter.  On information and belief, Tri-County may be using similar electric meters, which also infringe one or more claims of the '699 Patent.

30.     On information and belief, Tri-County has actively induced, and continues to actively induce, the infringement of one or more claims of the '699 Patent by actively inducing its electricity customers to use electric meters that infringe the '699 Patent.  Specifically, Tri-County's electricity customers use the General Electric kV2c electric meter, which infringes one or more claims of the '699 Patent.  On information and belief, Tri-County's electricity customers may be using similar electric meters, which also infringe one or more claims of the '699 Patent.

31.     Tri-County's infringement of the '699 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for Tri-County's infringement, which in no event can be less than a reasonable royalty.

32.     Tri-County has caused TransData substantial damage and irreparable injury by its infringement of the '699 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by Tri-County is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TransData respectfully requests that judgment be entered in favor of TransData and against Defendant Tri-County and further prays that the Court grant the following relief to TransData:

A.      A judgment that Tri-County has infringed, and/or induced the infringement of, the '294 Patent, the '713 Patent, and the '699 Patent, and continues to infringe and/or induce the infringement of the '294 Patent, the '713 Patent, and the '699 Patent;

B.      Entry of a permanent injunction pursuant to 35 U.S.C. § 283 enjoining Tri-County, as well as its officers, directors, servants, consultants, managers, employees, agents, attorneys, successors, assigns, affiliates, subsidiaries, and all persons in active concert or participation with any of them, from infringement and inducing infringement of the '294 Patent, the '713 Patent, and the '699 Patent, including but not limited to making, using, offering to sell, selling, or importing any products that infringe or products that perform the patented processes set forth in the '294 Patent, the '713 Patent, and the '699 Patent;

C.      An award of all damages adequate to compensate TransData for Tri-County's infringement and/or inducement of infringement, such damages to be determined by a jury and, if necessary, an accounting of all damages;

D.      An award of prejudgment and post-judgment interest to TransData pursuant to 35 U.S.C. § 284;

E.      A declaration that this case is exceptional under 35 U.S.C. § 285 and an award of the reasonable attorneys' fees, costs, and expenses incurred by TransData in this action; and

F.      Such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

TransData hereby demands a trial by jury on all issues and claims so triable.

Dated: April 6, 2011                                Respectfully submitted,

                                                   /s/ Eric H. Findlay
                                                   Eric H. Findlay

Paul R. Steadman, P.C.                             Eric Findlay
Matthew J. Hertko                                  Texas State Bar No. 00789886
Bradley W. Micsky                                  Brian Craft
**KIRKLAND & ELLIS LLP**                           Texas State Bar No. 04972020
300 N. LaSalle Street                              Joseph O. Seeber, IV
Chicago, Illinois 60654                            Texas State Bar No. 17979250
(312) 862-2000 Phone                               **FINDLAY CRAFT, LLP**
(312) 862-2200 Fax                                 6760 Old Jacksonville Hwy.
paul.steadman@kirkland.com                         Suite 101
matthew.hertko@kirkland.com                        Tyler, TX  75703
bradley.micsky@kirkland.com                        (903) 534-1100 Phone
                                                   (903) 534-1137 Fax
Robert G. Krupka, P.C.                             efindlay@findlaycraft.com
**KIRKLAND & ELLIS LLP**                           bcraft@findlaycraft.com
333 South Hope Street                              jseeber@findlaycraft.com
Los Angeles, CA  90071
(213) 680-8400 Phone

**TRANSDATA, INC.'S FIRST AMENDED**                                    **PAGE 8**
**COMPLAINT FOR PATENT INFRINGEMENT**

(213) 680-8500 Fax
bob.krupka@kirkland.com

**ATTORNEYS FOR PLAINTIFF**
**TRANSDATA, INC.**

## CERTIFICATE OF SERVICE

I, hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 6th day of April 2011 with a copy of this document by electronic mail according to Local Rule CV-5(a)(3).

*/s/ Eric H. Findlay*
Eric H. Findlay

CASREF, PATENT/TRADEMARK, PROTECTIVE-ORDER

# U.S. District Court [LIVE]
## Eastern District of TEXAS (Tyler)
## CIVIL DOCKET FOR CASE #: 6:11-cv-00046-LED -JDL

| | |
|---|---|
| TransData, Inc. v. Tri-County Electric Cooperative, Inc. | Date Filed: 01/27/2011 |
| Assigned to: Judge Leonard Davis | Jury Demand: Both |
| Referred to: Magistrate Judge John D. Love | Nature of Suit: 830 Patent |
| Related Cases: 6:10-cv-00557-LED -JDL | Jurisdiction: Federal Question |
| 6:11-cv-00113-LED -JDL | |

Cause: 35:271 Patent Infringement

**Plaintiff**

| | | |
|---|---|---|
| **TransData, Inc.** | represented by | **Bradley W Micsky** |
| | | Kirkland &Ellis |
| | | 300 N. LaSalle |
| | | Chicago, IL 60654 |
| | | 312-862-2000 |
| | | Fax: 312-862-2200 |
| | | Email: bradley.micsky@kirkland.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Matthew Joseph Hertko** |
| | | Kirkland &Ellis – Chicago |
| | | 300 N LaSalle Street |
| | | Suite 2500 |
| | | Chicago, IL 60654 |
| | | 312/861-2000 |
| | | Fax: 312/861-2200 |
| | | Email: matthew.hertko@kirkland.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Paul Richard Steadman** |
| | | Kirkland &Ellis |
| | | 300 N. LaSalle |
| | | Chicago, IL 60654 |
| | | 312/862-2000 |
| | | Fax: 312-862-2200 |
| | | Email: psteadman@kirkland.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Robert G Krupka** |
| | | Kirkland &Ellis LLP – Los Angeles |
| | | 333 S Hope Street |
| | | 30th Floor |
| | | Los Angeles, CA 90071 |
| | | 213/680-8400 |
| | | Fax: 213/680-8500 |
| | | Email: bob.krupka@kirkland.com |
| | | *TERMINATED: 09/16/2011* |
| | | |
| | | **Roger Brian Craft** |
| | | Findlay Craft |
| | | 6760 Old Jacksonville Hwy |
| | | Suite 101 |
| | | Tyler, TX 75703 |
| | | 903/534-1100 |
| | | Fax: 903/534-1137 |
| | | Email: bcraft@findlaycraft.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Eric Hugh Findlay** |
| | | Findlay Craft |

6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
903/534–1100
Fax: 903/534–1137
Email: efindlay@findlaycraft.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Tri–County Electric Cooperative, Inc.**   represented by   **Ramsey M Al–Salam**
Perkins Coie, LLP
1201 Third Avenue
40th Fl
Seattle, WA 98101
206–359–6385
Fax: 206–359–7385
Email: ralsalam@perkinscoie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian Thomas Cartwright**
Alagood &Cartwright PC
1710 Westminster
Denton, TX 76205
940/891–0003
Fax: 940/891–0004
Email: bcartwright@dentonlaw.com
*ATTORNEY TO BE NOTICED*

**David R Childress**
Whitaker Chalk Swindle &Sawyer
301 Commerce Street
3500 City Center Tower II
Fort Worth, TX 76102–5802
817/878–0500
Fax: 18178780501
Email: dchildress@whitakerchalk.com
*ATTORNEY TO BE NOTICED*

**Rebecca Elizabeth Heinemann**
Bodoin Agnew &Greene
Burnett Plaza, Suite 3450
801 Cherry Street, Unit #31
Fort Worth, TX 76102
8173771654
Fax: 8173771213
Email: rebecca@bodoinlaw.com
*ATTORNEY TO BE NOTICED*

**Stevan R Stark**
Perkins Coie LLP – Seattle
1201 Third Avenue
Ste 4800
Seattle, WA 98101–3099
206/359–3029
Fax: 206/359–4029
Email: sstark@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**HD Supply Utilities, Ltd.**

**Defendant**

**HD SUPPLY GP &MANAGEMENT, INC.**

**Defendant**

**GE ENERGY AND INDUSTRIAL SERVICES, INC.**      represented by    **Christopher Ryan Johnson**
Yetter Coleman, LLP–Austin
221 West 6th Street
Ste 750
Austin, TX 78701
512–533–0150
Fax: 512–533–0120
Email: cjohnson@yettercoleman.com
*ATTORNEY TO BE NOTICED*

                                              **Thomas John Ward , Jr**
Ward &Smith Law Firm
P O Box 1231
Longview, TX 75606–1231
903/757–6400
Fax: 903/757–2323
Email: jw@wsfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**ITRON, INC.**

**Counter Claimant**

**Tri–County Electric Cooperative, Inc.**      represented by    **Ramsey M Al–Salam**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                                              **Brian Thomas Cartwright**
(See above for address)
*ATTORNEY TO BE NOTICED*

                                              **David R Childress**
(See above for address)
*ATTORNEY TO BE NOTICED*

                                              **Rebecca Elizabeth Heinemann**
(See above for address)
*ATTORNEY TO BE NOTICED*

                                              **Stevan R Stark**
(See above for address)
*ATTORNEY TO BE NOTICED*

**V.**

**Counter Defendant**

**TransData, Inc.**      represented by    **Bradley W Micsky**
(See above for address)
*ATTORNEY TO BE NOTICED*

                                              **Matthew Joseph Hertko**
(See above for address)
*ATTORNEY TO BE NOTICED*

                                              **Paul Richard Steadman**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert G Krupka**
(See above for address)
*TERMINATED: 09/16/2011*

**Roger Brian Craft**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eric Hugh Findlay**
(See above for address)
*ATTORNEY TO BE NOTICED*

**ThirdParty Plaintiff**

**Tri–County Electric Cooperative, Inc.**          represented by     **Ramsey M Al–Salam**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian Thomas Cartwright**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David R Childress**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca Elizabeth Heinemann**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stevan R Stark**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**ThirdParty Defendant**

**HD Supply Utilities, Ltd.**          represented by     **Thomas M. Morrow**
*TERMINATED: 09/20/2011*                              Yetter Coleman, LLP – Houston
909 Fannin
Suite 3600
Houston, TX 77010
713/632–8000
Fax: 7136328002
Email: tmorrow@ywcllp.com
*ATTORNEY TO BE NOTICED*

**Thomas John Ward , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**ThirdParty Defendant**

**HD SUPPLY GP &MANAGEMENT,**          represented by     **Thomas M. Morrow**
**INC.**                                              (See above for address)
*TERMINATED: 09/20/2011*                              *ATTORNEY TO BE NOTICED*

**Thomas John Ward , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**ThirdParty Defendant**

**GE ENERGY AND INDUSTRIAL SERVICES, INC.**
*TERMINATED: 09/20/2011*

represented by **Christopher Ryan Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jack Wesley Hill**
Ward &Smith Law Firm
111 W. Tyler Street
Longview, TX 75601
903–757–6400
Fax: 903–757–2323
Email: wh@wsfirm.com
*ATTORNEY TO BE NOTICED*

**Kevin Terrazas**
Yetter Coleman, LLP–Austin
221 West 6th Street
Ste 750
Austin, TX 78701
512–533–0150
Fax: 512–533–0120
Email: kterrazas@yettercoleman.com
*ATTORNEY TO BE NOTICED*

**R Paul Yetter**
Yetter Coleman, LLP – Houston
909 Fannin
Suite 3600
Houston, TX 77010
713/632–8000
Fax: 17136328002
Email: pyetter@yettercoleman.com
*ATTORNEY TO BE NOTICED*

**Thomas M. Morrow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas John Ward , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**ThirdParty Defendant**

**ITRON, INC.**

represented by **Michael E Jones**
Potter Minton PC
110 N College
Suite 500
PO Box 359
Tyler, TX 75710–0359
903–597–8311
Fax: 903–593–0846
Email: mikejones@potterminton.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/27/2011 | 1 | COMPLAINT against Tri–County Electric Cooperative, Inc. ( Filing fee $ 350 receipt number 0540–2861356.), filed by TransData, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Civil Cover Sheet)(Findlay, Eric) (Entered: 01/27/2011) |

| 01/27/2011 | 2 | CORPORATE DISCLOSURE STATEMENT filed by TransData, Inc. identifying Corporate Parent None for TransData, Inc.. (Findlay, Eric) (Entered: 01/27/2011) |
|---|---|---|
| 01/27/2011 | 3 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (Findlay, Eric) (Entered: 01/27/2011) |
| 01/27/2011 | 4 | NOTICE of Attorney Appearance by Roger Brian Craft on behalf of TransData, Inc. (Craft, Roger) (Entered: 01/27/2011) |
| 01/27/2011 | 5 | NOTICE of Attorney Appearance by Paul Richard Steadman on behalf of TransData, Inc. (Steadman, Paul) (Entered: 01/27/2011) |
| 01/27/2011 | 6 | NOTICE of Attorney Appearance by Robert G Krupka on behalf of TransData, Inc. (Krupka, Robert) (Entered: 01/27/2011) |
| 01/27/2011 | 7 | NOTICE of Attorney Appearance by Bradley W Micsky on behalf of TransData, Inc. (Micsky, Bradley) (Entered: 01/27/2011) |
| 01/27/2011 | 8 | NOTICE of Attorney Appearance by Matthew Joseph Hertko on behalf of TransData, Inc. (Hertko, Matthew) (Entered: 01/27/2011) |
| 01/27/2011 | | Judge Leonard Davis added. (mll, ) (Entered: 01/27/2011) |
| 01/27/2011 | 9 | E–GOV SEALED SUMMONS Issued as to Tri–County Electric Cooperative, Inc.. (kls, ) (Entered: 01/27/2011) |
| 02/11/2011 | 10 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Tri–County Electric Cooperative, Inc..( Heinemann, Rebecca) (Entered: 02/11/2011) |
| 02/14/2011 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 10 is granted pursuant to Local Rule CV–12 for Tri–County Electric Cooperative, Inc. to 3/20/2011. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 02/14/2011) |
| 02/15/2011 | 11 | Return of Service Executed as to Tri–County Electric Cooperative, Inc. on 1/28/2011, by personal service. (mll, ) (Entered: 02/17/2011) |
| 03/18/2011 | 12 | MOTION to Dismiss *for Plaintiff's Failure to State a Claim* by Tri–County Electric Cooperative, Inc.. (Attachments: # 1 Text of Proposed Order Order)(Cartwright, Brian) (Entered: 03/18/2011) |
| 03/18/2011 | 13 | MOTION to Change Venue by Tri–County Electric Cooperative, Inc.. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Cartwright, Brian) (Entered: 03/18/2011) |
| 03/18/2011 | 14 | ***DOCUMENT FILED IN ERROR. PLEASE DISREGARD.*** MOTION for Leave to Appear Notice of Attorney Appearance and Designation of Lead Counsel by Tri–County Electric Cooperative, Inc.. (Cartwright, Brian) Modified on 3/23/2011 (mjc, ). (Entered: 03/18/2011) |
| 03/18/2011 | 15 | ***DOCUMENT FILED IN ERROR. PLEASE DISREGARD.*** MOTION for Disclosure *Statement (Corporate)* by Tri–County Electric Cooperative, Inc.. (Cartwright, Brian) Modified on 3/23/2011 (mjc, ). (Entered: 03/18/2011) |
| 03/21/2011 | 16 | NOTICE of Attorney Appearance by David R Childress on behalf of Tri–County Electric Cooperative, Inc. (Childress, David) (Entered: 03/21/2011) |
| 03/23/2011 | | **\*\*\*FILED IN ERROR. Document # 14 Motion to Appear, 15 Motion for Disclosure. PLEASE IGNORE. DOCUMENTS TO BE REFILED USING CORRECT DOCKET EVENTS, NOTICE OF APPEARANCE, CORPORATE DISCLOSURE STATEMENT.\*\*\*** (mjc, ) (Entered: 03/23/2011) |
| 03/24/2011 | 17 | NOTICE of Attorney Appearance by Brian Thomas Cartwright on behalf of Tri–County Electric Cooperative, Inc. (Cartwright, Brian) (Entered: 03/24/2011) |

| 03/24/2011 | 18 | CORPORATE DISCLOSURE STATEMENT filed by Tri−County Electric Cooperative, Inc. (Cartwright, Brian) (Entered: 03/24/2011) |
|---|---|---|
| 03/28/2011 | 19 | Unopposed MOTION for Extension of Time to File Response/Reply as to 12 MOTION to Dismiss *for Plaintiff's Failure to State a Claim* by TransData, Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 03/28/2011) |
| 03/31/2011 | 20 | MOTION to Withdraw *Without Prejudice of Certain Grounds Alleged in Defendant's Motion to Dismiss for Failire to State a Claim* by Tri−County Electric Cooperative, Inc.. (Cartwright, Brian) (Additional attachment(s) added on 4/12/2011: # 1 Text of Proposed Order) (mjc, ). (Entered: 03/31/2011) |
| 04/01/2011 | 21 | ORDER granting 19 Motion for Extension of Time to File Response/Reply re 12 MOTION to Dismiss *for Plaintiff's Failure to State a Claim*; Responses due by 4/11/2011. Signed by Judge Leonard Davis on 04/01/11. cc:attys 4−01−11 (mll, ) (Entered: 04/01/2011) |
| 04/01/2011 | 22 | ORDER that plaintiff file a notice that the case is ready for scheduling conference when all of the defendants have either answered or filed a motion to transfer or dismiss. The notice shall be filed within five days of the last remaining defendant's answer or motion. Signed by Judge Leonard Davis on 04/01/11. cc:attys 4−04−11(mll, ) (Entered: 04/04/2011) |
| 04/04/2011 | 23 | RESPONSE in Opposition re 13 MOTION to Change Venue *filed by TransData, Inc.*. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 04/04/2011) |
| 04/06/2011 | 24 | AMENDED COMPLAINT against Tri−County Electric Cooperative, Inc., filed by TransData, Inc.. (Attachments: # 1 Exhibit 1 − '294 Patent, # 2 Exhibit 2 − '713 Patent, # 3 Exhibit 3 − '699 Patent)(Findlay, Eric) (Entered: 04/06/2011) |
| 04/11/2011 | 25 | NOTICE by Tri−County Electric Cooperative, Inc. *Withdrawal Without Prejudice of Remaining Groudns Alleged in Defendant's Motion to Dismiss for Failure to State a Claim* (Attachments: # 1 Text of Proposed Order Proposed Order)(Cartwright, Brian) (Entered: 04/11/2011) |
| 04/11/2011 | 26 | REPLY to Response to Motion re 13 MOTION to Change Venue *filed by Tri−County Electric Cooperative, Inc.*. (Childress, David) (Entered: 04/11/2011) |
| 04/13/2011 | 27 | NOTICE by TransData, Inc. *Notice of Readiness for Scheduling Conference* (Findlay, Eric) (Entered: 04/13/2011) |
| 04/14/2011 | 28 | ORDER granting 25 Notice of Withdrawal and withdrawing 12 Motion to Dismiss. Signed by Judge Leonard Davis on 04/14/11. cc:attys 4−14−11 (mll, ) (Entered: 04/14/2011) |
| 04/21/2011 | 29 | SUR−REPLY to Reply to Response to Motion re 13 MOTION to Change Venue *filed by TransData, Inc.*. (Findlay, Eric) (Entered: 04/21/2011) |
| 04/25/2011 | 30 | *Tri−County Electric Cooperative's Original* ANSWER to Complaint *First Amended Original Complaint for Patent Infringement and*, COUNTERCLAIM *Original* against TransData, Inc. by Tri−County Electric Cooperative, Inc..(Cartwright, Brian) (Entered: 04/25/2011) |
| 05/03/2011 | 31 | ORDER setting Status Conference for 6/9/2011 01:30 PM before Judge Leonard Davis. Signed by Judge Leonard Davis on 05/03/11. cc:attys 5−04−11(mll, ) (Entered: 05/04/2011) |
| 05/09/2011 | 32 | THIRD PARTY COMPLAINT *ORIGINAL* against HD Supply Utilities, Ltd., HD SUPPLY GP &MANAGEMENT, INC., GE ENERGY AND INDUSTRIAL SERVICES, INC., ITRON, INC., filed by Tri−County Electric Cooperative, Inc..(Cartwright, Brian) (Entered: 05/09/2011) |
| 05/18/2011 | 33 | E−GOV SEALED SUMMONS Issued as to GE ENERGY AND INDUSTRIAL SERVICES, INC., HD SUPPLY GP &MANAGEMENT, INC., HD Supply Utilities, Ltd., ITRON, INC. (Attachments: # 1 Summons(es), # 2 Summons(es), # 3 Summons(es))(kls, ) (Entered: 05/18/2011) |

| 05/18/2011 | 34 | ANSWER to 30 Answer to Complaint, Counterclaim,, by TransData, Inc..(Findlay, Eric) (Entered: 05/18/2011) |
|---|---|---|
| 05/31/2011 | 35 | ORDER granting 20 Motion to Withdraw Without Prejudice Grounds 1 and 3, as alleged in deft's Motion to Dismiss for Failure to State a Claim. Signed by Judge Leonard Davis on 05/31/11. cc:attys 5–31–11 (mll, ) (Entered: 05/31/2011) |
| 06/07/2011 | 36 | NOTICE of Attorney Appearance by Thomas John Ward, Jr on behalf of GE ENERGY AND INDUSTRIAL SERVICES, INC. (Ward, Thomas) (Entered: 06/07/2011) |
| 06/07/2011 | 37 | NOTICE of Attorney Appearance by Jack Wesley Hill on behalf of GE ENERGY AND INDUSTRIAL SERVICES, INC. (Hill, Jack) (Entered: 06/07/2011) |
| 06/09/2011 | 38 | **6.9.11 Minute Entry – Status Conf:** for proceedings held before Judge Leonard Davis: Status Conference held on 6/9/2011. (Court Reporter Shea Sloan.) (Attachments: # 1 Attorney Sign–In Sheets) (rlf, ) (Entered: 06/09/2011) |
| 06/10/2011 | 39 | ANSWER to 32 Third Party Complaint by GE ENERGY AND INDUSTRIAL SERVICES, INC..(Ward, Thomas) (Entered: 06/10/2011) |
| 06/13/2011 | 40 | ORDER REFERRING CASE to Magistrate Judge John D. Love to conduct pretrial proceedings. Signed by Judge Leonard Davis on 06/13/11. cc:attys 6–13–11(mll, ) (Entered: 06/13/2011) |
| 06/14/2011 | 41 | NOTICE by TransData, Inc. *of Compliance with P.R. 3–1 and 3–2* (Findlay, Eric) (Entered: 06/14/2011) |
| 06/14/2011 | 42 | ORDERED that the following dates be incorporated into the Docket Control Order which is due by June 24, 2011. **Markman Hearing set for 2/2/2012 at 09:00 AM before Magistrate Judge John D. Love. Jury Selection set for 11/5/2012 at 09:00AM before Judge Leonard Davis. Jury Trial set for 11/13/2012 at 09:00 AM before Judge Leonard Davis. Pretrial Conference set for 10/18/2012 at 09:00 AM before Magistrate Judge John D. Love.** Signed by Magistrate Judge John D. Love on 6/14/2011. (gsg) (Entered: 06/14/2011) |
| 06/23/2011 | 43 | Joint MOTION for Extension of Time to File *Proposed Docket Control Order and Discovery Order* by TransData, Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 06/23/2011) |
| 06/24/2011 | 44 | ORDER granting 43 Motion for Extension of Time. Parties shall have to 7–01–2011 to submit their agreed Docket Control and Discovery Orders. Signed by Magistrate Judge John D. Love on 06/24/11.cc:attys 6–24–11 (mll, ) (Entered: 06/24/2011) |
| 07/01/2011 | 45 | Joint MOTION for Extension of Time to File *Proposed Docket Control Order and Discovery Order* by TransData, Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 07/01/2011) |
| 07/05/2011 | 46 | ORDER granting 45 Motion for Extension of Time. Parties shall have to 7–08–2011 to submit their agreed Docket Control and Discovery Orders. Signed by Magistrate Judge John D. Love on 07/05/11. cc:attys 7–05–11 (mll, ) (Entered: 07/05/2011) |
| 07/08/2011 | 47 | Joint MOTION for Extension of Time to File *Proposed Docket Control Order and Discovery Order* by TransData, Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 07/08/2011) |
| 07/08/2011 | 48 | NOTICE of Attorney Appearance by R Paul Yetter on behalf of GE ENERGY AND INDUSTRIAL SERVICES, INC. (Yetter, R) (Entered: 07/08/2011) |
| 07/08/2011 | 49 | NOTICE of Attorney Appearance by Thomas M. Morrow on behalf of GE ENERGY AND INDUSTRIAL SERVICES, INC. (Morrow, Thomas) (Entered: 07/08/2011) |
| 07/08/2011 | 50 | NOTICE of Attorney Appearance by Kevin Terrazas on behalf of GE ENERGY AND INDUSTRIAL SERVICES, INC. (Terrazas, Kevin) (Entered: 07/08/2011) |

| 07/14/2011 | 51 | ORDER granting 47 Motion for Extension of Time. Parties shall have to 7–15–2011 to submit their agreed Docket Control and Discovery Orders. Signed by Magistrate Judge John D. Love on 07/14/11. cc:attys 7–14–11 (mll, ) (Entered: 07/14/2011) |
| --- | --- | --- |
| 07/15/2011 | 52 | Joint MOTION for Entry of Docket Control Order and Discovery Order by TransData, Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Text of Proposed Order)(Findlay, Eric) (Entered: 07/15/2011) |
| 07/18/2011 | 53 | AGREED DISCOVER ORDER. Signed by Magistrate Judge John D. Love on 7/18/2011. (gsg) (Entered: 07/18/2011) |
| 07/18/2011 | 54 | DOCKET CONTROL ORDER. Markman Hearing set for 2/2/2012 at 09:00 AM before Magistrate Judge John D. Love. Joint Pretrial Order due by 9/13/2012. Jury Trial set for 11/13/2012 at 09:00 AM before Judge Leonard Davis. Pretrial Conference set for 10/18/2011 at 09:00 AM before Magistrate Judge John D. Love. Signed by Magistrate Judge John D. Love on 7/18/2011. (gsg) (Entered: 07/18/2011) |
| 07/18/2011 | 55 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re ITRON, INC..( Jones, Michael) (Entered: 07/18/2011) |
| 07/25/2011 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 55 is granted pursuant to Local Rule CV–12 for ITRON, INC. to 8/1/2011. 14 Days Granted for Deadline Extension.( mll, ) (Entered: 07/25/2011) |
| 07/29/2011 | 56 | Joint MOTION for Extension of Time to File *Agreed Protective Order and Agreed Electronic Discovery Order* by TransData, Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 07/29/2011) |
| 08/01/2011 | 57 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re ITRON, INC..( Jones, Michael) (Entered: 08/01/2011) |
| 08/01/2011 | 58 | ORDER granting 56 Motion for Extension of Time for submitting an Agreed Protective Order and Agreed Electronic Discovery Order; extending deadline to 8–08–2011. Signed by Magistrate Judge John D. Love on 08/01/11. cc:attys 8–02–11 (mll, ) (Entered: 08/02/2011) |
| 08/03/2011 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint 57 is granted pursuant to Local Rule CV–12 for ITRON, INC. to 8/15/2011. 14 Days Granted for Deadline Extension.( mll, ) (Entered: 08/03/2011) |
| 08/05/2011 | 59 | ANSWER to 32 Third Party Complaint by HD SUPPLY GP &MANAGEMENT, INC., HD Supply Utilities, Ltd..(Ward, Thomas) (Entered: 08/05/2011) |
| 08/08/2011 | 60 | ***DOCUMENT FILED IN ERROR. PLEASE DISREGARD.*** Unopposed MOTION for Extension of Time to File *an Agreed Protective Order and Agreed Electronic Discovery Order* by GE ENERGY AND INDUSTRIAL SERVICES, INC., HD SUPPLY GP &MANAGEMENT, INC., HD Supply Utilities, Ltd.. (Attachments: # 1 Text of Proposed Order)(Morrow, Thomas) Modified on 8/9/2011 (mjc, ). (Entered: 08/08/2011) |
| 08/09/2011 | 61 | NOTICE of Attorney Appearance by Christopher Ryan Johnson on behalf of GE ENERGY AND INDUSTRIAL SERVICES, INC. (Johnson, Christopher) (Entered: 08/09/2011) |
| 08/09/2011 | 62 | NOTICE by TransData, Inc. *of Compliance with Paragraphs 2 and 3 of the Discovery Order* (Findlay, Eric) (Entered: 08/09/2011) |
| 08/09/2011 | | NOTICE of Deficiency regarding the 60 Unopposed Motion for Extension of Time submitted by GE ENERGY AND INDUSTRIAL SERVICES, INC., HD SUPPLY GP &MANAGEMENT, INC., HD Supply Utilities, Ltd. Document is not in searchable pdf format and the proposed Order needs to be in compliance with Local Rule CV–7. Correction should be made by one business day. (mjc, ) (Entered: 08/09/2011) |
| 08/09/2011 | 63 | Unopposed MOTION for Extension of Time to File */ Unopposed Motion to Extend the Deadlines to Submit an Agreed Protective Order and Agreed Electronic Discovery Order* by GE ENERGY AND INDUSTRIAL SERVICES, INC., HD |

| | | SUPPLY GP &MANAGEMENT, INC., HD Supply Utilities, Ltd.. (Attachments: #1 Text of Proposed Order)(Morrow, Thomas) (Entered: 08/09/2011) |
|---|---|---|
| 08/09/2011 | 64 | ORDER granting 63 Motion for Extension of Time to File Agreed Protective and Discovery orders to 8/11/2011. Signed by Magistrate Judge John D. Love on 8/9/11. (mjc, ) (Entered: 08/09/2011) |
| 08/11/2011 | 65 | Joint MOTION for Protective Order by TransData, Inc.. (Attachments: #1 Text of Proposed Order)(Findlay, Eric) (Entered: 08/11/2011) |
| 08/11/2011 | 66 | STIPULATION *Joint Stipulation on Electronic Discovery* by TransData, Inc.. (Attachments: #1 Text of Proposed Order)(Findlay, Eric) (Entered: 08/11/2011) |
| 08/12/2011 | 67 | PROTECTIVE ORDER. Signed by Magistrate Judge John D. Love on 08/12/11. cc:attys 8–12–11(mll, ) (Entered: 08/12/2011) |
| 08/12/2011 | 68 | ORDER granting 66 Joint Stipulation on Electronic Discovery filed by TransData, Inc. Signed by Magistrate Judge John D. Love on 08/12/11. cc:attys 8–12–11(mll, ) (Entered: 08/12/2011) |
| 08/15/2011 | 69 | **\*\*\*DOCUMENT FILED IN ERROR. PLEASE DISREGARD.\*\*\*** Unopposed MOTION for Extension of Time to File *Defendant's Invalidity Contentions* by Tri–County Electric Cooperative, Inc.. (Attachments: #1 Text of Proposed Order Unopposed Motion to Extend Deadline to Submit Defendant's Invalidity Contentions)(Cartwright, Brian) Modified on 8/16/2011 (mjc, ). (Entered: 08/15/2011) |
| 08/16/2011 | | NOTICE of Deficiency regarding the 69 Unopposed Motion for Extension of Time submitted by Tri–County Electric Cooperative, Inc. Document is not in searchable pdf format. Correction should be made by one business day. (mjc, ) (Entered: 08/16/2011) |
| 08/16/2011 | 70 | Unopposed MOTION for Extension of Time to File *Extend the Deadline to Submit Defendant's Invalidity Contentions* by Tri–County Electric Cooperative, Inc.. (Attachments: #1 Text of Proposed Order Order Extension of Time)(Cartwright, Brian) (Entered: 08/16/2011) |
| 08/17/2011 | 71 | ORDER granting 70 Unopposed Motion to Extend the Deadline to Submit Defendant's Invalidity Contentions. The deadline for complying with P.R. 3–3 and 3–4 and serving Defendant's Invalidity Contentions is extended from 8/15/11 to 8/16/11. Signed by Magistrate Judge John D. Love on 8/17/11. (leh, ) (Entered: 08/17/2011) |
| 08/18/2011 | 72 | MEMORANDUM OPINION and ORDER denying 13 Tri–County's Motion to Transfer Venue. Signed by Magistrate Judge John D. Love on 8/17/11. (leh, ) (Entered: 08/18/2011) |
| 08/18/2011 | 73 | ORDER regarding submission of proposed technical advisors, letter briefs and briefing schedule for claim construction/summary judgment. Signed by Magistrate Judge John D. Love on 08/18/11. cc:attys 8–19–11(mll, ) (Entered: 08/19/2011) |
| 08/19/2011 | 74 | NOTICE by TransData, Inc. *of Compliance with P.R. 4–1* (Findlay, Eric) (Entered: 08/19/2011) |
| 08/22/2011 | 75 | NOTICE by Tri–County Electric Cooperative, Inc. *OF COMPLIANCE WITH PATENT RULES 3–3 AND 3–4* (Cartwright, Brian) (Entered: 08/22/2011) |
| 08/22/2011 | 76 | NOTICE by Tri–County Electric Cooperative, Inc. *OF COMPLIANCE WITH PATENT RULE 4–1* (Cartwright, Brian) (Entered: 08/22/2011) |
| 08/26/2011 | 77 | NOTICE of Attorney Appearance by Ramsey M Al–Salam on behalf of Tri–County Electric Cooperative, Inc. (Al–Salam, Ramsey) (Entered: 08/26/2011) |
| 08/26/2011 | 78 | NOTICE of Attorney Appearance by Stevan R Stark on behalf of Tri–County Electric Cooperative, Inc. (Stark, Stevan) (Entered: 08/26/2011) |
| 09/02/2011 | 79 | MOTION to Dismiss *Without Prejudice* by Tri–County Electric Cooperative, Inc.. (Childress, David) (Additional attachment(s) added on 9/8/2011: #1 Text of Proposed Order) (mjc, ). (Entered: 09/02/2011) |

| 09/02/2011 | 80 | NOTICE of Voluntary Dismissal by Tri−County Electric Cooperative, Inc. (Childress, David) (Additional attachment(s) added on 9/8/2011: # 1 Text of Proposed Order) (mjc, ). (Entered: 09/02/2011) |
|---|---|---|
| 09/04/2011 | 81 | ***DUPLICATE FILING. PLEASE DISREGARD. SEE DOCUMENT 79 .*** MOTION to Dismiss *Third Party Claims Without Prejudice* by Tri−County Electric Cooperative, Inc.. (Attachments: # 1 Text of Proposed Order)(Childress, David) (Additional attachment(s) added on 9/8/2011: # 2 Text of Proposed Order) (mjc, ). Modified on 9/8/2011 (mjc, ). (Entered: 09/04/2011) |
| 09/08/2011 | | ***FILED IN ERROR. Document # 81 , Motion to Dismiss. PLEASE IGNORE. DUPLICATE FILING, SEE 79 .*** (mjc, ) (Entered: 09/08/2011) |
| 09/08/2011 | 82 | NOTICE by GE ENERGY AND INDUSTRIAL SERVICES, INC. re 79 MOTION to Dismiss *Without Prejudice of Non−Opposition* (Hill, Jack) (Entered: 09/08/2011) |
| 09/08/2011 | 83 | NOTICE by HD SUPPLY GP &MANAGEMENT, INC., HD Supply Utilities, Ltd. re 79 MOTION to Dismiss *Without Prejudice of Non− Opposition* (Hill, Jack) (Entered: 09/08/2011) |
| 09/12/2011 | 84 | NOTICE by TransData, Inc. *of Compliance with P. R. 4−2* (Findlay, Eric) (Entered: 09/12/2011) |
| 09/12/2011 | 85 | NOTICE by Tri−County Electric Cooperative, Inc. *of Compliance with P.R. 4−2* (Stark, Stevan) (Entered: 09/12/2011) |
| 09/15/2011 | 86 | Unopposed MOTION to Withdraw as Attorney by TransData, Inc.. (Attachments: # 1 Text of Proposed Order)(Krupka, Robert) (Entered: 09/15/2011) |
| 09/16/2011 | 87 | ORDER granting 86 Motion to Withdraw as Attorney. Attorney Robert G Krupka terminated as counsel for TransData Inc. Signed by Magistrate Judge John D. Love on 09/16/11. cc:attys 9−19−11 (mll, ) (Entered: 09/19/2011) |
| 09/20/2011 | 88 | ORDER granting 79 Motion to Dismiss. All claims between Third−PartyPlaintiff Tri−County Electric Cooperative, Inc. and Third−Party Defendants HD Supply Utilities, Ltd.; HD Supply GP &Management, Inc.; and GE Energy and Industrial Services, Inc. are DISMISSED without prejudice. Signed by Judge Leonard Davis on 09/20/11. cc:attys 9−20−11 (mll, ) (Entered: 09/20/2011) |

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

|  |  |
|---|---|
| **IN RE TRANSDATA, INC. SMART METER PATENT LITIGATION** | MDL Docket No. _____ |

## PROOF OF SERVICE

I hereby certify that a copy of the foregoing Motion to Transfer, Brief in Support, Schedule of Actions, and this Proof of Service were served on October 5, 2011, via Federal Express, to the following Clerks of Court:

Clerk of Court
Alabama Middle District
U.S. District Court
One Church Street
Montgomery, Alabama 36104

Clerk of Court
Georgia Middle District
U.S. District Court
475 Mulberry Street, Suite 216
Macon, Georgia 31201

Clerk of Court
Eastern District of Texas
Tyler Division
U.S. District Court
211 Ferguson Street
Tyler, Texas 75702

Clerk of Court
Western District of Oklahoma
Oklahoma City
U.S. District Court
200 NW 4th Street - Room 1210
Oklahoma City, Oklahoma 73102

Clerk of Court
Southern District of Mississippi
501 E. Court Street
Suite 2.500
Jackson, Mississippi 39201

I further certify that a copy of the foregoing Motion to Transfer, Brief in Support, Schedule of Actions, and this Proof of Service were served on October 5, 2011, via email, to the following:

Charles Andrew Stewart, III
Bradley Arant Boult Cummings LLP
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104
334.956.7700 (Telephone)
cstewart@babc.com
***Counsel for Plaintiff TransData, Inc.***
Middle District of Alabama (Montgomery), Case No. 2:11-cv-00635

Duane-David Hough
Mayer Brown LLP
1675 Broadway
New York, New York 10019
212.506.2675 (Telephone)
dhough@mayerbrown.com
***Counsel for Defendant Alabama Power Company***
Middle District of Alabama (Montgomery), Case No. 2:11-cv-00635
***Counsel for Defendant Georgia Power Company***
Middle District of Georgia (Macon), Case No. 5:11-cv-00305

Mark Berkowitz
Mayer Brown LLP
1675 Broadway
New York, New York 10019
212.506.2395 (Telephone)
mberkowitz@mayerbrown.com
***Counsel for Defendant Alabama Power Company***
Middle District of Alabama (Montgomery), Case No. 2:11-cv-00635
***Counsel for Defendant Georgia Power Company***
Middle District of Georgia (Macon), Case No. 5:11-cv-00305

Michael J. Word
Mayer Brown LLP
1675 Broadway
New York, New York 10019
212.506.2628 (Telephone)
mword@mayerbrown.com
***Counsel for Defendant Alabama Power Company***
Middle District of Alabama (Montgomery), Case No. 2:11-cv-00635
***Counsel for Defendant Georgia Power Company***
Middle District of Georgia (Macon), Case No. 5:11-cv-00305

2

Robert F. Northcutt
Capell Howard PC
150 South Perry Street
Montgomery, Alabama 36104
334.241.8000 (Telephone)
rfn@chlaw.com
***Counsel for Defendant Alabama Power Company***
Middle District of Alabama (Montgomery), Case No. 2:11-cv-00635

Richard Hunley Monk, III
Bradley Arant Boult Cummings LLP
1819 5th Avenue N
Birmingham, Alabama 35203
205.521.8516 (Telephone)
rmonk@babc.com
***Counsel for Plaintiff TransData, Inc.***
Middle District of Georgia (Macon), Case No. 5:11-cv-00305

Howard Jerome Strickland
P.O. Box 6437
Macon, Georgia 31208
478.745.2821 (Telephone)
jerome.strickland@jonescork.com
***Counsel for Defendant Georgia Power Company***
Middle District of Georgia (Macon), Case No. 5:11-cv-00305

Stephen Lee Thomas
Bradley Arant Boult Cummings LLP - Jackson
P.O. Box 1789
Jackson, Mississippi 39215-1789
601.948.8000 (Telephone)
sthomas@babc.com
***Counsel for Plaintiff TransData, Inc.***
Southern District of Mississippi (Jackson), Case No. 3:11-cv-00499

John G. Corlew
Corlew Munford & Smith, PLLC
P.O. Box 16807
Jackson, Mississippi 39236-6807
601.366.1106 (Telephone)
jcorlew@cmslawyers.com
***Counsel for Defendant Mississippi Power Company***
Southern District of Mississippi (Jackson), Case No. 3:11-cv-00499

Katherine K. Smith
Corlew Munford & Smith, PLLC
P.O. Box 16807
Jackson, Mississippi 39236-6807
601.366.1106 (Telephone)
ksmith@cmlawyers.com
***Counsel for Defendant Mississippi Power Company***
Southern District of Mississippi (Jackson), Case No. 3:11-cv-00499

Andrew W, Lester
Lester Loving & Davies
1701 South Kelly Avenue
Edmund, Oklahoma 73013-3623
405.844.9900 (Telephone)
alester@lldlaw.com
***Counsel for Plaintiff TransData, Inc.***
Western District of Oklahoma (Oklahoma City), Case No. 5:11-cv-01032

R. Scott Thompson
Lester Loving & Davies
1701 South Kelly Avenue
Edmund, Oklahoma 73013-3623
405.844.9900 (Telephone)
sthompson@lldlaw.com
***Counsel for Plaintiff TransData, Inc.***
Western District of Oklahoma (Oklahoma City), Case No. 5:11-cv-01032

Eric Hugh Findlay
Findlay Craft
6760 Old Jacksonville Highway
Suite 101
Tyler, Texas 75703
903.534.1100 (Telephone)
efindlay@findlaycraft.com
***Counsel for Plaintiff TransData, Inc.***
Eastern District of Texas (Tyler), Case No. 6:10-cv-00557
***Counsel for Plaintiff TransData, Inc.***
Eastern District of Texas (Tyler), Case No. 6:11-cv-00046
***Counsel for Plaintiff TransData, Inc.***
Eastern District of Texas (Tyler), Case No. 6:11-cv-00113

4

Roger Brian Craft
Findlay Craft
6760 Old Jacksonville Highway
Suite 101
Tyler, Texas 75703
903.534.1100 (Telephone)
bcraft@findlaycraft.com
***Counsel for Plaintiff TransData, Inc.***
Eastern District of Texas (Tyler), Case No. 6:10-cv-00557
***Counsel for Plaintiff TransData, Inc.***
Eastern District of Texas (Tyler), Case No. 6:11-cv-00046
***Counsel for Plaintiff TransData, Inc.***
Eastern District of Texas (Tyler), Case No. 6:11-cv-00113

Ramsey M Al-Salam
Perkins Coie, LLP
1201 Third Avenue
40th Floor
Seattle, Washington 98101
206.359.7385 (Telephone)
ralsalam@perkinscoie.com
***Counsel for Defendant Centerpoint Energy Houston Electric LLC***
Eastern District of Texas (Tyler), Case No. 6:10-cv-00557
***Counsel for Defendant Tri-County Electric Cooperative, Inc.***
Eastern District of Texas (Tyler), Case No. 6:11-cv-00046

Allen Franklin Gardner
Potter Minton PC
110 North College
Suite 500
P.O. Box 359
Tyler, Texas 75710-0359
903.597.8311 (Telephone)
allengardner@potterminton.com
***Counsel for Defendant Centerpoint Energy Houston Electric LLC***
Eastern District of Texas (Tyler), Case No. 6:10-cv-00557
***Counsel for Defendant Denton Municipal Electric***
Eastern District of Texas (Tyler), Case No. 6:10-cv-00557

Michael E. Jones
Potter Minton PC
110 North College
Suite 500
P.O. Box 359
Tyler, Texas 75710-0359
903.597.8311 (Telephone)
mikejones@potterminton.com
***Counsel for Defendant Centerpoint Energy Houston Electric LLC***
Eastern District of Texas (Tyler), Case No. 6:10-cv-00557
***Counsel for Defendant Denton Municipal Electric***
Eastern District of Texas (Tyler), Case No. 6:10-cv-00557

Steven R. Stark
Perkins Coie LLP - Seattle
1201 Third Avenue
Suite 4800
Seattle, Washington 98101-4029
206.359.3029 (Telephone)
sstark@perkinscoie.com
***Counsel for Defendant Centerpoint Energy Houston Electric LLC***
Eastern District of Texas (Tyler), Case No. 6:10-cv-00557
***Counsel for Defendant Tri-County Electric Cooperative, Inc.***
Eastern District of Texas (Tyler), Case No. 6:11-cv-00046

James Hannah
Kramer Levin Naftalis & Frankel LLP
990 Marsh Road
Menlo Park, California 94025
212.642.7274 (Telephone)
jhannah@kramerlevin.com
***Counsel for Defendant Denton Municipal Electric***
Eastern District of Texas (Tyler), Case No. 6:10-cv-00557

Kristopher Kastens
Kramer Levin Naftalis & Frankel LLP
990 Marsh Road
Menlo Park, California 94025
212.642.7277 (Telephone)
kkastens@kramerlevin.com
***Counsel for Defendant Denton Municipal Electric***
Eastern District of Texas (Tyler), Case No. 6:10-cv-00557

Lisa Kobialka
Kramer Levin Naftalis & Frankel LLP
990 Marsh Road
Menlo Park, California 94025
212.642.7273 (Telephone)
lkobialka@kramerlevin.com
***Counsel for Defendant Denton Municipal Electric***
Eastern District of Texas (Tyler), Case No. 6:10-cv-00557

Paul Andre
Kramer Levin Naftalis & Frankel LLP
990 Marsh Road
Menlo Park, California 94025
650.533.3116 (Telephone)
pandre@kramerlevin.com
***Counsel for Defendant Denton Municipal Electric***
Eastern District of Texas (Tyler), Case No. 6:10-cv-00557

Charley F. Brown
Ballard Spahr Andrews & Ingersoll - Atlanta
999 Peachtree Street, NE
Suite 1000
Atlanta, Georgia 30309
678.420.9300 (Telephone)
browncf@ballardspahr.com
***Counsel for Defendant Oncor Electric Delivery Company, LLC***
Eastern District of Texas (Tyler), Case No. 6:10-cv-00557
***Counsel for Defendant Denton County Electric Cooperative, Inc., d/b/a CoServ Electric***
Eastern District of Texas (Tyler), Case No. 6:11-cv-00113

Harry Lee Gillam, Jr.
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, Texas 75670
903.934.8450 (Telephone)
gil@gillamsmithlaw.com
***Counsel for Defendant Oncor Electric Delivery Company, LLC***
Eastern District of Texas (Tyler), Case No. 6:10-cv-00557
***Counsel for Defendant Denton County Electric Cooperative, Inc., d/b/a CoServ Electric***
Eastern District of Texas (Tyler), Case No. 6:11-cv-00113

Katrina Marie Quicker
Ballard Spahr Andrews & Ingersoll - Atlanta
999 Peachtree Street, NE
Suite 1000
Atlanta, Georgia 30309
678.420.9300 (Telephone)
quicker@ballardspahr.com
***Counsel for Defendant Oncor Electric Delivery Company, LLC***
Eastern District of Texas (Tyler), Case No. 6:10-cv-00557
***Counsel for Defendant Denton County Electric Cooperative, Inc., d/b/a CoServ Electric***
Eastern District of Texas (Tyler), Case No. 6:11-cv-00113

Lawrence K. Nodine
Ballard Spahr Andrews & Ingersoll - Atlanta
999 Peachtree Street, NE
Suite 1000
Atlanta, Georgia 30309
678.420.9300 (Telephone)
nodinel@ballardspahr.com
***Counsel for Defendant Oncor Electric Delivery Company, LLC***
Eastern District of Texas (Tyler), Case No. 6:10-cv-00557
***Counsel for Defendant Denton County Electric Cooperative, Inc., d/b/a CoServ Electric***
Eastern District of Texas (Tyler), Case No. 6:11-cv-00113

Richard William Miller
Ballard Spahr Andrews & Ingersoll - Atlanta
999 Peachtree Street, NE
Suite 1000
Atlanta, Georgia 30309
678.420.9300 (Telephone)
millerrw@ballardspahr.com
***Counsel for Defendant Oncor Electric Delivery Company, LLC***
Eastern District of Texas (Tyler), Case No. 6:10-cv-00557
***Counsel for Defendant Denton County Electric Cooperative, Inc., d/b/a CoServ Electric***
Eastern District of Texas (Tyler), Case No. 6:11-cv-00113

Robert Parke Latham
Jackson Walker - Dallas
901 Main Street
Suite 6000
Dallas, Texas 75202-3797
214.953.6095 (Telephone)
blatham@jw.com
***Counsel for Defendant Texas-New Mexico Power Company***
Eastern District of Texas (Tyler), Case No. 6:10-cv-00557

Christopher John Rourk
Jackson Walker - Dallas
901 Main Street
Suite 6000
Dallas, Texas 75202-4207
214.953.5990 (Telephone)
crourk@jw.com
**Counsel for Defendant Texas-New Mexico Power Company**
Eastern District of Texas (Tyler), Case No. 6:10-cv-00557

John M. Jackson
Jackson Walker - Dallas
901 Main Street
Suite 6000
Dallas, Texas 75202-4207
214.953.6109 (Telephone)
jjackson@jw.com
**Counsel for Defendant Texas-New Mexico Power Company**
Eastern District of Texas (Tyler), Case No. 6:10-cv-00557

Brian Thomas Cartwright
Alagood & Cartwright PC
1710 Westminster
Denton, Texas 76205
940.891.0003 (Telephone)
bcartwright@dentonlaw.com
**Counsel for Defendant Tri-County Electric Cooperative, Inc.**
Eastern District of Texas (Tyler), Case No. 6:11-cv-00046

Davis R. Childress
Whitaker Chalk Swindle & Sawyer
301 Commerce Street
3500 City Center Tower II
Fort Worth, Texas 76102-5802
817.878.0500 (Telephone)
dchildress@whitakerchalk.com
**Counsel for Defendant Tri-County Electric Cooperative, Inc.**
Eastern District of Texas (Tyler), Case No. 6:11-cv-00046

Rebecca Elizabeth Heinemann
Bodoin Agnew & Greene
Burnett Plaza, Suite 3450
801 Cherry Street, Unit #31
Fort Worth, Texas 76102
817.377.1654 (Telephone)
rebecca@bodoinlaw.com
***Counsel for Defendant Tri-County Electric Cooperative, Inc.***
Eastern District of Texas (Tyler), Case No. 6:11-cv-00046

I further certify that a copy of the foregoing Motion to Transfer, Brief in Support, Schedule of Actions, and this Proof of Service were served on October 5, 2011, via Federal Express, to the following party whose attorneys have not yet entered an appearance:

Oklahoma Gas & Electric Company
Attn: Legal Department
321 North Harvey
Oklahoma City, Oklahoma 73101
***Defendant***
Western District of Oklahoma (Oklahoma City), Case No. 5:11-cv-01032

Dated:  October 5, 2011

Respectfully Submitted,

/s/ Paul R. Steadman
Paul R. Steadman
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
312.862.2000 (Telephone)
312.862.2200 (Fax)
psteadman@kirkland.com

***Attorney for TransData, Inc.***